UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-81063-RS

STEVE HARTEL, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE GEO GROUP, INC., et al.,

    Defendants.
_____/

**JOINT MOTION TO STAY OR ADJOURN DEADLINES IN
ORDER REQUIRING JOINT SCHEDULING REPORT, CERTIFICATES OF
INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Steve Hartel ("Plaintiff") and Defendants The GEO Group, Inc., George C. Zoley and Brian R. Evans (collectively, "Defendants"), hereby jointly move the Court for an Order staying or adjourning the September 4, 2020 deadline to (i) prepare and file a Joint Scheduling Report and Proposed Scheduling Order, (ii) prepare and file the Election to Jurisdiction, and (iii) to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), as set forth in the Court's July 27, 2020 Order Requiring Joint Scheduling Report, Certificates of Interested Parties and Corporate Disclosure Statement (the "July 27 Order") [ECF No. 5], and state as follows:

On July 7, 2020, Plaintiff filed his Class Action Complaint ("Complaint"), alleging violations of the federal securities laws [ECF No. 1]. Count I of the Complaint is a federal securities fraud claim arising under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Count II of the Complaint is a federal securities fraud claim arising under the Exchange Act, 15 U.S.C. § 78t(a). Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. 78u-4, in any

action such as this one that asserts claims under the 1934 Securities Exchange Act, "**all** discovery and other proceedings **shall** be stayed during the pendency of any motion to dismiss." *See* 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

On August 12, 2020, Defendants filed their Motion to Dismiss Plaintiff's Class Action Complaint and Incorporated Memorandum of Law (the "Motion to Dismiss") [ECF No. 6]. On the same date, the GEO Group also filed its Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 [ECF No. 7].

In addition, pursuant to the PSLRA, any member of the putative class may move the Court for appointment as lead plaintiff within sixty (60) days of the publication of the notice of pendency of this action. Here, the notice of pendency was published on July 7, 2020. Accordingly, the statutory lead plaintiff motion deadline is September 7, 2020, on which date Plaintiff anticipates that one or more putative class members may file such motions.

The July 27 Order requires the parties to prepare and file, by September 4, 2020: (i) a Joint Scheduling Report, as required by Local Rule 16.1, that sets out a proposed case management and discovery plan; (ii) a Proposed Scheduling Order; (iii) Certificates of Interested Parties and Corporate Disclosure Statements; (iv) the Election to Jurisdiction by a United States Magistrate Judge for Final Disposition of Motions; and (v) if applicable, the Election to Jurisdiction by a United States Magistrate Judge for Trial form. [ECF No. 5 at ¶ 2]. The July 27 Order also directs the parties to make Initial Disclosures required under Federal Rule of Civil Procedure 26(a)(1) at or before the time the parties confer to develop their case management and discovery plan. [ECF No. 5 at ¶ 3].

The filing of Defendants' Motion to Dismiss, as well as the unique statutory framework governing federal securities class actions as set forth below, provide good case for the Court to reconsider the September 4, 2020 deadline set forth in the July 27 Order.

<u>**Memorandum of Law**</u>

Upon the filing of Defendants' Motion to Dismiss, the PSLRA provides for an automatic stay of discovery during the pendency of the motion to dismiss:

> **(B) Stay of discovery**
> In any private action arising under this chapter, <u>all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss</u>, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999). The PSLRA is applicable to Plaintiff's Complaint, which asserts claims based upon Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. The PSLRA's discovery stay was automatically effected upon the filing of Defendants' Motion to Dismiss.

In addition, the PSLRA also provides a procedure for appointment of a lead plaintiff and lead counsel. Specifically:

> **(3) Appointment of lead plaintiff**
>   **(A) Early notice to class members**
>     **(i) In general** Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>       **(I)** of the pendency of the action, the claims asserted therein, and the purported class period; and
>       **(II)** that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II). Here, the requisite notice was published on July 7, 2020, meaning that any putative class member may seek appointment as lead plaintiff on or before September 7, 2020.

Given the discovery stay mandated by the PSLRA, the parties believe that, at this time, it would be premature and inefficient to comply with the September 4, 2020 deadlines contained in

3

the July 27 Order (other than the Corporate Disclosure Statement under Rule 7.1, which has already been filed by the GEO Group).

In addition, Plaintiff respectfully submits that because one or more other members of the putative class may file motions seeking appointment as lead plaintiff on the September 7, 2020 statutory deadline, and because the Court may ultimately appoint a class member other than Plaintiff as lead plaintiff, Plaintiff may ultimately not be responsible for the leadership of this action.  Accordingly, in addition to the statutory discovery stay, Plaintiff respectfully submits that the submissions addressed in the July 27 Order would also be premature until such time as the Court has appointed a lead plaintiff.[1]

WHEREFORE, Plaintiff and Defendants jointly and respectfully request that all discovery be stayed, and that the Court stay or adjourn the September 4, 2020 deadlines specified in the July 27 Order, until the Court rules on the Defendants' Motion to Dismiss (or any subsequently filed motion to dismiss an amended complaint).

---

[1] For the same reasons, Plaintiff further submits that because the Court-appointed lead plaintiff is likely to file an amended complaint, which would supersede the initial Complaint in this action, Plaintiff's obligation to respond to Defendants' motion to dismiss the initial Complaint should be stayed until after a lead plaintiff has been appointed and an amended complaint has been filed.  The parties' respective counsel have conferred on this point.  Defendants disagree with Plaintiff's position because the PSLRA does not prohibit a court from ruling on a motion to dismiss while lead plaintiff applications are pending; it actually encourages the filing of a motion to dismiss and provides that a court <u>must</u> address such a motion when filed.  Accordingly, having satisfied the obligation to meet and confer pursuant to Civil L.R. 7.1(a)(3), Plaintiff intends to file a motion seeking entry of an order deferring the obligation to respond to Defendants' motion to dismiss the initial Complaint until after a lead plaintiff has been appointed and an amended complaint has been filed.  Once Plaintiff's motion is filed, Defendants intend to file an opposition, setting forth their basis for objecting to such relief in more detail.

Dated: August 20, 2020

| | |
|---|---|
| **SHEPHERD, FINKELMAN, MILLER & SHAH, LLP** <br> 1625 North Commerce Parkway <br> Suite 320 <br> Fort Lauderdale, FL 33326 <br> Telephone: (954) 515-0123 <br> Facsimile: (866) 300-7367 <br><br> By: */s/ Jayne A. Goldstein* <br>    Jayne A. Goldstein, Esq. <br>    Florida Bar No. 144088 <br>    jgoldstein@sfmslaw.com <br><br> **POMERANTZ LLP** <br> James M. LoPiano, Esq. <br> jlopiano@pomlaw.com <br> *(pro hac vice* application forthcoming) <br> 600 Third Avenue, 20th Floor <br> New York, NY 10016 <br> Telephone: (212) 661-1100 <br> Facsimile: (212) 661-8665 <br><br> **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC** <br> Peretz Bronstein, Esq. <br> peretz@bgandg.com <br> *(pro hac vice* application forthcoming) <br> 60 East 42nd Street, Suite 4600 <br> New York, NY 10165 <br> Telephone: (212) 697-6484 <br> Facsimile: (212) 697-7296 <br><br> ***Counsel for Plaintiff*** | **AKERMAN LLP** <br> Three Brickell City Centre <br> 98 Southeast Seventh Street <br> Suite 1100 <br> Miami, FL 33131 <br> Telephone: (305) 374-5600 <br> Facsimile: (305) 374-5095 <br><br> By: */s/ Brian P. Miller* <br>    Brian P. Miller, Esq. <br>    Florida Bar No. 0980633 <br>    brian.miller@akerman.com <br>    Samantha J. Kavanaugh, Esq. <br>    Florida Bar No. 0194662 <br>    samantha.kavanaugh@akerman.com <br><br> ***Counsel for Defendant The GEO Group, Inc.*** <br><br> **GUNSTER, YOAKLEY & STEWART, P. A.** <br> 600 Brickell Avenue, 35th Floor <br> Miami, FL 33131 <br> Telephone: 305-376-6000 <br> Facsimile: 786 425-4090 <br><br> By: */s/ William K. Hill* <br>    William K. Hill, Esq. <br>    Florida Bar Number: 747180 <br>    Primary: whill@gunster.com <br>    Secondary: mmotola@gunster.com <br>    George S. LeMieux, Esq. <br>    Florida Bar Number: 16403 <br>    Primary: glemieux@gunster.com <br>    Secondary: alevene@gunster.com <br>    Secondary: eservice@gunster.com <br>    Ernest "EJ" A. Cox IV, Esq. <br>    Florida Bar Number: 124652 <br>    Primary: ecox@gunster.com <br>    Secondary: mmargolese@gunster.com <br><br> ***Counsel for Defendants George C. Zoley and Brian R. Evans*** |