UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-81063-RS

STEVE HARTEL, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE GEO GROUP, INC., et al.,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO
RESPOND TO DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants The GEO Group, Inc. ("GEO Group" or the "Company"), George C. Zoley and Brian R. Evans (collectively, "Defendants") respond in opposition to Plaintiff's Motion for an Enlargement of Time to Respond to Defendants' Motion to Dismiss Plaintiff's Class Action Complaint [ECF No. 13] ("Plaintiff's Motion").

**INTRODUCTION**

Plaintiff wants this Court to treat the filing of his Complaint [ECF No. 1] ("Complaint") as a nullity, even though there is nothing in the Federal Rules of Civil Procedure, or under the federal securities laws, that suggests a court should simply ignore the filing of a complaint as though it never happened. Plaintiff asserts that, despite the fact that no motions for lead plaintiff have yet been filed, the Court should await the appointment of lead plaintiff — and the *potential* filing of an amended complaint — prior to ruling on Defendants' Motion to Dismiss Plaintiff's Class Action Complaint [ECF No. 6] ("Motion to Dismiss"). However, every complaint must comply

with the Rules and must state a claim. Defendants have every right to test the sufficiency of this Complaint — the only live pleading filed against them.

Plaintiff argues that because this case is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that this Court should not rule on the potentially dispositive Motion to Dismiss prior to the appointment of a lead plaintiff. Yet such a concept is not found anywhere in the PSLRA. Not only is such a rule not required by the PSLRA, it defies the PSLRA's policy goal of quickly dispensing with costly and unfounded securities lawsuits.

Even further, Plaintiff's position is contrary to the federal pleading standards because it would allow plaintiffs to file mere "placeholder" complaints which, according to Plaintiff, will never have to be defended. Such a policy would only encourage the filing of poor pleadings in a race to the courthouse, as is evidenced by the Complaint here.

In their Motion to Dismiss [ECF No. 6], Defendants outlined at least six compelling reasons why Plaintiff's Complaint [ECF No. 1] ("Complaint") should be dismissed. These include that (1) Plaintiff's claims are based on non-actionable, forward-looking cautionary statements protected by a statutory safe harbor; (2) the Complaint fails to specifically identify actionable statements that were alleged to be misleading; (3) the statements quoted in the Complaint are accurate and are not actionable; (4) the Company's public disclosures are fatal to the claims; (5) the Complaint fails to allege facts necessary to plead the required strong inference of scienter; and (6) the Complaint fails to sufficiently plead loss causation. *See* Motion to Dismiss [ECF No. 6]. Plaintiff does not rebut any of the substantive issues on the merits raised in the Motion to Dismiss. Plaintiff has not amended or moved to amend the current Complaint in accordance with Rule 15, Federal Rules of Civil Procedure.

While Plaintiff argues that responding to the Motion to Dismiss would "threaten to disrupt the orderly and efficient litigation process that Congress intended when it enacted the PSLRA," Plaintiff's Motion at 5, he is wrong. As set forth in more detail below, the PSLRA was enacted to deter, or quickly dispose of, meritless or baseless claims <u>at the outset of litigation</u>. Should the Court dismiss Plaintiff's Complaint, the lead plaintiff process would be mooted.

Plaintiff's request for a lengthy extension of time (beyond a more reasonable and limited extension) to respond to the pending Motion to Dismiss is not well-founded. Plaintiff provides no rationale as to why he is unable to respond to the Motion to Dismiss (or amend) within a reasonable extension that was proposed. Indeed, Defendants were able to respond to the Complaint and file their joint Motion to Dismiss without seeking additional time. Plaintiff's request for extra time is unquestionably unnecessary if, as Plaintiff seems to indicate, he intends to move for an order requesting that he be appointed as lead plaintiff in this pending action. And even if he was appointed lead plaintiff, Plaintiff does not commit to filing an amended complaint. There is no reason to delay review of the sufficiency of the filed Complaint.

As explained below, the Motion to Dismiss is procedurally proper and ripe for ruling by the Court. The PSLRA sanctions no stay of the Motion to Dismiss (as Plaintiff himself has acknowledged in correspondence with Defendants). In accordance with the intent of the PSLRA — to quickly dispose of suits like the instant case — the Court should deem the properly-filed Motion to Dismiss as pending, require Plaintiff to respond, and rule accordingly.

## ARGUMENT

### I. DEFENDANTS' FILING OF THE MOTION TO DISMISS WAS PROPER.

Contrary to Plaintiff's assertion, the filing of a motion to dismiss in response to a complaint governed by the PSLRA is a perfectly legitimate vehicle for any defendant to employ. Plaintiff

3

has cited no authority that supports Plaintiff's request to purportedly "harmonize" the PSLRA's lead plaintiff procedure with a motion to dismiss. Nothing in the PSLRA requires the Court to first address the appointment of lead plaintiff and lead counsel. Indeed, the PSLRA actually encourages the filing of a motion to dismiss and provides that a court <u>must</u> address such a motion when filed. *See* 15 U.S.C. § 78u-4(b)(3).

The PSLRA is Congress' "effort to deter or at least **quickly dispose** of those suits whose nuisance value outweighs their merits . . . ." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 82 (2006) (emphasis added). "An important component of achieving this goal was structuring the legislation to permit the **dismissal of frivolous cases at the earliest feasible stage of the litigation**, thereby reducing the cost to the company, and by derivation, to its shareholders, in defending a baseless action." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (emphasis added). To that end, the PSLRA explicitly imposes a stay of discovery "during the pendency of **any motion to dismiss**" and mandates that the Court dismiss a complaint that is deficient. 15 U.S.C. § 78u-4(b)(3).

> **(3) Motion to dismiss; stay of discovery**
>
> **(A) Dismissal for failure to meet pleading requirements**
> In any private action arising under this chapter, the court <u>shall</u>, on the motion of any defendant, <u>dismiss the complaint if the requirements of paragraphs (1) and (2) are not met</u>.
>
> **(B) Stay of discovery**
> In any private action arising under this chapter, <u>all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss,</u> unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3) (bold emphasis in original; underlined emphasis added). The statute says nothing about waiting for the lead plaintiff process to be completed before so ruling. Thus, Defendants timely filing a motion to dismiss does not impede the orderly and efficient conduct of

this action (as Plaintiff argues).

Here, this Court must dismiss Plaintiff's Complaint, as outlined in the Motion to Dismiss, because the pleading requirements — particularized allegations (1) of misleading statements and omissions, (2) giving rise to a strong inference of scienter — have not been met. 15 U.S.C. § 78u-4(b)(1) and (2); *see also* Motion to Dismiss [ECF No. 6], pp. 9-16. Each deficiency provides an independent reason requiring dismissal under the PSLRA. 15 U.S.C. § 78u-4(b)(3) ("the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met") (emphasis added). The Motion to Dismiss also seeks dismissal for non-PSLRA related reasons, such as the failure to plead fraud with specificity as required under Federal Rule of Procedure 9(b). There is no need to await the appointment of lead plaintiff to address the merits of the Motion to Dismiss.

Further, Plaintiff served Defendants with a Summons filed in this action, which states:

> Within 21 days after service of this summons on you . . . you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney . . . If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

[ECF No. 1]. The Summons certainly did not instruct Defendants to refrain from filing a motion to dismiss. Apparently, under Plaintiff's misguided theory, Defendants were expected to simply default in response to his Complaint.

Plaintiff states that this Court should essentially stay a ruling on the Motion to Dismiss because Congress's intent for passing the PSLRA was to ensure that persons with significant shareholdings would exercise control over the litigation. Plaintiff's Motion at 4-6. That over-simplistic characterization sorely misses the mark. Courts have characterized Congress's "intent"

in passing the PSLRA far differently and more broadly — in a way that supports the view that the filing of motions to dismiss is an appropriate response to any complaint. As the First Circuit has noted:

> Congress fashioned the PSLRA as a means of combating unfounded strike suits against issuers of securities. Consistent with this congressional intent, the PSLRA imposed "heightened pleading requirements in actions brought pursuant to § 10(b) and Rule 10b-5" and contained a gallimaufry of provisions targeting abusive securities-fraud litigation.

*Hidalgo-Velez v. San Juan Asset Mgt., Inc.*, 758 F.3d 98, 104 (1st Cir. 2014) (citation omitted) (emphasis added); *see also In re Galileo Corp. Shareholders Litig.*, 127 F. Supp. 2d 251, 260 (D. Mass. 2001) ("Congress enacted the PSLRA, which amended the Securities Act of 1933 and the Exchange Act, in a bipartisan effort to curb abuse in private securities litigation, especially the filing of so-called strike suits. In particular, Congress sought to reform private securities litigation to discourage unmeritorious class actions, including actions brought because of a decline in stock prices." (citation omitted)). In short, Congress's focus was not limited to the procedures for appointing lead counsel, but rather the primary focus included weeding out unmeritorious securities fraud lawsuits. If Plaintiff is urging this Court to focus on Congress's legislative motivation as a whole, then this Court should proceed with ruling on the pending Motion to Dismiss.

### B. A STAY OF THE MOTION TO DISMISS IS NOT WARRANTED.

#### 1. *Courts Often Dismiss Complaints Prior to the Appointment of Lead Plaintiff.*

The PSLRA explicitly imposes a stay of discovery and other proceedings "during the pendency of any motion to dismiss;" it does **not** impose, implicitly or explicitly, a stay of this Court's adjudication of the motion to dismiss pending appointment of a lead plaintiff. *See*

*generally*, 15 U.S.C. § 78u-4.  Plaintiff instead focuses on the PSLRA provision governing the appointment of a lead plaintiff in Section (a)(3), and argues that the provision essentially requires that the Motion to Dismiss cannot go forward at least until a lead plaintiff is appointed, because only the lead plaintiff can act on behalf of a class.  *See* Plaintiff's Motion at 4-6.  But Plaintiff jumps ahead of himself.  There is no class to represent at this time.

Indeed, numerous courts have rejected the argument that an appointment of lead plaintiff must occur first.  *See Grobler v. Neovasc, Inc.*, Case No. 1:16-cv-11038 (D. Mass. July 26, 2016) at [ECF No. 22] ("There is nothing in the PSLRA requiring a district judge to stay a motion to dismiss so that a plaintiff can assign lead counsel and file a Consolidated Complaint.") (attached as Exhibit A); *see, e.g.*, *Brooks v. Wachovia Bank, N.A.*, No. Civ. A. 06-00955, 2007 WL 2702949, at *1 (E.D. Pa. Sept. 14, 2007) (granting motion to dismiss securities class action and denying as moot motion for appointment of lead plaintiff); *Hartman v. Pathmark Stores, Inc.*, No. Civ. A. 05-403-JJF, 2006 WL 571852, at *1 (D. Del. Mar. 8, 2006) (same); *Walker v. Shield Acquisition Corp.*, 145 F. Supp. 2d 1360, 1361 (N.D. Ga. 2001) (same); *Recupito v. Prudential Secs., Inc.*, 112 F. Supp. 2d 449, 451 (D. Md. 2000) (same); *Berkowitz v. Conrail, Inc.*, No. Civ. A. 97–1214, 1997 WL 611606, at *1 n.1 (E.D. Pa. Sept. 25, 1997) (in Section 10(b) case under PSLRA, "[b]ecause Defendant's motion to dismiss will be granted, Plaintiff's pending motions to be appointed lead plaintiff, for appointment of lead and co-lead counsel, and for class certification will be denied as moot").

As explained above, Plaintiff's proposed deferral of the motion to dismiss directly conflicts with the PSLRA's stated goal of dismissing frivolous cases at the "earliest feasible stage of the litigation."  *Bryant*, 187 F.3d at 1278.  This Court should likewise not delay ruling on the Motion to Dismiss, but rather require full briefing so that it can address the merits at this time.

### 2. *Plaintiff's Position is Inconsistent with Federal Pleading Standards.*

Plaintiff's position also makes no logical sense. In effect, Plaintiff argues that a plaintiff can file a facially deficient complaint (like here), as a mere "placeholder" and nullity to be ignored until a court-appointed lead plaintiff files an amended complaint — even where the lead plaintiff appointed was the party who filed the initial complaint to begin with.

That position of course ignores Federal Rule of Civil Procedure 11's requirements. Pursuant to Rule 11, when a party files a pleading, it is certifying that, *inter alia*, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11 is not designed to permit plaintiffs to file "placeholder" complaints which a defendant is not permitted to challenge. *See In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014) (noting that the filing of "placeholder actions" "would run counter" to Rule 11); *Kennedy v. Paniccia-Indialantic, LLC*, 616CV2208ORL31DCI, 2017 WL 5178182, at *4 (M.D. Fla. Nov. 8, 2017) (criticizing the practice of filing insufficient ADA complaints which are "nothing more than a placeholder," followed by an amended pleading with more detail). Plaintiff should not be allowed to skirt around his own deficient filing.

Under Plaintiff's view, this Court should *never* rule on a motion to dismiss the original complaint in a securities class action prior to the appointment of lead plaintiff. This directly conflicts with the PSLRA's mandate requiring dismissal for failure to meet its pleading standards, and conflicts with the PSLRA's goal of assessing the pleading requirements at the "earliest feasible stage of the litigation." *Bryant*, 187 F.3d at 1278. Thus, no stay should be imposed here.

Finally, any proposed amendment of Plaintiff's Complaint is governed by Federal Rule of

Civil Procedure 15. As the First Circuit has held, the PSLRA does not modify Federal Rule of Civil Procedure 15. *In re Genzyme Corp. Secs. Litig.*, 754 F.3d 31, 47 (1st Cir. 2014); *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008). Under Rule 15, Plaintiff here has — or had — several options. He could have amended within 21 days after serving his Complaint. Fed. R. Civ. P. 15(a)(1)(A). That time has passed. He can still amend within 21 days after the service of a motion under Rule 12(b), Federal Rule of Civil Procedure 15(a)(1)(B), and has until September 2, 2020 to do so. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, there is no absolute "entitlement" to amend. As it stands now, the only pleading before this Court is Plaintiff's Complaint.

Contrary to Plaintiff's suggestion, Plaintiff does not get a "free pass" or a "mulligan" with respect to his Complaint. <u>Any</u> complaint is subject to dismissal under the PSLRA. *See* 15 U.S.C. § 78u-4(b)(3)(A); *Teachers' Retirement Sys. of La. v. Hunter*, 477 F.3d 162, 172 (4th Cir. 2007) ("The PSLRA also directs that any complaint not meeting the pleading requirements be dismissed.").

### C. **DEFENDANTS WOULD BE PREJUDICED BY ANY DELAY IN RULING ON THE MOTION TO DISMISS.**

The pendency of this action and the defamatory allegations in the Complaint are prejudicial to the Defendants, both in terms of the damage to their reputation and in terms of the costs of defending this litigation. Defendants have responded to the Complaint, pursuant to the requirements of Rule 12, Federal Rules of Civil Procedure, explaining in detail why the Complaint must be dismissed. Delaying resolution of that motion pending this Court's determination of which potential lead plaintiff should be charged with pursuing the allegations in the Complaint

will prolong this case, increasing the reputation damages and litigation costs.[1]

Courts have long recognized that these types of allegations of fraud can be damaging, and in fact, that is one reason such allegations are required to meet a heightened pleading requirement, even outside of securities litigation. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (explaining that courts have long recognized that damage to individual reputation can be caused by unfounded accusations of fraud); *In re Comshare, Inc. Sec. Litig.*, No. 96-73711-DT, 1997 WL 1091468, at *5 (E.D. Mich. Sept. 18, 1997) (quoting H.R. Conf. Rep. No. 104-369, at 41 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 740) ("Unwarranted fraud claims can lead to serious injury to reputation for which our legal system effectively offers no redress.").

## **CONCLUSION**

There is nothing under the PSLRA (and Section 78u-4, in particular) that precludes this Court from entertaining a motion to dismiss directed to the operative Complaint. For the foregoing reasons, and the reasons set forth in the Motion to Dismiss, the Court should proceed with ruling on the Motion to Dismiss and dismiss the Complaint in its entirety, and awarding Defendants such other and further relief as the Court deems just and proper.

---

[1] And, as noted above, if this Court were to dismiss the Complaint with prejudice, the lead plaintiff process would be mooted.

Dated: August 25, 2020

    Respectfully submitted,
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: /s/ *Brian P. Miller*
    Brian P. Miller, Esq.
    Florida Bar No. 0980633
    brian.miller@akerman.com
    Samantha J. Kavanaugh, Esq.
    Florida Bar No. 0194662
    samantha.kavanaugh@akerman.com

*Counsel for Defendant The GEO Group, Inc.*

**GUNSTER, YOAKLEY & STEWART, P. A.**
600 Brickell Avenue, 35th Floor
Miami, FL 33131
Telephone: 305-376-6000
Facsimile: 786 425-4090

By: /s/ *William K. Hill*
    William K. Hill, Esq.
    Florida Bar Number: 747180
    Primary: whill@gunster.com
    Secondary: mmotola@gunster.com
    George S. LeMieux, Esq.
    Florida Bar Number: 16403
    Primary: glemieux@gunster.com
    Secondary: alevene@gunster.com
    Secondary: eservice@gunster.com
    Ernest "EJ" A. Cox IV, Esq.
    Florida Bar Number: 124652
    Primary: ecox@gunster.com
    Secondary: mmargolese@gunster.com

*Counsel for Defendants George C. Zoley and Brian R. Evans*