## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

STEVE HARTEL, Individually and On Behalf of All Others Similarly Situated,

                        Plaintiff,

      vs.

THE GEO GROUP, INC., GEORGE C. ZOLEY, and BRIAN R. EVANS,

                        Defendants.

Case No. 9:20-cv-81063-SMITH

CLASS ACTION

## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT
## YE ZHANG TO APPOINT LEAD PLAINTIFF AND
## APPROVE SELECTION OF COUNSEL

# **TABLE OF CONTENTS**

MOTION .................................................................................................................. 5

INTRODUCTION AND BACKGROUND ............................................................... 5

ARGUMENT ........................................................................................................... 8

   I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................ 8

     A.   MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE ...................... 8

     B.   MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION .......... 8

     C.   MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL

     RULES OF CIVIL PROCEDURE ......................................................................... 9

     D.    MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF ............ 11

   II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ..................... 12

CONCLUSION ....................................................................................................... 12

COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3) ........................................ 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) .......................................................................................................................... 9

*In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005) .................. 9

*In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001) ............................................. 11

*In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007)..... 9

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ...................................... 9, 10

*In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)....................... 10

*In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998) ...................................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ........................ 10

*Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997 ......... 9

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008)                              12

*Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999)............................................................................................................................... 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................................ 5

15 U.S.C. §78u-4(a)(3)(A)(ii) ....................................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................................... 8, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................ 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................... 12

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................... 12

**Rules**

Local Rule 7.1(a)(3) .................................................................................................. 13

Fed. R. Civ. P. 23 .............................................................................................. 8, 9, 10

## **MOTION**

Movant Ye Zhang ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law, the Declaration of Laurence M. Rosen, and a [Proposed] Order, all dated September 8, 2020.

## **INTRODUCTION AND BACKGROUND**

This action was commenced on July 7, 2020, against The GEO Group, Inc. ("GEO Group" or the "Company"), George C. Zoley ("Zoley"), and Brian R. Evans ("Evans") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff, was issued. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about GEO Group's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company maintained woefully ineffective COVID-19 response procedures; (2) those inadequate procedures subjected residents of the Company's halfway houses to significant health risks; (3) accordingly, the Company was vulnerable to significant financial

and/or reputational harm; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

GEO Group is purportedly the first fully integrated equity real estate investment trust specializing in the design, financing, development, and operation of secure facilities, processing centers, and community reentry centers in the U.S., Australia, South Africa, and the United Kingdom. GEO Group is also purportedly a leading provider of enhanced in-custody rehabilitation, post-release support, electronic monitoring, and community-based programs. The Company's worldwide operations include the ownership and/or management of, among other facilities, halfway houses in the U.S.

On February 27, 2020, the Company filed its Form 10-K with the SEC for the year ending December 31, 2019 (the "2019 10-K"). The 2019 10-K was signed by Defendants Zoley and Evans. Attached to the 2019 10-K were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Zoley and Evans attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud. The 2019 10-K touted the Company's focus on health and safety, the Company's corporate social responsibility, and the Company's "High Quality, Comprhensive Services and Cost Savings Throughout the Corrections Lifecycle[.]"

On April 30, 2020, GEO Group hosted an earnings call with investors and analysts to discuss the Company's financial and operating results for the first quarter of 2020. Throughout the call, Defendant Zoley touted the Company's COVID-19 response procedures. Also during the earnings call, other GEO Group executives touted the Company's COVID-19 response procedures.

On May 6, 2020, GEO Group filed a Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operating results for the quarter ended March 31, 2020 (the

"Q1 2020 10-Q"). The Q1 2020 10-Q touted the Company's capabilities and response with regards to COVID-19 – including listing steps the Company purportedly implemented at the outset of the pandemic.  On June 1, 2020, GEO Group released a statement entitled "GEO Group Has Taken Comprehensive Steps to Address and Mitigate the Risks of COVID-19 to Those in Our Care and Our Employees." The statement touted the Company's response procedures to COVID-19 and also included a list of steps the Company purportedly implemented at the outset of the pandemic.

Then on June 17, 2020, during pre-market hours, *The Intercept* published an article entitled "GEO Group's Blundering Response to the Pandemic Helped Spread Coronavirus in Halfway Houses." The article reported details of a significant COVID-19 outbreak at the Grossman Center, a halfway house in Leavenworth, Kansas, operated by GEO Group – which "was for weeks the hardest hit federal halfway house in the country" in terms of confirmed cases of COVID-19. Citing interviews with residents of the Grossman Center, *The Intercept* characterized the Company's response as "blundering" and reported "that the virus spread not in spite of the facility's efforts to contain it, but because of it." According to the article, the Grossman Center continued to keep its residents in overcrowded conditions without enforcing personal protective measures even as COVID-19 diagnoses at the facility increased.

On this news, GEO Group's stock price fell $1.03 per share, or over 7%, to close at $12.17 per share on June 17, 2020, damaging investors. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act.  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.  MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the

class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at \*3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 \* 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 \* 5 (N.D. Ill. Aug. 11, 1997)); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 \* 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $2,886.00 in connection with his purchases of GEO Group securities. *See* Rosen Decl. Ex. 3. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

## 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about GEO Group's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

## 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in GEO Group securities and is therefore, extremely motivated to pursue claims in this action.

**D.     MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, No. 608-CV-388-ORL-19DAB, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, and gathering other information in support of the claims against the Defendants. Furthermore, The Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### <u>CONCLUSION</u>

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related Securities Class Actions; (2) appointing Movant as Lead Plaintiff for the class; (3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(A)(3)

Local Rule 7.1(a)(3) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 7.1(a)(3) be waived.

Dated: September 8, 2020

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (pro hac vice to be filed)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Laurence M. Rosen</u>