UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-81063-RS

STEVE HARTEL, Individually and on
Behalf of All Others Similarly Situated,

       Plaintiff,

v.

THE GEO GROUP, INC. and GEORGE C.
ZOLEY,

       Defendants.

_____/

**DEFENDANTS' OPPOSITION TO
LEAD PLAINTIFFS' MOTION TO COMPEL RULE 26 CONFERENCE,
OR, ALTERNATIVELY, MOTION TO LIFT DISCOVERY STAY,
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

<table>
<tr>
<td>

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Brian P. Miller, Esq.
Florida Bar No. 0980633
brian.miller@akerman.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
samantha.kavanaugh@akerman.com

***Counsel for Defendant The GEO Group, Inc.***

</td>
<td>

**GUNSTER, YOAKLEY & STEWART, P. A.**
600 Brickell Avenue, 35th Floor
Miami, FL 33131
Telephone: (305) 376-6000
Facsimile: (786) 425-4090
William K. Hill, Esq.
Florida Bar No. 747180
whill@gunster.com
George S. LeMieux, Esq.
Florida Bar No. 16403
glemieux@gunster.com
Ernest "EJ" A. Cox IV, Esq.
Florida Bar No. 124652
ecox@gunster.com

***Counsel for Defendant George C. Zoley***

</td>
</tr>
</table>

The GEO Group, Inc. ("GEO") and George C. Zoley (together, "Defendants") hereby oppose the Motion to Compel Rule 26 Conference, or, Alternatively, Motion to Lift Discovery Stay ("Motion to Lift Discovery Stay") filed by Lead Plaintiffs James Michael DeLoach and Edward Oketola ("Plaintiffs").

## INTRODUCTION

On September 23, 2021, the Court entered its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Consolidated Class Action First Amended Complaint (the "Second Complaint"). *See* ECF No. 45 ("Motion to Dismiss Order"). In its detailed Motion to Dismiss Order, the Court carefully analyzed each of the sixty-one statements identified by Plaintiffs that were alleged to be false or misleading. Ultimately, the Court found that the vast majority of Plaintiffs' alleged false or misleading statements—*all but four statements on the singular topic of pending immigration detainee lawsuits*—were non-actionable, directed the filing of an amended complaint, and provided clear instructions to Plaintiffs regarding the limited, permissible content in that further amended complaint.

In their Consolidated Class Action Second Amended Complaint ("Third Complaint") [ECF No. 46], Plaintiffs outright ignored both the letter and spirit of the Court's express directive. The expansive Third Complaint continues to allege that statements—made temporally *after* the corrective disclosure for loss causation purposes was determined by the Court to be adequately pled—are false or misleading. And the Third Complaint is replete with vestigial sections from the Second Complaint that go well beyond the narrowed issues in this lawsuit; notwithstanding the Motion to Dismiss Order which significantly contracted this case.

Plaintiffs' failure to comply with the Motion to Dismiss Order necessitated the filing of Defendants' Motion to Dismiss Plaintiffs' Third Complaint, or Alternatively, Motion to Strike ("Motion to Dismiss").  *See* ECF No. 47.

As Plaintiffs are well-aware, the Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes an **express, automatic, and mandatory stay of discovery** in all private securities fraud cases while a motion to dismiss is pending.  Defendants' Motion to Dismiss triggered such a stay in this suit, no matter how strenuously Plaintiffs argue to the contrary. Plaintiffs now seek to prematurely lift that stay while Defendants' Motion to Dismiss remains pending.  Yet Plaintiffs have failed to meet their high burden of demonstrating the exceptional circumstances required to lift the PSLRA stay.  The Court must deny Plaintiffs' Motion to Lift Discovery Stay.

Plaintiffs' suggestion that Defendants are "unfairly" delaying the progression of this suit lacks merit.  It is ironic that Plaintiffs have filed their Motion to Lift Discovery Stay when any delay in reaching the discovery phase of this litigation is directly attributable to their own conduct. Had Plaintiffs simply complied with this Court's requirements in the Motion to Dismiss Order, Defendants would have answered the amended complaint, and the Parties would have proceeded to the discovery phase.  The Court should not condone Plaintiffs' failure to comply with the Court's directive by filing an overinclusive, non-compliant complaint, while at the same time seeking to circumvent Congress' intent and proceed with full-scale discovery premised upon that same complaint that the Court has yet to find sufficient.

## ARGUMENT

**I. The Mandatory PSLRA Discovery Stay is in Effect.**

Congress enacted the PSLRA to end "the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle." *Laperrier v. Vesta Ins. Grp., Inc.*, 526 F.3d 715, 719 (11th Cir. 2008). In furtherance of that goal, the PSLRA provides for a mandatory discovery stay during the pendency of any motion to dismiss:

> **(3) Motion to dismiss; stay of discovery**
> …
> **(B) Stay of discovery**
> In any private action arising under this chapter, all discovery and other proceedings ***shall be stayed*** during the pendency of ***any*** motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. §78u-4(b)(3)(B) (emphasis added).

The temporary prohibition against discovery "reflects the balance that Congress chose to strike between the rights of defendants and plaintiffs in securities actions by allowing a defendant to test the adequacy of the complaint before incurring the burden and expense of responding to extensive discovery demands." *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (rejecting an effort to lift a discovery stay and noting that "delay is an inherent part of every stay of discovery required by the PSLRA" and that "Congress could not have intended that the delay that it approved could, by itself, qualify as undue prejudice.").

Because Defendants have filed a motion to dismiss, the PSLRA "require[s] a mandatory stay of discovery until the district court [can] determine the legal sufficiency" of the Third Complaint. *Behlen* v. *Merrill Lynch*, 311 F.3d 1087, 1091 (11th Cir. 2002). The plain language of the PSLRA makes clear that the stay applies "during the pendency of ***any*** motion to dismiss." 15 U.S.C. §78u-4(b)(3)(B) (emphasis added).

3

Plaintiffs attempt to distract the Court by pointing out that this is the third motion to dismiss filed in this case, implying that makes it frivolous.  Nothing is farther from the truth. Indeed, as Plaintiffs conveniently fail to mention, Defendants' first two motions to dismiss were successful: the Court dismissed the original complaint without prejudice so Plaintiffs could amend [ECF No. 30]; and the Court dismissed the vast majority of allegations in the Second Complaint.  That the Motion to Dismiss is the third motion to dismiss filed in this case bears no relevance to the analysis here.  It is a motion to dismiss, and there is no basis for Plaintiffs' absurd contention that Defendants' Motion to Dismiss "is a motion that does not implicate the PSLRA discovery stay." Motion to Lift Discovery Stay at 6.

The few cases cited by Plaintiffs on this point, all of which are non-binding on this Court, are factually distinguishable and do not support their contorted argument.  For example, in *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002), the court permitted discovery to proceed against senior officer defendants where motions to dismiss had already been fully denied.  The issue in *Lernout was* whether, in a class action against multiple defendants, the PSLRA stays discovery against defendants whose motions to dismiss were denied during the pendency of *other* defendants' motions to dismiss.  214 F. Supp. 2d at 102.  Unlike in *Lernout*, the Court in this case has yet to adjudicate the sufficiency of the Third Complaint against either of the Defendants.[1]

As another example, *In re LeapFrog Enterprise, Inc. Sec. Litig.*, 2017 WL 3263114 (N.D. Cal. July 28, 2017) involved a situation where defendants contended that filing a motion for leave to file a motion for reconsideration reinstated the PSLRA discovery stay.  Here, Defendants filed

---

[1]      There were also additional complicating issues in *Lernout* not present here, such as a related bankruptcy that raised preservation issues and the fact that witnesses and documents were located in Europe and Asia, outside the court's purview.  *Id.* at 108-09.

4

a motion to dismiss. And *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252 (S.D.N.Y. 2005) involved the filing of a renewed motion to dismiss directed at the *exact same* prior complaint already ruled upon by the Court following an intervening appellate decision. Here, Defendants' Motion to Dismiss attacks the Third Complaint that has never before been tested. Even so, as Plaintiffs' Opposition reluctantly acknowledges, the *Salomon* court nevertheless still found that even such a renewed motion to dismiss *was sufficient* to trigger the revival of the discovery stay. 373 F. Supp. 2d at 265; Motion to Lift Discovery Stay at 4, n.2.

Defendants' Motion to Dismiss is not merely a motion for reconsideration or any improper attempt to relitigate issues. Plaintiffs' Third Complaint exceeds the bounds set by the Court when leave to amend was authorized. To be clear, while the Court previously addressed some of Plaintiffs' claims, the Court has not ruled on the overall sufficiency of the Third Complaint. Plaintiffs' authorities are not able to refute the clear, plain language of the PSLRA, and there is no credible argument that the PSLRA stay "does not apply in this procedural posture" as Plaintiffs claim. Motion to Lift Discovery Stay at 5. The PSLRA's language is unambiguous: the Court must completely reject Plaintiff's argument and confirm that the PSLRA discovery stay is in effect.

**II.      Plaintiffs Have Failed to Satisfy Their Burden to Lift the PSLRA Discovery Stay.**

The PSLRA discovery stay may only be lifted in the "exceptional circumstances" where "particularized discovery is *necessary* to preserve evidence or to prevent *undue* prejudice." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003).[2] "The burden is on the party seeking discovery to show that

---

[2]      To highlight the rarity of circumstances that would qualify, Congress provided an example of an exceptional circumstance, which was the only such example provided: "a motion to dismiss may remain pending for a period of time, and that the terminal illness of an important witness may necessitate the deposition of the witness prior to ruling on the motion to dismiss." S. Rep. No. 104-98, at 14 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 693.

extraordinary circumstances justify lifting the stay." 8A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2046.2 (3d ed.); *see also, e.g.*, *Frank v. Dana Corp.*, 2007 WL 1748887, at *5 (N.D. Ohio June 18, 2007) (finding that lifting of PSLRA stay requires showing of "some unusual, remarkable, or peculiar prejudice" and refusing to lift stay because it found no such "extraordinary prejudice"). "Overall, the burden of establishing the need for a … lifting of the discovery stay . . . is a heavy one." *In re Under Armour Sec. Litig.*, 2021 WL 633373 (D. Md. Feb. 18, 2021) (refusing to partially lift the PSLRA discovery stay even where the burden on defendants to produce the requested discovery was low and the plaintiffs showed exceptional circumstances for lifting the stay).

In fact, in cases governed by the PSLRA, courts almost never allow discovery prior to deciding the motion to dismiss without a showing that there are circumstances such as bankruptcy, divestitures, multi-lateral court-ordered settlement negotiations, or document destruction—none of which are present here. *See, e.g., 380544 Canada, Inc. v. Aspen Tech., Inc.*, 2007 WL 2049738, at *3 (S.D.N.Y. July 18, 2007); *Sisk v. Guidant Corp.*, 2007 WL 1035090, at *4 (S.D. Ind. Mar. 30, 2007) (denying motion to lift stay absent "extenuating circumstance" such as where "defendant corporation has filed for bankruptcy or engaged in wholesale document shredding"). Plaintiffs do not and cannot satisfy their high bar here.

Plaintiffs' Motion to Lift Discovery Stay is analogous to a similar motion filed in *Dusek v. JP Morgan Chase & Co.*, 2015 WL 12826483 (M.D. Fla. 2015). In *Dusek*, plaintiffs sought to lift the discovery stay to take discovery from 2 defendants and 2 key-witness non-parties. The plaintiffs made similar arguments to Plaintiffs' contentions here, all of which were flatly rejected. The court refused to lift the stay, finding that there were no exceptional circumstances that

6

warranted lifting the stay and that the requested discovery was not sufficiently particularized.  For the same reasons here, the Court should deny Plaintiffs' Motion to Lift Discovery Stay.

### A.  Plaintiffs do not meet the "necessary to preserve evidence" exception.

The PSLRA discovery stay may only be lifted on the basis of the need to preserve evidence where Plaintiffs can "demonstrate[] that a potential loss of evidence is *imminent*, as opposed to being merely speculative."  *Band* v. *Ginn Cos., LLC*, 2011 WL 807396, at *2 (M.D. Fla. Mar. 2, 2011) (emphasis added) (refusing to lift stay); *Sarantakis* v. *Gruttadauria*, 2002 WL 1803750, at *3 (N.D. Ill. Aug. 5, 2002) (refusing to lift stay and noting that plaintiffs did not claim "that any evidence is in immediate and/or probable peril").  Mere "generalizations of fading memories and allegations of possible loss or destruction," of the kind Plaintiffs make here, are insufficient as a matter of law.  *In re Fluor Corp. Sec. Litig.*, 1999 WL 817206, at *3 (C.D. Cal. Jan. 15, 1999); *see also Sarantakis*, 2002 WL 1803750, at *3 ("The plaintiffs' general concern about the 'risk' that evidence will be lost or memories will fade is not an exceptional circumstance and does not demonstrate that discovery is necessary to preserve evidence."); *Selbst* v. *McDonald's Corp.*, 2006 WL 566450, at *3 (N.D. Ill. Mar. 1, 2006) ("The kind of general concerns plaintiffs express about document destruction, fading memories, and the like would arise any time discovery in a case is stayed for a period of time. To lift the PSLRA stay based on such generalized concerns would open a loophole in the stay that would undermine the statutory scheme enacted by Congress.").

Plaintiffs' Motion to Lift Discovery Stay is completely devoid of any explanation of why it is necessary to preserve evidence or even what evidence must be preserved.  Plaintiffs simply include a cursory statement in their introduction that "As more time elapses, memories will grow even more stale and Plaintiffs face the risk of documents being lost or misplaced, specifically those that are presently being maintained by third-parties who are not subject to the same document

7

preservation rules as the parties." Motion to Lift Discovery at 3. Plaintiffs have not even attempted to identify any such third-parties. Plaintiffs have not met their burden and the PSLRA stay cannot be lifted on these grounds.

### B. The maintenance of the stay does not result in undue prejudice to Plaintiffs.

Plaintiffs have no basis for arguing that the stay must be lifted to "prevent undue prejudice." To the extent they contend that discovery will be delayed, courts repeatedly hold that "any prejudice caused by the delay inherent in the statutorily imposed discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair. Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence." *Band*, 2011 WL 807396, at *2 (citation omitted); *see also In re Spectranetics Corp. Sec. Litig*, 2009 WL 3346611, at *7 (D. Colo. Oct. 14, 2009) ("Plaintiff has not pointed to unique or extraordinary circumstances that prejudice it beyond the prejudice that Congress envisioned when it enacted the PSLRA . . . ."). And again, Plaintiffs are directly responsible for any delay in proceeding to discovery by their failure to comply with the Court's Motion to Dismiss Order and narrowly tailor their Third Complaint accordingly.

Plaintiffs' reliance on a single non-binding authority to support a finding of prejudice is misplaced. *See* Motion to Lift Discovery Stay at 7-8 (citing *Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds v. Sadia S.A.*, 2009 WL 1285845 (S.D.N.Y. May 8, 2009)). In *Westchester*, the court first rejected any attempt to lift the stay on preservation of evidence issues before lifting the PSLRA stay on undue prejudice grounds. But there, defendants were engaged in parallel litigation and the court found that the production of a single report was necessary to avoid disadvantaging the plaintiffs vis-à-vis other litigants in the parallel proceeding.

*Id.* at *1.  No such parallel litigation exists here to support any finding of undue prejudice towards Plaintiffs—and Plaintiffs are seeking far more than a single report here.

Plaintiffs also argue that without discovery, Defendants have an advantage of formulating their litigation strategy.  But courts have rejected this as a basis to support undue prejudice.  *See, e.g., In re Fannie Mae Securities Litigation*, 362 F. Supp. 2d 37, 39 (D.D.C. 2005) (denying motion to lift PSLRA stay and rejecting plaintiffs' argument that the lifting of the stay "is necessary to prevent unfair prejudice because without this discovery they will be unable to plan their litigation strategy"); *Brigham v. Royal Bank of Canada*, 2009 WL 935684, at *2 (S.D.N.Y. Apr. 7, 2009) ("plaintiff's inability . . . to plan a litigation strategy is not evidence of undue prejudice.") (citations omitted).

Unlike in a circumstance where a single, specific document is requested, Defendants would be burdened by Plaintiffs' sought discovery.  But importantly, "[t]here is no exception to the discovery stay for cases in which discovery would not burden the defendant.  The proper inquiry under the PSLRA is whether the plaintiff would be unduly prejudiced by the stay, not whether the defendant would be burdened by lifting the stay." *In re Smith Barney Transfer Agent Litig.*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006); *see also In re Spectranetics*, 2009 WL 3346611, at *9 (finding that lifting stay based on a showing of a "minimal burden" to defendants would "circumvent[] the clear requirements of the discovery stay and its limited exceptions"); *Sarantakis*, 2002 WL 1803750, at *4 (argument that lifting stay would not prejudice defendants was "irrelevant").  *See also Retterath v. Homeland Energy Solutions, LLC*, 84 F. Supp. 3d 876 (S.D. Iowa 2014) (PSLRA discovery stay was required under the statute's express language even if it would do no harm to the statute's purpose to permit some discovery to proceed).  Therefore, as

these cases demonstrate, even in situations where the burden to a defendant is low, unlike here, this is not a factor that should weigh in the Court's determination.

### C. The discovery Plaintiffs seek is not particularized.

Where, as here, a plaintiff has not established that lifting the stay is necessary to preserve evidence or to prevent undue prejudice, the Court need not consider whether the discovery requested is "particularized." *In re Petrobras Sec. Litig.*, 2015 WL 13653969, at *2 (S.D.N.Y. Apr. 13, 2015) (argument that the "document requests [we]re sufficiently particularized" was "irrelevant," as the plaintiff had "failed to establish" that the relief it sought was "necessary to preserve evidence or to prevent undue prejudice"). However, even if the Court were to consider this issue, Plaintiffs fail to show that their requests for documents are "particularized," as the statute requires. 15 U.S.C. § 78u-4(b)(3)(B). "The movant must specifically identify the needed discovery in its motion to lift the automatic stay." *Sarantakis*, 2002 WL 1803750, at *2.

Plaintiffs' Motion to Lift Discovery Stay is vague regarding whether Plaintiffs are seeking a wholesale lifting of the PSLRA stay or whether they only seek a partial lifting of the stay to pursue their prematurely served First Set of Requests for Production of Documents from GEO (the "RFPs"). To the extent that Plaintiffs seek a wholesale lift of the stay, they obviously fail to meet their burden that the sought discovery is particularized. *Sarantakis*, 2002 WL 1803750, at *2. ("The movant must specifically identify the needed discovery in its motion to lift the automatic stay.").

To the extent Plaintiffs seek to lift the stay to pursue their RFPs, that also fails. Plaintiffs served the RFPs prior to any discovery conference with Defendants, as required by Federal Rule of Civil Procedure 26(f) and Southern District of Florida Local Rule 16(b)(1)—and they filed it on the same day that Plaintiffs *knew* Defendants would be filing, and later did file, their Motion to

Dismiss.[3]  It is notable that Plaintiffs failed to attach the RFPs to their Motion to Lift Discovery Stay—likely to avoid judicial scrutiny, given that their overly broad requests could hardly be considered particularized.  Indeed, the RFPs delve broadly into many of the allegations in the Third Complaint that Defendants contend exceeded the bounds of the Court's leave to amend.  Nearly all of the twenty-two (22) RFPs do not identify any specific documents but rather seek broad and varying categories of documents and communications.

Unlike the circumstances in some of Plaintiffs' cited cases, the RFPs are not simply requesting specific narrow documents.  Rather, Plaintiffs' RFPs are seeking wholesale discovery on wide-ranging topics—much of which Defendants believe to be objectionable—and that would require substantial efforts to collect, review, and ultimately produce.  Such broad requests run counter to the PLSRA policy goal of delaying discovery until the court has scrutinized the operative complaint upon which these RFPs are premised.  Plaintiffs' failure to bring the RFPs before the Court is fatal to its attempt to meet their significant burden of demonstrating that the sought discovery is truly particularized.

III.    **Plaintiffs' Arguments Regarding the PSLRA's Policy Goals Do Not Support Lifting the Stay**

One of Plaintiffs' cited cases makes clear that "the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay . . . is not sufficient to warrant" lifting the stay." *Mori v. Saito*, 802 F. Supp. 2d 520, 527 (S.D.N.Y. 2011).  And Plaintiffs' characterization of the merits of their claims or that some claims may proceed is irrelevant.  *See Brigham*, 2009 WL 935684, at *2

---

[3]    The automatic stay against discovery applied at the time the RFPs were received even though Defendants' Motion to Dismiss was not filed until later that day as Plaintiffs were already aware through the meet-and-confer process of Defendants' anticipated motion.  *See, e.g., In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946, 947, n.4 (S.D. Ohio 2003) ("Courts have held that the stay provision applies not only where a defendant has moved to dismiss a federal securities law claim, but also when it is anticipated that such a motion will be filed in the future.").

(rejecting argument that stay should be lifted because "the claims are meritorious" and would not frustrate the goals of PSLRA); *NECA-IBEW Pension Tr. Fund v. Bank of Am. Corp.*, 2011 WL 6844456, at *3 (S.D.N.Y. Dec. 29, 2011) (denying motion to lift stay despite court finding plaintiff's argument that the discovery sought cannot be fairly described as a 'fishing expedition' credible).  Ultimately, the Court must look to the clear language of the PSLRA, which reveals that Plaintiffs have not shown exceptional circumstances here to compel lifting the stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Lift Discovery Stay.

12

Dated: February 9, 2022

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

By: /s/ *Brian P. Miller*
Brian P. Miller, Esq.
Florida Bar No. 0980633
brian.miller@akerman.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
samantha.kavanaugh@akerman.com

*Counsel for Defendant The GEO Group, Inc.*


**GUNSTER, YOAKLEY & STEWART, P. A.**
600 Brickell Avenue, 35th Floor
Miami, FL 33131
Telephone: (305) 376-6000
Facsimile: (786) 425-4090

By: /s/ *William K. Hill*
William K. Hill, Esq.
Florida Bar Number: 747180
whill@gunster.com
George S. LeMieux, Esq.
Florida Bar Number: 16403
glemieux@gunster.com
Ernest "EJ" A. Cox IV, Esq.
Florida Bar Number: 124652
ecox@gunster.com

*Counsel for Defendant George C. Zoley*