STEVE HARTEL, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

      v.

THE GEO GROUP, INC. and GEORGE C. ZOLEY,

        Defendants.

**LEAD PLAINTIFFS' REPLY IN RESPONSE AND FURTHER SUPPORT OF
THEIR MOTION TO COMPEL RULE 26 CONFERENCE
<u>OR, ALTERNATIVELY, MOTION TO LIFT DISCOVERY STAY</u>**

In 1995, Congress included an initial discovery stay in its reform of securities class action litigation to protect defendants who may be forced to settle or otherwise incur significant litigation costs defending against frivolous and harassing lawsuits. The discovery stay applies while a motion to dismiss testing the legal sufficiency of a securities class action complaint is pending. Congress did not intend to interfere or restrict the orderly conduct of discovery in securities class actions after a complaint had been analyzed by the Court and found to sufficiently state a securities fraud claim under the heightened pleading standards also included in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Defendants here, however, believe that discovery in meritorious securities class action can be stayed indefinitely as long as they continue to file papers nominally titled "motion to dismiss". This position is absurd. "To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse." *In re Salomon Analyst Litig.*, 373 F.Supp.2d 252, 254-55 (S.D.N.Y. 2005). Unsurprisingly, Defendants

fail to cite a single case to support their position. No court has applied the PSLRA automatic discovery stay to securities fraud claims that do not face potential dismissal as a matter of law. This Court should not be the first.

In their Opposition to Lead Plaintiffs' Motion to Compel Rule 26 Conference (ECF No. 55) ("Opp."), Defendants continue to misrepresent both the law and the procedural posture of this case. Bizarrely, they claim that their second motion to dismiss was successful, overlooking the fact that the Court upheld Plaintiffs' securities fraud claims based on Defendants' misrepresentations regarding certain pending lawsuits as alleged in Plaintiffs' Amended Complaint (ECF No. 45). Under the Federal Rules of Civil Procedure, Plaintiffs are now entitled to discovery on those claims and this right is unaffected by the terms of the PSLRA. Accordingly, Plaintiffs have served discovery requests on Defendants. While Defendants may object to the scope of some of Plaintiffs' requests, that is not grounds to refuse to engage in the discovery process at all.

Instead, Defendants have contrived a motion to dismiss or strike aimed at the Second Amended Complaint Plaintiffs filed following the Court's Order denying Defendants' motion to dismiss. Notably, Defendants do not seek dismissal with prejudice of the entire Second Amended Complaint but only those portions which, they maintain, do not comply with the Court's order on their prior motion to dismiss. This order directed Plaintiffs to file an amended complaint and not allege claims based on any statement found by the Court to be inactionable. The Second Amended Complaint complied with that order, only alleging claims based on statements by Defendants about pending lawsuits, which the Court found to actionable. *See* MTD Order at pp. 22-23; Second Amended Complaint, ¶¶107-21. Other facts, including public statements by Defendants, are necessarily included in the Second Amended Complaint as required by the Federal Rules of Civil procedure and the PSLRA. *See* 15 U.S.C. §78u-4(b)(1)(B)b (requiring securities fraud plaintiff to

plead "all facts" supporting its claim).

Defendants' motion to dismiss the Second Amended Complaint or strike some of its allegations is therefore unfounded. But in any event, it is irrelevant to the question of whether discovery should proceed on the portions of Plaintiffs' claims that **Defendants concede** have been upheld by this Court. In similar circumstances, other district courts have allowed discovery to commence even while there is further motion practice and legal argument over the exact scope of the claims or the parties left in the case. *See In re LeapFrog Enterprise, Inc. Sec. Litig.*, No. 15-cv-00347-EMC, 2017 WL 3263114, at *1 (N.D. Cal. July 28, 2017) (noting that imposition of PSLRA stay based on the filing of a subsequent motion to dismiss could lead to abuse and observing that "[a] defendant could file repeated motions for leave to file a motion to reconsider or motions for reconsideration and prolong the PSLRA discovery stay"); *In re Lernout & Hauspie Sec. Litig.*, 214 F.Supp.2d 100, 105 (D. Mass. 2002) (denying motion to stay discovery under the PSLRA where motions to dismiss against four senior officer defendants had been denied and allowing discovery to proceed against them while other defendants' motions to dismiss remained pending).

Defendants' attempts to distinguish these cases are utterly unpersuasive. First, they note that in *Lernout*, the pending motion to dismiss was only directed at some of the claims alleged in the complaint, not of them. *See* Opp. at 4. But that is also the case here. Defendants concede (as they must), that some of the claims alleged in the Second Amended Complaint have already been upheld by the Court. Defendants' motion to dismiss is thus only directed at the purported claims in the Second Amended Complaint that have not been previously upheld by the Court. Such claims are illusory and exist only in Defendants' imagination, undermining their attempt at distinguishing *Lernout*.

Second, Defendants note that *LeapFrog* involved a motion for reconsideration rather than a motion to dismiss. Opp. at 4-5. But they fail to offer any reason in either logic or law as to why that should make any difference to the application of the PSLRA discovery stay. Indeed, to the extent a motion for reconsideration seeks dismissal of all claims asserted by a plaintiff, the argument for continued application of the PSLRA discovery stay in that instance would be far stronger than here, where Defendants admit that some of the claims asserted by Plaintiffs have been found to be adequately pleaded.

Defendants do not offer a single instance where a Court has continued to apply the PSLRA automatic discovery stay where the legal viability of some of a plaintiff's claims has been confirmed by the Court. In *Salomon Analyst*, an intervening appellate court decision had raised questions about plaintiff's claims. It therefore made logical sense for the Court to continue the PSLRA automatic discovery stay while the legal impact of the intervening decision on all of plaintiff's claims was determined. *See Salomon Analyst*, 373 F.Supp.2d at 254. No such issue presents itself here and Defendants do not argue in their motion to dismiss or strike that all of Plaintiffs' claim in the Second Amended Complaint should be dismissed.

Defendants' unprincipled and unsupported use of the PSLRA discovery stay as a strategic delaying tactic should not be permitted by the Court. The Court should grant Plaintiffs' motion and direct Defendants to commence discovery immediately.[1]

DATED: February 16, 2022          Respectfully submitted,

**ROCHE FREEDMAN LLP**

---

[1] Defendants also spend considerable time attacking the scope of Plaintiffs' discovery requests. The cases Defendants cite in support typically concerned situations where plaintiff's claims had not yet survived a motion to dismiss and, therefore, it was appropriate and consistent with the policy behind the PSLRA discovery stay to limit the scope of discovery. Plaintiffs' requests here seek discovery on claims that have been found to be sufficient as a matter of law and whose scope, therefore, is governed by Federal Rule of Civil Procedure 26(b)(1).

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman (FL# 99762)
Constantine P. Economides (FL# 118177)
Ivy T. Ngo (*pro hac vice*)
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel.: (305) 851-5997
vel@rochefreedman.com
ceconomides@rochefreedman.com
ingo@rochefreedman.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
Nicholas I. Porritt
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel.: (202) 524-4290
Fax: (202) 333-2121
aapton@zlk.com
nporritt@zlk.com

*Co-Lead Counsel for the Class*

**CULLIN O'BRIEN LAW, P.A.**
Cullin O'Brien (FL# 0597341)
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel.: (561) 676-6370
Fax: (561) 320-0285
cullin@cullinobrienlaw.com

*Additional Counsel for Lead Plaintiff James Michael DeLoach*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Tel.: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Edward Oketola*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

*/s/ Velvel (Devin) Freedman*

Velvel (Devin) Freedman (FL# 99762)