UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-81063-RS

STEVE HARTEL, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiff,

v.

THE GEO GROUP, INC. and GEORGE C.
ZOLEY,

      Defendants.

_____/

**DEFENDANT THE GEO GROUP, INC'S
ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFFS'
CONSOLIDATED CLASS ACTION SECOND AMENDED COMPLAINT**

The GEO Group, Inc. ("GEO" or the "Company"), by and through its undersigned counsel, hereby responds to the correspondingly numbered paragraphs of Lead Plaintiffs' Consolidated Class Action Second Amended Complaint filed on October 4, 2021 [ECF No. 46] ("Second Amended Complaint"), denies each and every allegation not expressly admitted, and asserts its Affirmative Defenses as follows:

**ANSWER**

GEO responds to the non-numbered introductory statement in the Second Amended Complaint as follows: GEO admits that Lead Plaintiffs purport to bring a putative federal securities class action against GEO and co-defendant George C. Zoley ("Mr. Zoley;" and together with GEO, "Defendants"). GEO lacks knowledge or information sufficient to form a belief as to the basis for Lead Plaintiffs' allegations and therefore denies same. GEO denies the remaining allegations in the Second Amended Complaint's non-numbered introductory statement.

1.      GEO admits that Lead Plaintiffs purport to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired GEO common stock from November 9, 2018 to August 5, 2020, both dates inclusive, pursuing remedies against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.  GEO further responds that Lead Plaintiffs' proposed purported class period has been modified by this Court in its Order Granting Defendants' Motion to Dismiss, dated June 21, 2022 [ECF No. 63] ("June 21 Order on Motion to Dismiss").  GEO denies that any of Lead Plaintiffs' claims have any merit, and denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

2.      GEO admits only that it was founded in 1984; that it operates internationally; that it provides complementary, turnkey solutions for numerous government partners worldwide across a spectrum of diversified correctional and community reentry services; and that it aspires to be the world's leading provider of evidence-based rehabilitation across its diversified spectrum of correctional and community reentry services.  GEO denies that it is currently a REIT, and denies the remaining allegations in Paragraph 2.

3.      GEO admits only that it restructured itself as a REIT as of January 1, 2013, but denies that it is currently a REIT.  GEO denies the remaining allegations in Paragraph 3.

4.      In response to the allegations contained in Paragraph 4, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 4, because the Court has previously

dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 4 are denied.

5.      In response to the allegations contained in Paragraph 5, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 5, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 5 are denied.

6.      In response to the allegations contained in Paragraph 6, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 6, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 6 are denied.

7.      In response to the allegations contained in the first three sentences of Paragraph 7, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains

most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in the first three sentences of Paragraph 7, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in the first three sentences of Paragraph 7 are denied. Responding to the allegations in the fourth sentence of Paragraph 7, GEO states that statements it has made in court filings speak for themselves, and denies any inconsistent allegations in Paragraph 7.  Responding to the allegations in the fifth sentence of Paragraph 7, GEO states that Mr. Zoley's May 30, 2018 letter to ICE speaks for itself, and denies any inconsistent allegations in Paragraph 7.  GEO further states that its reported net income speaks for itself and denies any inconsistent allegations in Paragraph 7.  GEO denies the remaining allegations in Paragraph 7.

8.      GEO denies the allegations contained in the first sentence of Paragraph 8.  In response to the allegations contained in the second to fourth sentences of Paragraph 8, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in the second to fourth sentences of Paragraph 8, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in the second to fourth sentences of Paragraph 8 are denied.

9.      In response to the allegations contained in Paragraph 9, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending

lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 9, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 9 are denied.

10.     In response to the allegations contained in Paragraph 10, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 10, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 10 are denied.

11.     In response to the allegations contained in Paragraph 11, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 11, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 11 are denied.

12.     In response to the allegations contained in Paragraph 12, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 12, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 12 are denied.

13.     In response to the allegations contained in Paragraph 13, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 13, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 13 are denied.

14.     In response to the allegations contained in Paragraph 14, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive

pleading is required to the allegations contained in Paragraph 14, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 14 are denied.

15.   In response to the allegations contained in Paragraph 15, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 15, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 15 are denied.

16.   In response to the allegations contained in Paragraph 16, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 16, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 16 are denied.

17.   In response to the allegations contained in Paragraph 17, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending

lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 17, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 17 are denied.

18.      In response to the allegations contained in Paragraph 18, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 18, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 18 are denied.

19.      In response to the allegations contained in Paragraph 19, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 19, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 19 are denied.

20.     In response to the allegations contained in Paragraph 20, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 20, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 20 are denied.

21.     In response to the allegations contained in Paragraph 21, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 21, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 21 are denied.

22.     In response to the allegations contained in Paragraph 22, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive

pleading is required to the allegations contained in Paragraph 22, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 22 are denied.

23.     In response to the allegations contained in Paragraph 23, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 23, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 23 are denied.

24.     In response to the allegations contained in Paragraph 24, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 24, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 24 are denied.

25.     GEO denies the allegations in Paragraph 25.

26.     There is no numbered Paragraph 26 in the Second Amended Complaint.

27.    GEO admits that Lead Plaintiffs purport to assert claims against Defendants pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78(j)(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  GEO denies that the claims have any merit.

28.    Paragraph 28 contains conclusions of law as to which no response is required.  To the extent a response is required, the allegations in Paragraph 28 are admitted for jurisdictional purposes only.

29.    Paragraph 29 contains conclusions of law as to which no response is required.  To the extent a response is required, GEO admits only that its corporate headquarters is located in Boca Raton, Florida.  GEO specifically denies any allegations of fraud, and specifically denies allegations relating to the purported dissemination of materially false and/or misleading information in Paragraph 29.

30.    GEO denies the allegations in Paragraph 30.

31.    GEO denies that any purported certification of Lead Plaintiff DeLoach is attached to the Second Amended Complaint.  GEO lacks knowledge or information sufficient to form a belief as to Lead Plaintiff DeLoach's alleged purchases of GEO common stock during the purported class period, and therefore denies the allegations in Paragraph 31.  GEO denies the remaining allegations in Paragraph 31.

32.    GEO denies that any purported certification of Lead Plaintiff Oketola is attached to the Second Amended Complaint.  GEO lacks knowledge or information sufficient to form a belief as to Lead Plaintiff Oketola's alleged purchases of GEO common stock during the purported class period, and therefore denies the allegations in Paragraph 32.  GEO denies the remaining allegations in Paragraph 32.

33.     GEO denies that it is incorporated in Maryland.  GEO admits that its corporate headquarters is in Boca Raton, Florida, and that its common stock trades on the NYSE under the symbol "GEO."

34.     GEO admits that Mr. Zoley is the Executive Chairman of GEO's Board of Directors; that Mr. Zoley served as CEO beginning when the Company went public in 1994; that Mr. Zoley served as GEO's Vice Chairman of the Board of Directors from January 1997 to May of 2002; that Mr. Zoley founded GEO in 1984; that Mr. Zoley served as President and Director from GEO's incorporation in 1988 until it went public in 1994; that Mr. Zoley also serves as a director of several business subsidiaries through which GEO conducts its operations worldwide; and that Mr. Zoley has bachelor's and master's degrees in Public Administration from Florida Atlantic University and a Doctorate Degree in Public Administration from Nova Southeastern University.  GEO denies that Mr. Zoley currently serves as its CEO, and further denies that Mr. Zoley has served as CEO since the Company went public in 1994.

35.     GEO admits only that Mr. Zoley was an officer and director of the Company during the putative class period and had knowledge of certain details of GEO's internal affairs.  GEO denies the remaining allegations in Paragraph 35.

36.     GEO admits that Mr. Zoley was an officer and director of the Company during the putative class period.  GEO denies the remaining allegations in Paragraph 36.

37.     GEO admits that Mr. Zoley was an officer and director of the Company during the putative class period.  GEO responds that the statements in Paragraph 37 regarding Mr. Zoley's duties as an officer and director of the Company state legal conclusions and questions of law to which no response is required.  To the extent that a response is required, GEO denies the remaining allegations in Paragraph 37.

38.     GEO admits that Mr. Zoley was an officer and director of the Company.   GEO denies the remaining allegations in Paragraph 38.

39.     GEO denies the allegations in Paragraph 39.

40.     There is no numbered Paragraph 40 in the Second Amended Complaint.

41.     There is no numbered Paragraph 41 in the Second Amended Complaint.

42.     There is no numbered Paragraph 42 in the Second Amended Complaint.

43.     There is no numbered Paragraph 43 in the Second Amended Complaint.

44.     GEO admits only that it was founded in 1984; that it operates internationally; that it provides complementary, turnkey solutions for numerous government partners worldwide across a spectrum of diversified correctional and community reentry services; and that it aspires to be the world's leading provider of evidence-based rehabilitation across its diversified spectrum of correctional and community reentry services.   GEO denies that it is currently a REIT, and denies the remaining allegations in Paragraph 44.

45.     GEO admits only that it restructured as a REIT as of January 1, 2013, but denies that it is currently a REIT.   GEO denies the remaining allegations in Paragraph 45.

46.     GEO admits only that each agreement it has entered into speaks for itself and denies any inconsistent allegations in Paragraph 46.

47.     GEO denies the allegations in Paragraph 47.

48.     GEO denies the allegations in Paragraph 48.

49.     In response to the allegations contained in Paragraph 49, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form

the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 49, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 49 are denied.

50.     In response to the allegations contained in Paragraph 50, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 50, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 50 are denied.

51.     In response to the allegations contained in Paragraph 51, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 51, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 51 are denied.

52.     In response to the allegations contained in Paragraph 52, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously

"dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 52, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 52 are denied.

53.     In response to the allegations contained in Paragraph 53, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 53, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 53 are denied.

54.     In response to the allegations contained in Paragraph 54, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 54, because the Court has previously

dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 54 are denied.

55.     In response to the allegations contained in Paragraph 55, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 55, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 55 are denied.

56.     In response to the allegations contained in Paragraph 56, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 56, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 56 are denied.

57.     GEO admits only that certain lawsuits have been filed against it, as disclosed in its SEC filings when and to the extent required by the federal securities laws.  Each lawsuit speaks for itself, and GEO denies any inconsistent allegations relating to such lawsuits in Paragraph 57. GEO denies the remaining allegations in Paragraph 57.

58.     In response to the allegations contained in Paragraph 58, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 58, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 58 are denied.

59.     GEO admits only that a putative class action lawsuit, *Menocal v. GEO Group, Inc.*, Civil Action No. 14-cv-02887, was filed regarding the Aurora Facility in Aurora, Colorado, and that the procedural history of that lawsuit, including pleadings and orders, speaks for itself.  GEO denies any inconsistent allegations in Paragraph 59.

60.     GEO admits only that more than one lawsuit was filed regarding ICE's Voluntary Work Program at certain of GEO's facilities.  GEO states that Mr. Zoley's May 30, 2018 letter to ICE speaks for itself, and denies any inconsistent allegations in Paragraph 60.  GEO also states that Senator Warren's July 24, 2019 letter to the SEC Chairman speaks for itself, and denies any inconsistent allegations in Paragraph 60.  GEO specifically denies that it made any misleading public statements and omissions of material facts, and denies the allegations in the last sentence of Paragraph 60.  The remaining allegations in Paragraph 60 are denied.

61.     In response to the allegations contained in Paragraph 61, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations

contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 61, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 61 are denied.

62.     In response to the allegations contained in Paragraph 62, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 62, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 62 are denied.

63.     In response to the allegations contained in Paragraph 63, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 63, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 63 are denied.

64.     In response to the allegations contained in Paragraph 64, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 64, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 64 are denied.

65.     In response to the allegations contained in Paragraph 65, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 65, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 65 are denied.

66.     In response to the allegations contained in Paragraph 66, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive

pleading is required to the allegations contained in Paragraph 66, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 66 are denied.

67.     In response to the allegations contained in Paragraph 67, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 67, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 67 are denied.

68.     In response to the allegations contained in Paragraph 68, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 68, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 68 are denied.

69.     In response to the allegations contained in Paragraph 69, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending

lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 69, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 69 are denied.

70.     In response to the allegations contained in Paragraph 70, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 70, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 70 are denied.

71.     In response to the allegations contained in Paragraph 71, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 71, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 71 are denied.

72.     In response to the allegations contained in Paragraph 72, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 72, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 72 are denied.

73.     In response to the allegations contained in Paragraph 73, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 73, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 73 are denied.

74.     In response to the allegations contained in Paragraph 74, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive

pleading is required to the allegations contained in Paragraph 74, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 74 are denied.

75.     In response to the allegations contained in Paragraph 75, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 75, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 75 are denied.

76.     In response to the allegations contained in Paragraph 76, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 76, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 76 are denied.

77.     In response to the allegations contained in Paragraph 77, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending

lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 77, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 77 are denied.

78.     In response to the allegations contained in Paragraph 78, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 78, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 78 are denied.

79.     In response to the allegations contained in Paragraph 79, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 79, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 79 are denied.

80.     In response to the allegations contained in Paragraph 80, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 80, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 80 are denied.

81.     In response to the allegations contained in Paragraph 81, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 81, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 81 are denied.

82.     In response to the allegations contained in Paragraph 82, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive

pleading is required to the allegations contained in Paragraph 82, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 82 are denied.

83.     In response to the allegations contained in Paragraph 83, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 83, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 83 are denied.

84.     In response to the allegations contained in Paragraph 84, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 84, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 84 are denied.

85.     In response to the allegations contained in Paragraph 85, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending

lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 85, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 85 are denied.

86.    In response to the allegations contained in Paragraph 86, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 86, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 86 are denied.

87.    In response to the allegations contained in Paragraph 87, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 87, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 87 are denied.

88.     In response to the allegations contained in Paragraph 88, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 88, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 88 are denied.

89.     In response to the allegations contained in Paragraph 89, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 89, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 89 are denied.

90.     In response to the allegations contained in Paragraph 90, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive

pleading is required to the allegations contained in Paragraph 90, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 90 are denied.

91.     In response to the allegations contained in Paragraph 91, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 91, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 91 are denied.

92.     In response to the allegations contained in Paragraph 92, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 92, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 92 are denied.

93.     In response to the allegations contained in Paragraph 93, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending

lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 93, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 93 are denied.

94.     In response to the allegations contained in Paragraph 94, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 94, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 94 are denied.

95.     In response to the allegations contained in Paragraph 95, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 95, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 95 are denied.

96.     In response to the allegations contained in Paragraph 96, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 96, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 96 are denied.

97.     In response to the allegations contained in Paragraph 97, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 97, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 97 are denied.

98.     In response to the allegations contained in Paragraph 98, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive

pleading is required to the allegations contained in Paragraph 98, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 98 are denied.

99.     In response to the allegations contained in Paragraph 99, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 99, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 99 are denied.

100.     In response to the allegations contained in Paragraph 100, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 100, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 100 are denied.

101.     In response to the allegations contained in Paragraph 101, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about

pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 101, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 101 are denied.

102.    In response to the allegations contained in Paragraph 102, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 102, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 102 are denied.

103.    In response to the allegations contained in Paragraph 103, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 103, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 103 are denied.

104.     In response to the allegations contained in Paragraph 104, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 104, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 104 are denied.

105.     In response to the allegations contained in Paragraph 105, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 105, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 105 are denied.

106.     In response to the allegations contained in Paragraph 106, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such,

no responsive pleading is required to the allegations contained in Paragraph 106, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 106 are denied.

107.    GEO admits that it filed a Form 10-Q with the SEC on November 8, 2018.  GEO states that the November 8, 2018 Form 10-Q speaks for itself, and denies any inconsistent allegations in Paragraph 107.

108.    GEO denies the allegations in Paragraph 108.

109.    GEO states that any statement made by Mr. Evans during the February 14, 2019 Fourth Quarter 2018 Earnings Conference Call speaks for itself, and denies any inconsistent allegations in Paragraph 109.

110.    GEO denies the allegations in Paragraph 110.

111.    GEO admits that it filed a Form 10-K with the SEC on February 25, 2019.  GEO states that the February 25, 2019 Form 10-K speaks for itself, and denies any inconsistent allegations in Paragraph 111.

112.    GEO denies the allegations in Paragraph 112.

113.    GEO admits that it filed a Form 10-Q with the SEC on May 6, 2019.  GEO states that the May 6, 2019 Form 10-Q speaks for itself, and denies any inconsistent allegations in Paragraph 113.

114.    GEO denies the allegations in Paragraph 114.

115.    In response to the allegations contained in Paragraph 115, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 115, because the Court has previously

dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 115 are denied.

116.    In response to the allegations contained in Paragraph 116, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 116, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 116 are denied.

117.    In response to the allegations contained in Paragraph 117, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 117, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 117 are denied.

118.    In response to the allegations contained in Paragraph 118, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 118, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 118 are denied.

119.    In response to the allegations contained in Paragraph 119, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 119, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 119 are denied.

120.    In response to the allegations contained in Paragraph 120, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 120, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 120 are denied.

121.    In response to the allegations contained in Paragraph 121, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 121, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 121 are denied.

122.    In response to the allegations contained in Paragraph 122, GEO states that, in the June 21 Order on Motion to Dismiss, the Court specifically held that "Defendants' Motion to Dismiss is **GRANTED** as to all statements made after July 17, 2019.  [Lead] Plaintiffs' claim shall

proceed only on those statements made before July 17, 2019 . . ."  As such, no responsive pleading is required to the allegations contained in Paragraph 122, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 122 are denied.

123.    In response to the allegations contained in Paragraph 123, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 123, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 123 are denied.

124.    In response to the allegations contained in Paragraph 124, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 124, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 124 are denied.

125.    In response to the allegations contained in Paragraph 125, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had

previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 125, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 125 are denied.

126.    In response to the allegations contained in Paragraph 126, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 126, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 126 are denied.

127.    In response to the allegations contained in Paragraph 127, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 127, because the Court

has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 127 are denied.

128.     Responding to the allegations in Paragraph 128, GEO states that Mr. Zoley's May 30, 2018 letter to ICE speaks for itself, and denies any inconsistent allegations in Paragraph 128. GEO states that the historical price of GEO's common stock speaks for itself, and denies any inconsistent allegations in Paragraph 128.  GEO denies the remaining allegations in Paragraph 128.

129.     In response to the allegations contained in Paragraph 129, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 129, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 129 are denied.

130.     In response to the allegations contained in Paragraph 130, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 130, because the Court

has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 130 are denied.

131. In response to the allegations contained in Paragraph 131, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 131, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 131 are denied.

132. In response to the allegations contained in Paragraph 132, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint. However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint. As such, no responsive pleading is required to the allegations contained in Paragraph 132, because the Court has previously dismissed these allegations. To the extent a response is required, the allegations in Paragraph 132 are denied.

133. In response to the allegations contained in Paragraph 133, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the

allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 133, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 133 are denied.

134.    In response to the allegations contained in Paragraph 134, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 134, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 134 are denied.

135.    In response to the allegations contained in Paragraph 135, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 135, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 135 are denied.

136.    In response to the allegations contained in Paragraph 136, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 136, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 136 are denied.

137.    In response to the allegations contained in Paragraph 137, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 137, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 137 are denied.

138.    In response to the allegations contained in Paragraph 138, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such,

no responsive pleading is required to the allegations contained in Paragraph 138, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 138 are denied.

139.    GEO denies the allegations in Paragraph 139.

140.    GEO denies the allegations in Paragraph 140.

141.    In response to the allegations contained in the second sentence of Paragraph 141, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in the second sentence of Paragraph 141, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in the second sentence of Paragraph 141 are denied.  GEO denies the remaining allegations in Paragraph 141.

142.    In response to the allegations contained in Paragraph 142, GEO responds that Senator Warren's July 24, 2019 letter to the SEC Chairman speaks for itself, and denies any inconsistent allegations in Paragraph 142.  GEO further responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the remaining allegations contained in Paragraph 142, because the Court has previously

dismissed these allegations.  To the extent a response is required, the remaining allegations in Paragraph 142 are denied.

143.    GEO denies the allegations in Paragraph 143.

144.    GEO denies the allegations in the first sentence of Paragraph 144.  Responding to the remaining allegations in Paragraph 144, GEO further responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in the second through ninth sentences of Paragraph 144, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in the second through ninth sentences of Paragraph 144 are denied.

145.    In response to the allegations contained in Paragraph 145, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 145, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 145 are denied.

146.    In response to the allegations contained in Paragraph 146, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had

previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 146, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 146 are denied.

146.    In response to the allegations contained in Paragraph 147, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 147, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 147 are denied.

148.    In response to the allegations contained in Paragraph 148, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 148, because the Court

has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 148 are denied.

149.     In response to the allegations contained in Paragraph 149, GEO responds that, in the June 21 Order on Motion to Dismiss, the Court specifically noted that although it had previously "dismissed all of [Lead] Plaintiffs' claims except those based on statements about pending lawsuits . . . ," Lead "Plaintiffs' [Second Amended Complaint] contains most of the allegations contained in the Amended Complaint.  However, only the statements about pending lawsuits form the basis of [Lead] Plaintiffs' claims" in the Second Amended Complaint.  As such, no responsive pleading is required to the allegations contained in Paragraph 149, because the Court has previously dismissed these allegations.  To the extent a response is required, the allegations in Paragraph 149 are denied.

150.     GEO denies the allegations in Paragraph 150.

151.     GEO denies the allegations in Paragraph 151.

152.     GEO denies the allegations in Paragraph 152.

153.     GEO denies the allegations in Paragraph 153.

154.     GEO denies the allegations in Paragraph 154.

155.     GEO denies the allegations in Paragraph 155.

156.     GEO admits that Lead Plaintiffs purport to bring a federal securities class action on behalf of a putative class of persons who purchased or otherwise acquired GEO common stock during a proposed purported class period.  However, Lead Plaintiffs' proposed purported class period has been modified by this Court in its June 21 Order on Motion to Dismiss.  GEO denies that any of Lead Plaintiffs' claims have any merit, and denies that any putative class should be certified pursuant to Federal Rule of Civil Procedure 23.

157.     GEO admits that GEO's common stock was traded on the NYSE during the purported class period as modified by the Court in its June 21 Order on Motion to Dismiss.  GEO denies the remaining allegations in Paragraph 157.

158.     GEO denies the allegations in Paragraph 158.

159.     GEO denies the allegations in Paragraph 159.

160.     GEO denies the allegations in Paragraph 160.

161.     GEO denies the allegations in Paragraph 161.

162.     GEO lacks knowledge or information sufficient to form a belief as to what Lead Plaintiffs' will rely upon, and therefore denies the allegations in Paragraph 162.

163.     GEO denies the allegations in Paragraph 163.

164.     GEO denies the allegations in Paragraph 164.

### COUNT I
**Violations of § 10(b) of the Exchange Act and Rule 10b-5**
**Against All Defendants**

165.     GEO repeats and realleges its responses to Paragraphs 1 to 164 above as if fully set forth herein.

166.     GEO admits that Count I is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder and is purportedly asserted against Defendants.  GEO denies that Count I has any merit.

167.     GEO denies the allegations in Paragraph 167.

168.     GEO denies the allegations in Paragraph 168.

169.     GEO denies the allegations in Paragraph 169.

170.     GEO denies the allegations in Paragraph 170.

171.     GEO denies the allegations in Paragraph 171.

172.     GEO denies the allegations in Paragraph 172.

173.    GEO denies the allegations in Paragraph 173.

174.    GEO denies the allegations in Paragraph 174.

**COUNT II**
**Violations of § 20(a) of the Exchange Act**
**Against Defendant Zoley**

175.    GEO repeats and realleges its responses to Paragraphs 1 to 164 above as if fully set forth herein.

176.    Count II is not directed towards GEO and therefore no response by it is required or provided.

177.    Count II is not directed towards GEO and therefore no response by it is required or provided.

178.    Count II is not directed towards GEO and therefore no response by it is required or provided.

179.    Count II is not directed towards GEO and therefore no response by it is required or provided.

180.    Count II is not directed towards GEO and therefore no response by it is required or provided.

**PRAYER FOR RELIEF**

181.    GEO denies Lead Plaintiffs' Prayer for Relief in all respects.

**GENERAL DENIAL**

182.    GEO states that the disclosures referenced in Appendix A to the Second Amended Complaint speak for themselves and denies any inconsistent allegations.

183.    GEO denies each and every allegation of the Second Amended Complaint to which it has not otherwise made a specific response in this Answer.

## **AFFIRMATIVE DEFENSES**

GEO will rely on all defenses available to it at the time of trial of this matter and reserves the right to amend its Answer and Affirmative Defenses.  For its Affirmative Defenses, GEO pleads as follows, without assuming the burden of proof where it otherwise rests with Lead Plaintiffs:

### **First Defense**

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### **Second Defense**

Lead Plaintiffs and other alleged members of the putative class lack standing to bring this action and pursue their claims.

### **Third Defense**

Lead Plaintiffs' claims are barred, in whole or in part, by the doctrines of assumption of risk, waiver, ratification, estoppel and/or laches.

### **Fourth Defense**

The Second Amended Complaint fails to allege fraud with particularity as required by Fed. R. Civ. P. 9(b).

### **Fifth Defense**

The Second Amended Complaint fails to comply with the pleading standards and requirements of the Private Securities Litigation Reform Act of 1995.

### **Sixth Defense**

GEO did not act with the requisite scienter to give rise to any claims against it under Section 10(b) or Rule 10b-5.

## Seventh Defense

The purported false statements or omissions alleged in the Second Amended Complaint were not material.

## Eighth Defense

The Second Amended Complaint is barred on the grounds and to the extent that the statements alleged were true and accurate when made.

## Ninth Defense

Lead Plaintiffs' claims are barred because they are based upon forward-looking statements, which are protected by the safe harbor provided under the Private Securities Litigation Reform Act of 1995.

## Tenth Defense

Lead Plaintiffs' claims are barred by the bespeaks caution doctrine.

## Eleventh Defense

GEO acted in good faith and had no knowledge or belief, and was not reckless in not knowing, that any statement or omission alleged in the Second Amended Complaint was false or misleading at the time it was made.

## Twelfth Defense

GEO did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Lead Plaintiffs.

## Thirteenth Defense

Lead Plaintiffs' purported claims are barred because GEO's actions or inactions are not the cause in fact, nor the legal cause, nor the proximate cause of Lead Plaintiffs' alleged losses or damages.

### Fourteenth Defense

Any injury or damage which may have been suffered by Lead Plaintiffs resulted wholly or in substantial part from the misconduct of parties other than GEO, for which GEO is in no way liable.

### Fifteenth Defense

To the extent Lead Plaintiffs knew the truth of the alleged misrepresented or omitted facts, the Second Amended Complaint must be dismissed.

### Sixteenth Defense

To the extent that the truth of the alleged misrepresented or omitted facts were available to or within the market for the Company's stock, the Second Amended Complaint must be dismissed.

### Seventeenth Defense

Lead Plaintiffs assumed and accepted the risks associated with their investment in GEO's common stock, and any drop in the market price of GEO's common stock was due to superseding causes.

### Eighteenth Defense

Any damages suffered by Lead Plaintiffs are barred by Lead Plaintiffs' failure to mitigate their injuries or damages, if any.

### Nineteenth Defense

Any injury or damage which may have been suffered by Lead Plaintiffs resulted wholly or in substantial part from Lead Plaintiffs' failure to exercise due care and to reasonably protect themselves.

**Twentieth Defense**

In the event that Lead Plaintiffs prevail in this action, GEO is entitled to a set-off and/or reduction of any damages awarded equal to any payment to, or recovery by, Lead Plaintiffs from other sources.

**Twenty-First Defense**

This action may not properly be maintained as a class action.

**Twenty-Second Defense**

Lead Plaintiffs are not proper or adequate class representatives.

**Twenty-Third Defense**

Lead Plaintiffs' claims are not typical of the claims of the putative class of persons whom Lead Plaintiffs seek to represent; there are not questions of law or fact common to the members of the putative class, if any; and alternatively, to the extent that there may be questions of law or fact common to the members of the putative class, if any, those questions do not predominate over questions affecting only individual members, and a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.  Lead Plaintiffs' claims do not otherwise satisfy the requirements of Fed. R. Civ. P. 23 for class treatment.

**Twenty-Fourth Defense**

Lead Plaintiffs are not entitled to rely on the fraud-on-the-market presumption, and are therefore required to prove individual reliance on any alleged misstatements or omissions.

**Twenty-Fifth Defense**

To the extent GEO is found liable, any liability must be apportioned pursuant to the terms of the Private Securities Litigation Reform Act of 1995 and other applicable law.

### Twenty-Sixth Defense

Lead Plaintiffs' claims are barred because factors other than the alleged misconduct, including but not limited to the condition and volatility of the stock market and economy, and business and industry conditions, were the actual and/or legal cause of any alleged damages or injury.

### Twenty-Seventh Defense

Lead Plaintiffs' claims are barred because any damage or injury suffered by Lead Plaintiffs and others alleged to be members of the putative class is speculative and not recoverable.

### Twenty-Eighth Defense

Lead Plaintiffs' claims are barred because Lead Plaintiffs and others alleged to be members of the putative class did not reasonably rely on any alleged misstatements or omissions.

### Twenty-Ninth Defense

Lead Plaintiffs' claims are barred because Lead Plaintiffs and others alleged to be members of the putative class did not suffer any damages or injury.

### Thirtieth Defense

Lead Plaintiffs' claims are barred because GEO acted in accordance with the rules and regulations set forth by the SEC and other administrative, regulatory and government agencies.

### Thirty-First Defense

Lead Plaintiffs' claims are barred because the statements at issue were vague and immaterial and thus not actionable.

### Thirty-Second Defense

GEO did not directly or indirectly induce or foster any violation of the securities laws.

### Thirty-Third Defense

GEO's purported false statements were not the cause of any drop in the market price of GEO's stock during the putative class period, as modified by the Court in its June 21 Order on Motion to Dismiss.

### Thirty-Fourth Defense

The Second Amended Complaint does not establish loss causation.

### Thirty-Fifth Defense

Lead Plaintiffs' claims are barred by the "truth on the market" doctrine because the truth concerning any alleged misrepresentation or omission was at all relevant times already publicly available and/or known to the market and could therefore not defraud the market.

### Thirty-Sixth Defense

Lead Plaintiffs' claims are barred because the substance of the information alleged to have been omitted or misrepresented was in fact publicly disclosed by GEO, and was otherwise publicly available and known by the public.

### Thirty-Seventh Defense

Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs had knowledge of the alleged untruths or omissions at the time they acquired the securities in question.

### Thirty-Eighth Defense

Lead Plaintiffs' claims fail to the extent they rely on unproven allegations made in other litigation and/or articles relating thereto.

### Thirty-Ninth Defense

Lead Plaintiffs' claims fail because any alleged misstatements contained sufficient cautionary language and risk disclosure.

### Fortieth Defense

Lead Plaintiffs and other alleged members of the putative class would have acquired GEO stock even if, when acquired, they had known of the alleged misrepresentations or omissions.

### Forty-First Defense

Lead Plaintiffs' damages, if any, resulted from ongoing economic events, over which GEO had no control.

### Forty-Second Defense

Any recovery for damages allegedly incurred by Lead Plaintiffs and members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Lead Plaintiffs or each member of the putative class through its/his/her investments.

### Forty-Third Defense

GEO hereby reserves its right to assert, at a later date, third-party complaints or cross-claims against other parties for contribution or indemnity.

WHEREFORE, GEO, having fully answered Plaintiffs' Second Amended Complaint, prays:

(1)     that the Second Amended Complaint be dismissed with prejudice;

(2)     that judgment be entered in Defendants' favor;

(3)     that all costs of this action be taxed against Lead Plaintiffs;

(4)     that Defendants' attorneys' fees be taxed against Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995; and

(5)     for such other and further relief as the Court deems just and proper.

Dated:  July 1, 2022

Respectfully submitted,

**KING & SPALDING, LLP**
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 4700
Miami, Florida  33131
Telephone:  (305) 462-6000

By: */s/ Brian P. Miller*
    Brian P. Miller, Esq.
    Florida Bar No. 0980633
    bmiller@kslaw.com
    Samantha J. Kavanaugh, Esq.
    Florida Bar No. 0194662
    skavanaugh@kslaw.com
    Ross E. Linzer, Esq.
    Florida Bar No. 0073094
    rlinzer@kslaw.com

    ***Counsel for Defendant The GEO Group, Inc.***