**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-81063-CIV-SMITH/MAYNARD**

**STEVE HARTEL,** individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

**THE GEO GROUP, INC.,** *et al.*,

      Defendants**.**

_____/

## ORDER SETTING DISCOVERY PROCEDURES

This matter is before this Court *sua sponte*. The Honorable Rodney Smith, United States

District Judge, has referred all non-dispositive pretrial motions, including discovery matters in this

case, to the undersigned United States Magistrate Judge. *See* 28 U.S.C. § 636(b); *see also* S.D.

Fla. L.R. Mag. R. 1. In order to efficiently resolve discovery disputes, the parties are hereby

notified that the following rules apply to discovery procedures before this Court. These procedures

do not apply to any discovery motion currently pending before the undersigned but shall apply to

any discovery motion filed after the date of this Order. These procedures are designed to assist

the parties and Court in working together to timely resolve discovery disputes without undue delay

and unnecessary expense. This Court may decline to consider a motion or response which does

not comply with these procedures.

    **I.**      **PROCEDURES FOR DISCOVERY DISPUTES**

    A.      **Pre-hearing Communication.** If a discovery dispute arises, counsel must actually

speak to one another (in person or on via telephone) and engage in reasonable compromise in a

genuine effort to resolve their discovery disputes before seeking Court intervention. The Court

expects all parties to act courteously and professionally in the resolution of discovery disputes in an attempt to resolve the discovery issue prior to setting a hearing.  Even after a motion is filed or hearing is set, the parties are encouraged to continue to pursue settlement of any disputed discovery matters.  If those efforts are successful, counsel should contact Judge Maynard's chambers as soon as practicable so that the hearing can be timely canceled.  Alternatively, if the parties resolve some, but not all, of their issues before the hearing, counsel shall timely contact chambers to relay which issues are no longer in dispute.

B.     **Discovery Motions.**  If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a motion, **no more than five (5) pages in length**.  The moving party may attach as exhibits to the motion materials relevant to the discovery dispute.  For example, if the dispute concerns interrogatories, the interrogatory responses (which restate the interrogatories) shall be filed, with an indication of which interrogatories remain in dispute.  Because the parties may attach relevant discovery to the motion, compliance with S.D. Fla. L.R. 26.1(g)(2) or (3) is not required.  The movant shall include in the motion a certificate of good faith that complies with S.D. Fla. L.R. 7.1(a)(3). The opposing party shall file a response to the discovery motion **within five (5) days** of receipt of the motion.  The response shall be **no more than five (5) pages in length.**  The responding party may attach as exhibits materials relevant to the discovery dispute as outlined above.  **No replies are permitted unless ordered by the Court.**

If the Court determines that a discovery hearing on the motion is necessary, chambers will set a hearing date and time.

These procedures do not relieve parties of the requirements of any Federal Rule of Civil Procedure or Local Rule except as noted above.

C.  **Expenses (Including Attorney's Fees) and Sanctions.**  This Court reminds the parties and counsel that Federal Rule of Civil Procedure 37(a)(5) requires courts to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling.

The Court expects all parties to act courteously and professionally in the resolution of their discovery dispute.  The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

II.  **SCOPE OF DISCOVERY AND OBJECTIONS**

A.  **Rule 26(b)(1).**  Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Therefore, an objection that a discovery request is not reasonably calculated to lead to admissible evidence is based upon an outdated discovery standard.  Such an objection is meaningless and will be found meritless by this Court.  An objection based on relevance or proportionality must include a specific explanation describing why the requested discovery lacks relevance and/or why the requested discovery is disproportionate in light of the factors set out in Rule 26(b)(1).

B.  **Boilerplate or General Objections.**  The parties shall not make nonspecific, boilerplate objections.  *See, e.g.*, Local Rule 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure

34, the objection shall state with specificity all grounds."). The parties also shall not make General Objections that are not tied to a particular discovery request. Such objections are meaningless and will be found meritless by this Court.

C.     **Vague, Overly Broad, and Unduly Burdensome.**  Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court. A party objecting on these grounds must explain the specific and particular way in which the request is vague, overly broad or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B). In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome. *See, e.g., Democratic Republic of Congo v. Air Capital Grp., LLC*, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (quoting *Sallah v. Worldwide Clearing LLC*, 855 F. Supp.2d 1364, 1376 (S.D. Fla. 2012). If a party believes that a request or a term is vague, that party shall attempt to obtain clarification from opposing counsel prior to objecting on vagueness grounds. If the objecting party asserts that the request seeks materials that are not relevant, the objection should say so and explain why. Alternatively, if the objector asserts that the request seeks materials that are relevant, but excessive or cumulative, the objection should state that the request is disproportionate and explain why.

If a party believes a discovery request seeks information that is irrelevant, unduly broad, burdensome, or disproportionate, that party shall confer in good faith with opposing counsel to narrow the scope of the request before asserting these objections. That party shall also provide discovery as to those matters for which the scope or burden is not contested. For example, if there is an objection based upon the scope of the request, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed. Thus, if

discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

D. **Formulaic Objections Followed by an Answer.** The parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. This type of objection and answer preserves nothing and serves only to waste the time and resources of the parties and this Court. Further, such practice leaves the requesting party uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered. *See* ABA Civil Discovery Standards at 18-19 (2004), available at https://www.americanbar.org/content/dam/aba/administrative/litigation/civil-discovery standards.pdf; *see also Thermoset Corp. v. Bldg. Materials Corp. of America*, 2014 WL 6473232, at *3-4 (S.D. Fla. Nov. 18, 2014) (collecting cases).

E. **Objections Based Upon Privilege.** Generalized objections asserting attorney-client privilege or work-product doctrine also do not comply with the Local Rules. S.D. Fla. L.R. 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. The parties are instructed to carefully review this rule and to refrain from general non-specific privilege objections. If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed to have been waived.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of August 2022.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE