# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:20-81063-CIV-SMITH/MAYNARD**

STEVE HARTEL, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

THE GEO GROUP, INC., *et al.*,

Defendants.

_____

## STIPULATED PROTECTIVE ORDER

1. ### PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, Lead Plaintiffs James Michael DeLoach and Edward Oketola ("Plaintiffs") and defendants The GEO Group, Inc. and George C. Zoley ("Defendants"; together with Plaintiffs, the "Parties"), hereby jointly stipulate to and petition the Court to enter the following Stipulated Protective Order ("Stipulated Protective Order").

The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Further, the entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters,

including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

The Parties further acknowledge, as set forth in Section 11.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules 5.3(b)(3)(C) and 5.4(b) set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    **DEFINITIONS**

2.1    Action: the above-entitled proceeding, *Hartel v. The GEO Group, Inc. et al.*, United States District Court for the Southern District of Florida, Case No. 20-81063-CIV-SMITH/MAYNARD.

2.2    Challenging Party: a Party that challenges the designation of Protected Material under this Stipulated Protective Order.

2.3    "CONFIDENTIAL" Disclosure or Discovery Material: Disclosure or Discovery Material (regardless of how it is generated, stored, or maintained) that (i) qualifies for protection under Federal Rule of Civil Procedure 26(c), (ii) is confidential pursuant to applicable law, or (iii) is not commonly known by or available to the public, and which derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means.

2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Court: the Honorable Rodney Smith of the United States District Court for the Southern District of Florida, the Honorable Shaniek Maynard of the United States District Court for the Southern District of Florida, or any other judge to which this Action may be assigned, including Court staff.

2

2.6     <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8     <u>Expert</u>: a person with specialized knowledge or experience pertinent to this Action who has been engaged by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.9     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Material</u>: extremely sensitive Confidential Disclosure or Discovery Material, including but not limited to trade secrets, research and development, financial information, personnel files, and information, over which the Producing Party has a duty or obligation to maintain confidentiality, including but not limited to by operation of contract, or of federal, state, or foreign data protection laws, the disclosure of which to another Party, Non-Party, or unauthorized person would create a substantial risk of serious harm, including competitive harm, that could not be avoided by less restrictive means.

2.10    <u>House Counsel</u>: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3

2.12    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party, or are affiliated with a law firm which has appeared in this Action on behalf of that Party.

2.13    Party: any party to this Action.

2.14    Privileged Material: any Disclosure or Discovery Material that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege, the work product immunity, or the common interest privilege.

2.15    Producing Party: a Party or Non-Party that produces Protected Material in this Action.

2.16    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who have been engaged by a Party or its Counsel to provide litigation support services with respect to this Action.

2.17    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order.

2.18    Receiving Party: a Party that receives Protected Material in this Action.

3.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    **<u>DURATION</u>**

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    **<u>DESIGNATING PROTECTED MATERIAL</u>**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates Disclosure or Discovery Materials for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party is free to withdraw any designation made pursuant to this Stipulated Protective Order, at any time, upon notice to the Receiving Party. Nothing

herein shall prohibit a Designating Party from disputing a Challenging Party's challenge to any designation made pursuant to this Stipulated Protective Order.

    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (*see*, *e.g.*, second paragraph of Section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

    (a)   for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions, hearings, or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

    A Party or Non-Party that makes original Disclosure or Discovery Material available for inspection need not designate them for protection, pursuant to this Stipulated Protective Order, until after the inspecting Party has indicated which Disclosure or Discovery Material it would like copied and produced. During the inspection and before the designation, all of the Disclosure or Discovery Material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the Disclosure or Discovery Material it wants copied and produced, the Producing Party must determine which Disclosure or Discovery Material documents qualify for protection under this Stipulated Protective Order. Then, before producing the specified Disclosure or Discovery Material, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that, when practical, the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection, and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 45 days to identify, by written notice to the Parties and the court reporter, the specific portions of the testimony, by page and line number, as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 45 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 45-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3    <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate Disclosure or Discovery Materials as Protected Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such Disclosure or Discovery Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Stipulated Protective Order.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  After final disposition of this Action, as defined in Section 4, a Receiving Party must comply with the provisions of Section 12.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. Except for transmission to qualified recipients and for uses permitted under this Stipulated Protective Order, Protected Material shall not be copied or otherwise reproduced by a Receiving party without the written permission of the Producing Party or by further order of the Court.

6.2     Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, attorneys employed by Outside Counsel of Record's firm, and the support personnel employed by Outside Counsel of Record's firm, including law clerks, paralegals, assistants, secretaries, and clerical staff;

(b)    those officers, directors, partners, members, employees and agents of all Parties that Counsel for such Parties deems necessary to aid Counsel in the prosecution or defense of this Action, and who have signed the "Non-Disclosure Agreement" (Exhibit A);

(c)    the author of the Protected Material designated "CONFIDENTIAL" or persons to whom such Protected Material designated "CONFIDENTIAL" were addressed or delivered[1];

(d)    Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Non-Disclosure Agreement" (Exhibit A);

(e)    the Court and all appropriate courts of appellate jurisdiction, including court staff and personnel;

(f)     stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Non-Disclosure Agreement" (Exhibit A);

---

[1]  In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Stipulated Protective Order to receive such Protected Material, prior to commencement of the deposition, the Non-Party witness' attorney must provide an executed "Non-Disclosure Agreement" (Exhibit A). In the event such attorney declines to sign the "Non-Disclosure Agreement" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

(g)   any mediator, arbitrator, or referee retained by the Parties to assist them in alternative dispute resolution proceedings relating to this Action on a confidential basis;

(h)   such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, attorneys employed by Outside Counsel of Record's firm, and the support personnel employed by Outside Counsel including law clerks, paralegals, assistants, secretaries, and clerical staff;

(b)   the author of the Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or persons to whom such Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" were addressed or delivered;

(c)   Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Non-Disclosure Agreement" (Exhibit A);

(d)   the Court and all appropriate courts of appellate jurisdiction, including court staff and personnel;

(e)   stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Non-Disclosure Agreement" (Exhibit A);

(f)   any mediator, arbitrator, or referee retained by the Parties to assist them in alternative dispute resolution proceedings relating to this Action on a confidential basis;

(g)  such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

7.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1  Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice, to the Designating Party, of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the Challenging Party's written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Stipulated Protective Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3  Judicial Intervention. If the Challenging Party and the Designating Party cannot resolve a challenge without Court intervention, the Challenging Party shall initiate the discovery

dispute procedures set forth in Magistrate Maynard's August 22, 2022 Order Setting Discovery Procedures within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such challenge submitted to Magistrate Judge Maynard must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in Section 7.2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Receiving Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any person subject to this Stipulated Protective Order who has custody of any Protected Material receives a subpoena or other process ("Subpoena") from any court, arbitral, administrative, or legislative body, or any other person or entity demanding production of Protected Material, the recipient of the Subpoena shall promptly give notice of the same, by electronic mail transmission, followed by either express mail or overnight delivery, to Outside Counsel of Record for the Designating Party, and shall furnish such Outside Counsel of Record with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Protected Material, and/or seek to obtain confidential treatment of such Protected Material from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena shall respond to the Subpoena by indicating that the responsive material is Protected Material, subject to this Stipulated Protective Order, and may not produce any Protected Material pursuant to the Subpoena without agreement of the Designating Party, or without a Court order compelling the production of same.

9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Non-Disclosure Agreement" (Exhibit A).

10.    **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND JOINT DEFENSE PRIVILEGE**

10.1    This Stipulated Protective Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Disclosure or Discovery Material in this Action.  Any Party or Non-Party that complies with this Stipulated Protective Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected Disclosure or Discovery Material.

10.2    Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing Disclosure or Discovery Material for Privileged Material, taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

10.3    Except as otherwise provided herein, pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this Action, a Disclosing Party discloses Privileged Material (the "Disclosed Privileged Material"), the disclosure of the Disclosed Privileged Material shall not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including without limitation the attorney-client

13

privilege, the work product doctrine, or the common-interest privilege, that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Material and its subject matter. Any disclosure shall also not be deemed a waiver or forfeiture as to any other document or communication, whether concerning the same subject matter or a different subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

10.4    <u>Notice of Disclosed Privileged Material</u>. If a Disclosing Party determines that it has produced Disclosed Privileged Material, the Disclosing Party shall provide written notice to all counsel of record identifying the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice").

10.5    Any Receiving Party that receives a Disclosure Notice must: (a) immediately cease reviewing and using the Disclosed Privileged Material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice: (i) return, sequester, or destroy all copies of the Disclosed Privileged Material; (ii) upon request of the Disclosing Party, provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed; and (iii) notify any Party or Non-Party to whom the Receiving Party has provided the Disclosed Privileged Material that he, she, or it must comply with the obligations set forth in this Section, including, upon request of the Disclosing Party, to provide to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered or destroyed.

10.6    If a Receiving Party identifies Disclosure or Discovery Material that appears on its face to be Disclosed Privileged Material belonging to another Party or Non-Party, the Receiving Party is under a good-faith obligation to notify that other Party or Non-Party. Such notification shall not waive

the Receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Disclosure or Discovery Material.  If the Party or Non-Party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party shall provide a Disclosure Notice within fourteen (14) calendar days of receiving such notification. Nothing in this Stipulated Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the Disclosing Party that such Privileged Material has been produced.

10.7   <u>Contesting a Claim of Privilege or Protection</u>. A Party wishing to contest a claim of privilege or protection of this Stipulated Protective Order (the "Contesting Party") shall, within fourteen (14) calendar days of receipt of the Disclosure Notice, provide written notice to the Disclosing Party of each such claim it is contesting (the "Contestation Notice").  Any Contestation Notice shall expressly refer to this Section of this Stipulated Protective Order, and shall describe the basis for the contestation.  The Disclosing Party shall, within fourteen (14) calendar days of receiving a Contestation Notice, respond in writing by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim.  If the Contesting Party continues to dispute the claim(s) at issue, it shall notify the Disclosing Party in writing within fourteen (14) calendar days thereafter.  The Parties shall attempt to resolve each contestation in good faith by conferring directly.  A Contesting Party may proceed to the next stage of the contestation process, pursuant to Magistrate Judge Maynard's procedures, only if he, she or it has engaged in this meet-and-confer process in a timely manner.

10.8   If the relevant Parties or Non-Parties cannot resolve a contestation without court intervention, the Contesting Party may, within fourteen (14) calendar days of impasse, move the Court

for an order withdrawing the designation as to the specific claims on which the Contesting Party and the Disclosing Party could not agree ("Contestation Motion"). Such Contestation Motion must be filed under seal in accordance with the local rules, and in accordance with Magistrate Judge Maynard's procedures. The Contesting Party must not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure of the Discovery Material in this Action.

10.9     While a Contestation Motion is pending, all Parties and Non-Parties shall continue to follow the procedures described herein, and no Party or Non-Party shall use the Disclosed Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed motion.  Nothing herein shall limit the right of any Party or Non-Party to petition the Court for an *in camera* review of Disclosed Privileged Material.  Privileged Material may not be filed in the public record in this Action.

10.10    <u>Depositions</u>.  If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains its Privileged Material, that Party or Non-Party may at his, her or its sole election (a) allow the document to be used during the deposition without waiver of his, her or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party or Non-Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any Non-Parties shall sequester all copies of the purportedly privileged or protected document. Within fourteen (14) calendar days following the deposition, the Parties and any Non-Parties will commence the procedure to address the claim of privilege or other protection and any related disputes.  Until any such disputes are resolved, all Parties and Non-Parties who have access to the transcript of such deposition

shall treat the relevant portion of the transcript as Privileged Material. If any Party or Non-Party instructs the witness not to answer questions concerning the document on grounds of privilege, the Parties will cooperate in promptly following the procedures as applicable.

11.    **MISCELLANEOUS**

    11.1    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Specifically, the Parties may stipulate, without the need for Court approval, to narrow or extend the time periods specified in this Stipulated Protective Order. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Stipulated Protective Order may enter a written agreement releasing any other party hereto from one or more requirements of this Stipulated Protective Order even if the conduct subject to the release would otherwise violate the terms herein.

    11.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

    11.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this Action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

11.4    <u>Filing Protected Material.</u> Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rules 5.3(b)(3)(C) and 5.4(b). Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law, and further that good cause exists to permit the filing of the sealed material. If a Party's request to file Protected Material under seal is denied by the Court, then the Party may file the Protected Material in the public record unless otherwise instructed by the Court. Any sealed filing permitted by Court order shall be accompanied with redacted version(s) filed on the public docket.

11.5    <u>Use of Protected Material at Hearing or Trial.</u>  The Court will determine how Protected Material will be treated during hearing(s) or at trial of this Action. Subject to any challenges under Section 7, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material. In the event that Protected Material is unexpectedly necessary for use during a trial, counsel who intends to make use of such Protected Material shall, in advance of disclosing the contents of or otherwise utilizing such Protected Material, announce on the record his or her intent to utilize such Protected Material, at which time all persons to whom disclosure of such Protected Material is not authorized under this Stipulated Protective Order shall absent themselves from the courtroom.  The entry of this Stipulated Protective Order does not bind in any way the trial Judge's discretion regarding the presentation of evidence at trial.

11.6    <u>No Limitation on Legal Representation</u>. Nothing in this Stipulated Protective Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this Action based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Stipulated Protective Order.

11.7    <u>Violations</u>. In the event anyone shall violate or threaten to violate any term of this Stipulated Protective Order, the Parties agree that the aggrieved Party may apply to obtain appropriate relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order, including sanctions and/or contempt, or any other remedies as appropriate, as ordered by the Court. The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Stipulated Protective Order. In the event that any Protected Material is disclosed by a Receiving Party in violation of this Stipulated Protective Order, the Protected Material shall not lose its status as Protected Material through such disclosure, and the Parties shall take all steps reasonably required to assure its continued confidentiality.

11.8    <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date Counsel for such Party executes this Stipulated Protective Order, even if prior to entry of this Stipulated Protective Order by the Court.

12.    **<u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party, or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

13.  **INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION**

13.1   The United States District Court for the Southern District of Florida is responsible for the interpretation and enforcement of this Stipulated Protective Order. After final disposition of this Action, as defined in Section 4, the provisions of this Stipulated Protective Order shall continue to be binding except with respect to that Protected Material that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Stipulated Protective Order following final disposition of this Action. All disputes concerning Protected Material produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Southern District of Florida.

IT IS SO STIPULATED, THROUGH UNDERSIGNED COUNSEL OF RECORD on

this 31st day of October, 2022.

**FREEDMAN NORMAND FRIEDLAND LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (FL# 118177)
Velvel (Devin) Freedman (FL# 99762)
Ivy T. Ngo (*pro hac vice*)
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ceconomides@fnf.law
ingo@fnf.law
vel@fnf.law

**LEVI & KORSINSKY, LLP**
Adam M. Apton
Nicholas I. Porritt
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel.: (202) 524-4290
Fax: (202) 333-2121
aapton@zlk.com
nporritt@zlk.com

*Co-Lead Counsel for the Class*

**CULLIN O'BRIEN LAW, P.A.**
Cullin O'Brien (FL# 0597341)
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Tel.: (561) 676-6370
Fax: (561) 320-0285
cullin@cullinobrienlaw.com

*Additional Counsel for Lead Plaintiff James Michael DeLoach*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Tel.: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Edward Oketola*

**KING & SPALDING LLP**

*/s/ Brian P. Miller*
Brian P. Miller, Esq.
Florida Bar No. 0980633
bmiller@kslaw.com
Samantha J. Kavanaugh, Esq.
Florida Bar No. 0194662
skavanaugh@kslaw.com
Ross E. Linzer, Esq.
Florida Bar No. 0073094
rlinzer@kslaw.com
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000

*Counsel for Defendant The GEO Group, Inc.*

**GUNSTER, YOAKLEY & STEWART, P.A.**

*/s/ William K. Hill*
William K. Hill, Esq.
Florida Bar No. 747180
whill@gunster.com
George S. LeMieux, Esq.
Florida Bar No. 16403
glemieux@gunster.com
Ernest "EJ" A. Cox IV, Esq.
Florida Bar No. 124652
ecox@gunster.com
600 Brickell Avenue, 35th Floor
Miami, FL 33131
Telephone: (305) 376-6000
Facsimile: (786) 425-4090

*Counsel for Defendant George C. Zoley*

**DONE and ORDERED** in Chambers at Miami, Florida, this _____ day of _____, 2022.

_____
United States Magistrate Judge

22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:20-81063-CIV-SMITH/MAYNARD**

STEVE HARTEL, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

THE GEO GROUP, INC., *et al.*,

Defendants.

_____

**NON-DISCLOSURE AGREEMENT**

I, _____, state that:

1.      My address is

_____.

2.      My current employer is

_____.

3.      My present occupation or job title is

_____.

4.      I have read and understand the Stipulated Protective Order entered on

_____, 2022, in the above-referenced Action. I hereby agree to comply with all

of the terms of the Stipulated Protective Order, including holding in confidence and not disclosing

to any unqualified person any Protected Material, as defined in the Stipulated Protective Order.

5.      I understand that Protected Material, including any notes or other records that may

be made regarding any such Protected Materials, shall not be disclosed to anyone except as

expressly permitted by the Stipulated Protective Order.  Other than solely for the purposes of this

23

Action, I will not copy or use any Protected Material obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Action.

6.      I further understand that I am to retain all copies of all Protected Material provided to me in the Action in a secure manner, and that all copies of such Protected Material are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such Protected Material will be returned to counsel who provided me with such Protected Material.

7.      I hereby consent and submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purposes of enforcing the Stipulated Protective Order and this agreement to be bound thereby.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20_____.


_____
SIGNATURE


_____
PRINT NAME