**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-81063-CIV-SMITH/MAYNARD**

**STEVE HARTEL,** individually and on
behalf of all others similarly situated,

  Plaintiff,

v.

**THE GEO GROUP, INC.,** *et al.*

  Defendants.

_____/

**ORDER GRANTING JOINT MOTION**
**FOR ENTRY OF STIPULATED PROTECTIVE ORDER GOVERNING**
**CONFIDENTIALITY ("MOTION FOR CONFIDENTIALITY ORDER") (DE 79)**

**THIS CAUSE** is before me upon the referenced Motion for Confidentiality Order in which

the parties seek entry of a protective order to govern the production of confidential and proprietary

information in this case.  The proposed stipulated protective order ("Stipulated Protective Order")

is attached to the Motion for Confidentiality Order.

Having reviewed the provisions of the Stipulated Protective Order and in accordance with

Federal Rule of Civil Procedure 26(c)(1), this Court finds good cause to grant the Motion.  The

Court uses this Order to add additional provisos.  To the extent there is any inconsistency between

the Stipulated Protective Order and this Order, this Order governs.  The goal of these additional

provisos is to encourage the parties to think of ways to produce sensitive information in discovery

that minimizes the need for the confidentiality designation and that minimizes the need to file

evidence under seal.  To that end, I find as follows:

  1. The parties are advised that designation of material as subject to this Order has no

independent bearing on whether the Court will grant a motion to seal the material.  Motions to seal

are governed by Local Rule 5.4.  To the extent there is any inconsistency between Local Rule 5.4 and the Stipulated Protective Order, Local Rule 5.4 controls.

2.      The confidential designation shall be used only if genuinely <u>needed</u>.  That is, it shall be applied as narrowly as possible, limited as much as possible to discrete items of evidence and reserved for those matters that genuinely warrant it.  The parties shall refrain from the excessive and overbroad use of the confidential designation; such excessive and overbroad use implies that there is no real need for such protection in the first place.

3.      The excessive and overbroad use of the confidential designation hampers litigation in practical ways.  While the proposed order might ease the sharing of discovery, soon enough there will be need for the parties to begin proffering evidence to the Court in support of dispositive motions and eventually at trial.  This Court reminds the parties of the strong public policy, expressed at Local Rule 5.4(a), that Court proceedings "are public and Court filings are matters of public record."  Overuse of the confidential designation hinders the ability to litigate a case openly.  This Court's experience has shown that the overuse of confidential designations results in too many matters—or indeed the entire body of evidence—being proffered to the Court under seal.  The sealing of filings is instead an extraordinary remedy to be used sparingly.  Accordingly, motions to seal require a particularized and compelling showing sufficient to overcome the strong presumption in favor of public access in judicial proceedings.

4.      The parties therefore shall consider alternative means of handling sensitive information other than designating it as confidential pursuant to the terms of their Stipulated Protective Order.  The parties shall explore such alternatives, such as redaction, for protecting confidential information that will make it easier to proffer it as evidence.

Consistent with the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Confidentiality Order (DE 79) is **GRANTED**. The terms and provisions of the parties' Stipulated Protective Order (DE 79-1) are fully adopted and incorporated subject to the additional provisos set forth in this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of November, 2022.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE