EXECUTION VERSION

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

**Case No. 9:20-81063-CIV-SMITH**

STEVE HARTEL, Individually and on Behalf
of All Others Similarly Situated,

          Plaintiff,

    v.

THE GEO GROUP, INC., et al.,

          Defendants.

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of May 1, 2023 (the "Stipulation")[1], is hereby submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. This Stipulation is made and entered into by and among: (i) Lead Plaintiffs James Michael DeLoach and Edward Oketola (together, "Plaintiffs"), on behalf of themselves and the Settlement Class; and (ii) defendants The GEO Group, Inc. ("GEO" or the "Company") and George C. Zoley ("Zoley," and with GEO, "Defendants"; together with Plaintiffs, the "Parties"), by and through their respective counsel. This Stipulation embodies the terms and conditions of the Parties' settlement of the above-captioned action (the "Action"). Subject to the approval of the United States District Court for the Southern District of Florida (the "Court") and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, resolve, and discharge the Action and all Released Plaintiffs' Claims against Defendants.

---

[1] All capitalized terms used but not otherwise defined shall have the meanings ascribed to them in §IV.1 herein, and §IV.1 shall control over any conflicting definition of a capitalized term.

## I.     THE LITIGATION

The Action is pending before the Honorable Rodney Smith, United States District Judge for the Southern District of Florida.  The initial complaint in this Action was filed on July 7, 2020, styled *Hartel v. The GEO Group, Inc., et al.*, No. 9:20-cv-81063-RS (S.D. Fla.).  ECF No. 1.

By Omnibus Order dated September 30, 2020, the Court appointed James Michael DeLoach and Edward Oketola as Co-Lead Plaintiffs for the Action and approved Plaintiffs' selection of Levi & Korsinsky, LLP and Freedman Normand Friedland LLP (f/k/a Roche Cyrulnik Freedman LLP) as Co-Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B).  ECF No. 30.

On November 18, 2020, Plaintiffs filed a Consolidated Class Action Amended Complaint (the "Amended Complaint"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5, promulgated thereunder, against defendants GEO, Zoley, Brian R. Evans, J. David Donahue, and Ann M. Schlarb.  ECF No. 33.

On December 18, 2020, defendants GEO, Zoley, Evans, Donahue, and Schlarb moved to dismiss Plaintiffs' Amended Complaint.  ECF No. 36.

On September 23, 2021, the Court issued an Order granting in part and denying in part the motion to dismiss Plaintiffs' Amended Complaint.  ECF No. 45.  The Court dismissed all claims as to defendants Evans, Donahue and Schlarb and dismissed claims based on any statements other than statements about GEO's pending lawsuits.  *See id.* at 27.

The operative complaint in the Action is the Consolidated Class Action Second Amended Complaint (the "Complaint"), filed and served by Plaintiffs on October 4, 2021.  ECF No. 46.  The Complaint alleges violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, promulgated thereunder, against Defendants.  *See id.*  More specifically, Plaintiffs assert that

throughout the Class Period (November 9, 2018 and August 5, 2020, inclusive), Defendants allegedly made materially false and misleading statements and/or omitted material information, causing GEO's common stock to trade at artificially inflated prices, until the market learned of the purported misrepresentations and/or omissions, resulting in the decline in price of GEO common stock. *See id.*

On October 18, 2021, Defendants again moved to dismiss the Complaint. ECF No. 47. By Order dated June 21, 2022, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint. ECF No. 63. Defendants answered the Complaint on July 1, 2022. ECF Nos. 64 & 65.

On July 22, 2022, the Parties filed a Joint Scheduling Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. ECF No. 68. Between August and November 2022, the Parties served initial disclosures and discovery requests, and conducted numerous meet-and-confer discussions to determine the appropriate scope of discovery.

On December 4, 2022, the Parties attended an all-day mediation, with Robert A. Meyer of JAMS serving as the mediator. Subsequently, after additional discussion and negotiation facilitated by Mr. Meyer, the Parties reached an agreement-in-principle to resolve the Action, subject to certain terms and conditions and execution of a customary "long form" stipulation and agreement of settlement and related papers and approval by the Court. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

## II.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims alleged therein. That said, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings

necessary to prosecute the Action through class certification, summary judgment, trial, and possible appeals. Plaintiffs and Lead Counsel also considered the uncertain outcome and risk of any litigation, especially in complex actions such as this Action, and are mindful of the inherent hurdles of proof under, and possible defenses to, the securities law violations asserted therein. Based upon their investigation and prosecution of the case, Plaintiffs and Lead Counsel have concluded that the terms and conditions set forth in this Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiffs have determined that the Stipulation confers a substantial financial benefit to Plaintiffs and the other members of the Settlement Class.

## III. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiffs in this Action and any wrongdoing whatsoever.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any actual or potential claim, or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted on behalf of any of the Defendants. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have determined that it is desirable to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

4

**IV.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (on behalf of themselves and all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Persons and all Released Defendants' Claims as against the Releasing Plaintiffs shall be compromised, settled and released, and the Action shall be dismissed with prejudice, without costs as to the Plaintiffs or Defendants (except as hereafter provided), subject to the terms and conditions set forth below.

**1.     Definitions**

As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

1.1.     "Action" means the above-captioned securities class action, styled *Hartel v. The GEO Group, Inc., et al.*, Case No. 9:20-cv-81063-RS (S.D. Fla.).

1.2.     "Authorized Claimant" means any Claimant whose claim for recovery has been allowed pursuant to the terms of this Stipulation or by order of the Court.

1.3.     "Claim(s)" means a paper claim submitted on a Proof of Claim and Release Form or an electronic claim that is submitted to the Claims Administrator.

1.4.     "Claimant" means any Settlement Class Member who submits a Proof of Claim and Release Form in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe in order to share in the distribution of the Net Settlement Fund.

1.5.     "Claims Administrator" means Epiq Class Action and Claims Solutions, Inc.

1.6.   "Class Period" means the period commencing on November 9, 2018 and ending on August 5, 2020, both dates inclusive.

1.7.   "Defendants" means The GEO Group, Inc. and George C. Zoley.

1.8.   "Defendants' Counsel" means King & Spalding LLP and Gunster, Yoakley & Stewart, P.A.

1.9.   "Derivative Actions" means (i) *Fang v. Zoley, et al.*, Case No. 50-2021-CA-008487 (Fla., 15th Jud'l Cir.); (ii) *Zhang v. Zoley, et al.*, Case No. 21-82061-CIV-SMITH (S.D. Fla.); and (iii) *Maldonado v. Zoley, et al.*, Case No. 9:22-cv-81310-AMC (S.D. Fla.).

1.10.   "Effective Date" or the date upon which this Settlement becomes effective, means the first date by which all of the events and conditions specified in ¶ 7.1 of this Stipulation have been met and have occurred or have been waived.

1.11.   "Escrow Account" means an interest-bearing escrow account maintained at Citibank N.A., wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

1.12.   "Escrow Agent" means Citibank N.A.

1.13.   "Final" means, with respect to any order of the Court, including without limitation, the Final Judgment and Order, that such order represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order becomes Final when: (a) either no appeal has been filed and the expiration date for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment, has passed; or (b) an appeal has been filed and either, (i) the court

of appeals has either affirmed the order or Judgment or dismissed the appeal and the time for any reconsideration or further appellate review has passed, or (ii) the United States Supreme Court has granted further appellate review and has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.   For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; (ii) an award to Plaintiffs; (iii) the Plan of Allocation (as submitted or subsequently modified), or (iv) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.14.   "GEO" or the "Company" means The GEO Group, Inc.

1.15.   "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.16.   "Judgment" means the Final Judgment and Order, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.17. "Lead Counsel" means the law firms of Levi & Korsinsky, LLP and Freedman Normand Friedland LLP (f/k/a Roche Cyrulnik Freedman LLP).

1.18. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

1.19. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Expenses; (iii) any Court-awarded attorneys' fees, Litigation Expenses, and interest thereon; and (iv) any other Court approved deductions.

1.20. "Officer(s)" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

1.21. "Parties" means Defendants, and Plaintiffs, on behalf of themselves and the Settlement Class. Each of the Parties is a "Party."

1.22. "Person(s)" means any individual, corporation (including all divisions and subsidiaries), partnership, limited liability partnership, company or corporation, limited partnership, professional corporation, association, joint venture, affiliate, joint stock company, trust, estate, legal representative, unincorporated association, government or any political subdivision or agency thereof, and any other type of business or legal entity, and all of their respective spouses, heirs, executors, administrators, predecessors, successors, representatives, trustees, or assignees.

1.23. "Plaintiffs" means James Michael DeLoach and Edward Oketola.

1.24. "Plaintiffs' Counsel" means Lead Counsel, and the law firms of Cullin O'Brien Law, P.A. and The Schall Law Firm.

8

1.25.   "Plaintiffs' PSLRA Award" means an award to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) for their reasonable costs and expenses (including lost wages) directly relating to the representation of the Settlement Class.

1.26.   "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

1.27.   "Proof of Claim and Release Form" or "Proof of Claim" means the form, substantially in the form attached hereto as Exhibit A-2, that a Settlement Class Member must complete and submit should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.28.   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

1.29.   "Released Claims" means all Released Defendants' Claims and Released Plaintiffs' Claims as defined in ¶¶ 1.30 and 1.31 hereof.

1.30.   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

1.31.   "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims,

whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that relate to the purchase or otherwise acquisition of GEO common stock during the Class Period, and that the Plaintiffs or the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Persons (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of, are based upon, or relate in any way, directly or indirectly, to (a) the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings, and (c) the purchase, sale, holding, or acquisition of GEO stock by any Settlement Class Member during the Class Period. "Released Plaintiffs' Claims" does not include: (i) claims to enforce the Settlement; (ii) claims asserted derivatively on behalf of GEO in the Derivative Actions; or (iii) the claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.32.    "Released Persons" means Defendants and Brian R. Evans, J. David Donahue, and Ann M. Schlarb, and, whether or not identified in any complaint filed in the Action, each past and current defendants' respective past and current parents, associates, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, heirs, executors, administrators, Immediate Family Members, insurers, reinsurers, underwriters, professional advisors, law firms and attorneys affiliated with such law firms, in their capacities as such.

1.33.    "Releasee(s)" means each and every Released Persons and Releasing Plaintiffs.

1.34. "Releasing Plaintiffs" means each and every past and current plaintiff, all other Settlement Class Members, Plaintiffs' Counsel, and each of their respective current and former trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint ventures, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Family Members, representatives and heirs of any Releasing Plaintiffs (who is an individual), as well as any trust of which any Releasing Plaintiffs is the settlor or which is for the benefit of any of their Immediate Family Members. Releasing Plaintiffs do not include any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

1.35. "Settlement" means the resolution of the Action in accordance with the terms and conditions set forth in this Stipulation.

1.36. "Settlement Amount" means $3,000,000.00 (Three Million U.S. Dollars) to be paid by check or wire transfer to the Escrow Agent pursuant to ¶ 2.1 hereof.

1.37. "Settlement Class" means all Persons or entities who purchased or otherwise acquired GEO common stock during the Class Period, and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of GEO currently and during the Class Period; (iii) Immediate Family Members of any such excluded persons; (iv) the legal representatives, heirs, successors, or assigns of any such excluded persons or entities; and (v) any entity in which any such excluded party has, or had during the Class Period, a controlling interest. Also excluded from the Settlement Class are any Persons or entities who or which exclude

themselves by submitting a request for exclusion that is accepted by the Court. All Persons excluded from the Settlement Class pursuant to this paragraph are referred to as "Excluded Persons."

1.38.   "Settlement Class Member" means each Person or entity that is a member of the Settlement Class.

1.39.   "Settlement Fund" means the Settlement Amount plus any and all interest and accretions thereto.

1.40.   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.41.   "Unknown Claims" means any Released Claims which Releasing Plaintiffs or Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its release of the Released Persons, or Releasing Plaintiffs, or might have affected his, her, or its decision(s) with respect to this Settlement.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive and relinquish, and each of the other Settlement Class Members shall be deemed to have waived and relinquished by operation of the Judgment, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE

MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but the Plaintiffs shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties expressly acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

2.    **The Settlement**

a.    **The Settlement Fund**

2.1.    In consideration of the terms of this Stipulation and the full and final settlement, resolution, release and discharge of the Released Plaintiffs' Claims against Released Persons, Defendants shall use their best efforts to cause the Settlement Amount to be paid into the Escrow Account, on behalf of all Defendants, no later than thirty (30) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of (i) a completed and executed Wire Transfer/ACH Credit Authorization Form containing the information necessary to effectuate a

transfer of funds to the Escrow Account, including the financial institution name, routing numbers, and account name, number, and type, as well as the name and phone number of a person who can verify the wire instructions; and (ii) a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

2.2.    If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.3.    Other than the obligation to use their best efforts to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 2.1 herein, Defendants shall have no obligation to cause any other payment, or make any other payment, into the Escrow Account or Settlement Fund pursuant to this Stipulation.

2.4.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; (e) any Plaintiffs' PSLRA Award awarded by the Court; and (f) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants.

### b.    The Escrow Agent

2.5.    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 hereof in short term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these

instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6.    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.7.    Subject to further order(s) or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.8.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed pursuant to this Stipulation or further order(s) of the Court.

2.9.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or order of the Court, reasonable costs and expenses actually incurred, paid or payable, associated with or in connection to providing notice of Settlement to the Class and the administration of the Settlement Fund pursuant to the Plan of Allocation ("Notice and Administration Expenses").  Such Notice and Administration Expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the

administrative expenses incurred, and fees charged, by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Expenses paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Persons, or any other person or entity who or which paid any portion of the Settlement Amount.

        **c.**      **Taxes**

2.10. Pursuant to §468B of the Internal Revenue Code of 1986 and the Treasury regulations promulgated thereunder, The Parties agree that:

        (a)      The Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and shall be treated as such, at all times. The Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). The Escrow Agent shall timely make such elections as are necessary or advisable to carry out the provisions of this ¶ 2.10, including, the "relation back election," as described in Treas. Reg. § 1.468B-1(j), back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

        (b)      The Escrow Agent shall be the "administrator" of the Settlement Fund, within the meaning of Treas. Reg. § 1.468B-2(k)(3). The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns as may be necessary or advisable (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the

Settlement Fund. Such returns (as well as the elections described in subparagraph (a) above) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in subparagraph (c) below.

        (c)     All (i) taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.10) ("Tax Expenses"), shall be paid shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Releases Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be

withheld under Treas. Reg. § 1.468B-2(1)(2)); the Released Persons and their counsel shall have no liability or responsibility whatsoever with respect thereto. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.10.

2.11.   The Settlement is not a claims-made settlement. As of the Effective Date, Released Persons, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. The Released Persons shall not be liable for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the payment of Claims, Taxes, Tax Expenses, or any other expenses payable from the Settlement Fund.

### d.   Termination of Settlement

2.12.   In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or materially altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest) less Notice and Administration Expenses, Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶ 2.9 and 2.10 herein, shall be refunded to the party or parties who originally paid the Settlement Amount into the Escrow Account, in proportion to their respective contribution in accordance with ¶ 7.6 hereof.

3.        **Notice Order and Settlement Hearing**

3.1.    Within ten (10) calendar days after execution of this Stipulation, Lead Counsel shall submit this Stipulation with the Exhibits annexed hereto to the Court and shall apply for entry of an order (the "Notice Order"), substantially in form to Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement, certification of the Class for purposes of the Settlement only, authorization to provide notice of Settlement to the Settlement Class through the publication of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto, mailing of the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, and scheduling of a hearing for consideration of final approval of the Settlement; relief sought shall be unopposed by Defendants.

3.2.    Within ten (10) calendar days of the date of entry of the Notice Order, GEO shall use its best efforts to provide, or cause to be provided, Lead Counsel or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) reasonably available transfer records reflecting ownership or acquisition of GEO common stock during the Class Period, in electronic searchable form, such as Excel, containing relevant information including, without limitation, names, mailing addresses and email addresses, if available.  It shall be solely Lead Counsel's responsibility to disseminate the Notice, Postcard Notice, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.   Settlement Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

3.3.    Lead Counsel shall request that, after notice is given and not earlier than ninety (90) days after the later of the dates on which the appropriate Federal official and the appropriate State

officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA") as set forth in ¶ 3.6 below, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action pursuant to this Stipulation.

3.4.    At the Settlement Hearing, the Parties shall jointly apply for the entry of the Final Judgment and Order, substantially in form of Exhibit B, requesting, *inter alia*, (i) final approval of the Settlement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23, (ii) certification of the Settlement Class, (iii) dismissal of the Action against all Defendants with prejudice, without cost to any party, except as provided for herein, (iv) a permanent bar and enjoinment of any Releasing Plaintiff Parties commencing, instituting, prosecuting, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties, and (v) the reservation of the Court's jurisdiction over the Action, including all future proceeding concerning the administration, consummation, and enforcement of this Stipulation.

3.5.    At or after the Settlement Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.6.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under CAFA.  Defendants shall use their best efforts to cause the costs and expenses of serving notice to the appropriate persons or entities under CAFA to be paid.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

4.     **Release of Claims**

4.1.    The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

4.2.    Upon the Effective Date, as defined in ¶ 1.10 hereof, Plaintiffs, each and all of the Settlement Class Members, and anyone claiming through or on behalf of any of them, and Plaintiffs' Counsel shall be deemed to have, and by operation of law and of the Final Judgment and Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claims against all Released Persons, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Plaintiffs' Claims against any of the Released Persons, regardless of whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release, and whether or not such Settlement Class Members share in the Settlement Fund.

4.3.    Any Proof of Claim and Release that is executed by Settlement Class Members shall release all Released Plaintiffs' Claims against the Released Persons and shall be substantially in the form of Exhibit A-2 attached hereto, subject to approval by the Court.

4.4.    Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of law and of the Final Judgment and Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each

and every Released Defendants' Claims against Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Defendants' Claims against Plaintiffs, any of the Settlement Class Members or Plaintiffs' Counsel. This release shall not apply to any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

4.5.    The Parties have negotiated and agree to a bar order to be included in the Court's Final Judgment providing that to the full extent provided by Section 21D(f)(7) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, all claims, including, but not limited to, claims for contribution, indemnification or equitable indemnification against any party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Action shall be barred. For the avoidance of doubt, this bar order does not bar or impair (i) any claims asserted derivatively on behalf of GEO in the Derivative Actions; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims by Defendants against their insurers.

4.6.    Notwithstanding ¶¶ 4.2-4.5 above, nothing in the Final Judgment and Order shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

5. **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1.    As part of the Notice Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator, subject to approval by the Court, and such supervision and direction of Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund, as defined herein, to Authorized Claimants.  Other than GEO's obligation to use its best efforts to provide certain records as provided in ¶ 3.2 hereof, none of the Defendants, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or Plaintiffs' Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.2.    Lead Counsel shall cause the Claims Administrator to: (i) post downloadable copies of the Notice and Proof of Claim and Release Form online at a website maintained for the purpose of providing information to the Settlement Class; and (ii) have the Summary Notice published in accordance with the terms of the Notice Order to be entered by the Court.  Defendants shall have the right to approve the URL address for the website maintained for the purposes of providing information to the Settlement Class prior to its creation.

5.3.    The Notice shall state that Settlement Class Members must submit Claims to be eligible to share in the Net Settlement Fund.  The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized

23

Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

5.4.    Defendants will take no position with respect to the Plan of Allocation. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

5.5.    The Claims Administrator shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund, subject to Court approval. Released Persons shall not be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. The Claims Administrator or Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

5.6.    The Settlement Fund shall be applied as follows:

(a)    To pay all Notice and Administration Expenses;

(b)    To pay the Taxes and Tax Expenses;

24

(c)     To pay attorneys' fees and expenses of Plaintiffs' Counsel and to pay any award to Plaintiffs for their reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. § 78u-4(a)(4), if and to the extent allowed by the Court (*i.e.*, Litigation Expenses); and

(d)     After the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or by the order(s) of the Court.

5.7.    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and furth order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.8.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant eligible for payment from the Net Settlement Fund, the following conditions shall apply:

(a)     Within one hundred-twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Settlement Class Member seeking payment from the Net Settlement Fund shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     Any Settlement Class Member who fails to timely submit a Proof of Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all

other respects be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Persons with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Proof of Claim and Release Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)   Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)   Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of

the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

5.9.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed from Defendants or on the merits of this Action or of the Settlement in connection with the processing of Claims.

5.10.     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan or Allocation set forth in the Notice and approved by the Court. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date. If there is any balance remaining in the Net Settlement Fund after a reasonably period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel and approved by the Court.

5.11.   Any Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Persons with respect to the matters set forth in ¶¶ 5.1-5.13 hereof; and the Settlement Class Members, Plaintiffs and Plaintiffs' Counsel hereby fully, finally and forever release the Released Persons from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12.   No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' Counsel, or any other Released Persons, the Claims Administrator, or any other Person designated by Lead Counsel, arising from determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or any order(s) of the Court.

5.13.   It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including but not limited to, any adjustments to an Authorized Claimants' Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation of the Court's Judgment approving this Stipulation and the Settlement contained herein, or any other order(s) by the Court pursuant to this Stipulation. The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been approved.

6.      **Lead Counsel's Fees and Expenses Application**

6.1.      Lead Counsel may submit an application, or applications, (the "Fee and Expenses Application") to the Court for a collective award, to be paid solely from (and out of) the Settlement Fund, of: (a) attorneys' fees to Plaintiffs' Counsel; (b) expenses or charges in connection with prosecuting the Action; and (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). An application for payment or reimbursement of Litigation Expenses may include a request for reimbursement of Plaintiffs' reasonable costs and expenses in connection with their representation of the Settlement Class, pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2.      The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, once the order is Final.

6.3.      The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for fees and expenses to be paid out of the Settlement Fund is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any PSLRA award, nor any appeals from such awards.  Any order or proceeding relating to the Fees and Expenses Application, or any appeal therefrom or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay

the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth herein, or any other orders entered pursuant to the Stipulation. Neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees, Litigation Expenses, or Plaintiffs' PSLRA Award. Defendants will take no position with respect to attorneys' fees, Litigation Expenses, or Plaintiffs' PSLRA Award.

6.4.    Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. Released Persons shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees, Litigation Expenses, or Plaintiffs' PSLRA Award. Released Persons shall have no responsibility for or liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1.    The Effective Date of the Settlement shall be the date when all of the following events shall have occurred and is conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Notice Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3.1 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 2.1 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to ¶¶ 7.3 and 7.4 hereof;

(d)    Plaintiffs have not exercised their option to terminate the Settlement pursuant to ¶¶ 7.3 and 7.5 hereof;

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(f)      the Court has entered the Final Judgment and Order, substantially in the form of Exhibit B attached hereto; and

(g)      the Final Judgment and Order has become Final, as defined in ¶ 1.13 hereof.

7.2.     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all the conditions specified in ¶ 7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶ 7.4 and 7.5 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3.     Each of the Plaintiffs and Defendants shall each have the right to terminate the Settlement, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of the failure of any of the conditions precedent identified in ¶ 7.1. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the award or allocation of attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or other Litigation Expenses shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.4.     Defendants shall have the right to withdraw from and terminate the Settlement in its entirety and render the Stipulation null and void in the event that Settlement Class Members who purchased or otherwise acquired more than a certain percentage of GEO common stock subject to this Settlement exclude themselves from the Settlement Class, as set forth in a separate

agreement (the "Supplemental Agreement") executed between Plaintiffs and Defendants, by and through their respective counsel. The Supplemental Agreement, which has been executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Parties concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.  Notwithstanding the foregoing, Defendants may include a redacted copy of the Supplemental Agreement with any notice provided pursuant to CAFA.

7.5.    Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 2.1 above, by providing written notice of the election to terminate to Defendants' Counsel.

7.6.    Unless otherwise ordered by the Court, in the event the Effective Date does not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not approved by the Court or the Final Judgment and Order is reversed or vacated following any appeal taken therefrom or is successfully collaterally attacked, then:

(a)    Within ten (10) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon), less Taxes, Tax Expenses, and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶ 2.9 and/or 2.10 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶ 2.9 and/or 2.10 hereof, and any change in value as a result

of the investment of the Settlement Fund, shall be refunded by the Escrow Agent to the party or parties who originally paid the Settlement Amount into the Escrow Account, in proportion to their respective contribution. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this paragraph. Any such refunds shall be paid to the party or parties who originally paid the Settlement Amount into the Escrow Account, in proportion of their respective contribution.

   (b) The Parties shall be restored to their respective positions in the Action immediately prior to the execution of this Stipulation. In such event, the terms and provisions of this Stipulation, with the exception of ¶¶ 1.1-1.41, 2.5-2.8, 2.10-2.12, 6.3, 7.6, 9.1, 10.5, 10.16, and 10.22-10.23 hereof, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

   (c) Neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶ 2.9 or 2.10. In addition, any amounts already incurred pursuant to ¶¶ 2.9 or 2.10 hereof, at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with subparagraph (a) above and ¶ 2.12 hereof.

  **8.** **Class Certification**

  8.1. Solely for purposes of this Stipulation and the Settlement set forth herein, and subject to approval of the Court in accordance with Rule 23(e) of the Federal Rules of Civil

Procedure, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

### 9.    No Admission of Wrongdoing

9.1.    Neither the Settlement, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession,

or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Member of the Settlement Class, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)    shall be offered or received against or to the prejudice of any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; *provided, however*, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; or

(d)    shall be construed against the Released Persons, Plaintiffs or the Settlement Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

**10.    Miscellaneous Provisions**

10.1.    The Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

10.2.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or

inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

10.3.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Released Persons with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Robert Meyer of JAMS, and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

10.4.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

10.5.    Defendants and/or Released Persons may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense

or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Parties may file this Stipulation and/or Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

10.6.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

10.7.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.8.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

10.9.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party or a waiver of any other prior or subsequent breach of this Stipulation.

10.10.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been

made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement, other than those contained and memorialized in such documents.

10.11. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.12. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

10.13. The construction, interpretation, operation, effect, and validity of this Stipulation and the Supplemental Agreement and all documents necessary to effectuate them shall be governed by the internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

10.14. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

10.15. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

10.16. Nothing in this Stipulation, or the negotiations relating thereto, is intended to, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including without limitation, attorney-client privilege, joint defense privilege, or work production protection.

10.17.  Unless otherwise provided herein, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

10.18.  Lead Counsel, on behalf of the Settlement Class, represents that it is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class that it deems necessary and appropriate.

10.19.  All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

10.20.  All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt to the intended recipient as set forth below:

If to Plaintiffs or Lead Counsel:          LEVI & KORSINSKY, LLP
                                            Nicholas I. Porritt, Esq.
                                            Adam M. Apton, Esq.
                                            55 Broadway, 4th Floor
                                            New York, New York 10006
                                            nporritt@zlk.com
                                            aapton@zlk.com

If to Defendant The GEO Group, Inc.:     King & Spalding LLP
                                         Attn:  Brian P. Miller, Esq.
                                         Southeast Financial Center
                                         200 S. Biscayne Boulevard, Suite 4700
                                         Miami, FL 33131
                                         Telephone: (305) 462-6000
                                         Email: bmiller@kslaw.com

If to Defendant George C. Zoley:         Gunster, Yoakley & Stewart, P.A.
                                         Attn: William K. Hill, Esq.
                                         600 Brickell Avenue, 35th Floor
                                         Miami, FL 33131
                                         Telephone: (305) 376-6000
                                         Email: whill@gunster.com

10.21.  Except as otherwise provided herein, each Party shall bear his, her, or its own costs.

10.22.  Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

10.23.  All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

10.24.  Pending approval of the Court of this Stipulation and its exhibits, all proceedings in the Action shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Persons.

10.25.  No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 1, 2023.

**FREEDMAN NORMAND FRIEDLAND LLP**

By: _Devin Freedman_
Velvel (Devin) Freedman (FL# 99762)
vel@fnf.law
Constantine P. Economides (FL# 118177)
ceconomides@fnf.law
Ivy T. Ngo, Esq. (*pro hac vice*)
ingo@fnf.law
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Telephone: (305) 851-5997

*Lead Counsel for Plaintiffs*
*and the Settlement Class*

**KING & SPALDING LLP**

By: _____
Brian P. Miller (FL# 0980633)
bmiller@kslaw.com
Samantha J. Kavanaugh (FL# 0194662)
skavanaugh@kslaw.com
Ross E. Linzer (FL# 0073094)
rlinzer@kslaw.com
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 462-6000

*Counsel for Defendant The GEO Group, Inc.*

**LEVI & KORSINSKY, LLP**

By: _____
Adam M. Apton (*pro hac vice* forthcoming)
aapton@zlk.com
Nicholas I. Porritt (*pro hac vice* forthcoming)
nporritt@zlk.com
55 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 363-7500
Fax: (212) 363-7171

*Lead Counsel for Plaintiffs*
*and the Settlement Class*

**GUNSTER, YOAKLEY & STEWART, P.A.**

By: _William K. Hill / bpm signed with permission_
William K. Hill (FL# 747180)
whill@gunster.com
George S. LeMieux (FL# 16403)
glemieux@gunster.com
Ernest "EJ" A. Cox IV (FL# 124652)
ecox@gunster.com
600 Brickell Avenue, 35th Floor
Miami, FL 33131
Telephone: (305) 376-6000
Facsimile: (786) 425-4090

*Counsel for Defendant George C. Zoley*

**CULLIN O'BRIEN LAW, P.A.**

By: _____
Cullin O'Brien, Esq. (FL# 0597341)
cullin@cullinobrienlaw.com
6541 NE 21st Way
Fort Lauderdale, Florida 33308
Telephone: (561) 676-6370
Fax: (561) 320-0285

*Additional Counsel for Lead Plaintiff James Michael DeLoach*

**THE SCHALL LAW FIRM**

By: _____
Brian Schall (*pro hac vice* forthcoming)
brian@schallfirm.com
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel for Lead Plaintiff Edward Oketola*

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:20-81063-CIV-SMITH

| |
|---|
| STEVE HARTEL, Individually and on Behalf of All Others Similarly Situated, |
| Plaintiff, |
| v. |
| THE GEO GROUP, INC., et al., |
| Defendants. |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND FOR PROVIDING NOTICE TO THE CLASS

WHEREAS, an action is pending before this Court entitled *Hartel v. The GEO Group, Inc., et al.*, Case No. 9:20-cv-81063-RS (S.D. Fla.) (the "Action");[1]

WHEREAS, the Parties to the Action entered into the Stipulation, which together with the Exhibits annexed thereto, sets forth the terms and conditions for proposed Settlement of the Action;

WHEREAS, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), Plaintiffs seek preliminary approval of Settlement of the Action, and for approval of the form and manner of providing notice of Settlement to members of the Settlement Class, in accordance with the Stipulation; and

WHEREAS, pursuant to Rule 23(a) and 23(b), Plaintiffs seek certification of the Settlement Class for purposes of Settlement.

AND NOW THIS ___ day of _____ 2023, the Court having considered Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and good cause appearing

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them as in the Stipulation and Agreement of Settlement dated May 1, 2023 (the "Stipulation").

therefore, **IT IS HEREBY ORDERED THAT:**

1. Pursuant to Rule 23(e), the Court preliminarily approves the Settlement, in accordance with the Stipulation and the Exhibits annexed thereto, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23(a) and 23(b), the Court approves certification of the Settlement Class, as defined in the Stipulation, for purposes of Settlement.

3. Pursuant to the requirements of Rule 23(e), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, the Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Summary of Proposed Settlement of Class Action (the "Summary Notice"), the Proof of Claim and Release form ("Proof of Claim"), and Postcard Notice, annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively.

4. Lead Counsel are responsible for the dissemination of notice of Settlement to the Settlement Class, and the Court approves its selection of the firm of Epiq Class Action and Claims Solutions, Inc. (the "Claims Administrator") to serve as the claims administrator for the Settlement Class.

5. All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid for by the Settlement Fund, as set forth in the Stipulation, and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

6. Notwithstanding the foregoing, Defendants shall be responsible for the costs and expenses of providing to Lead Counsel or the Claims Administrator reasonably available transfer records for purposes of disseminating notice of Settlement to the Class, as set forth in the Stipulation.

7.     GEO shall use its best efforts to provide, or cause to be provided, to Lead Counsel or the Claims Administrator reasonably available transfer records reflecting ownership or acquisition of GEO common stock during the Class Period, in electronic searchable form, such as Excel, containing relevant information including, without limitation, names, mailing addresses and email addresses, if available, no later than ten (10) calendar days after the entry of this Order.

8.     No later than twenty-one (21) calendar days after the entry of this Order (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall commence mailing the Postcard Notice by First-Class Mail to all potential Settlement Class Members who can be identified with reasonable efforts and post the Stipulation, and Exhibits annexed thereto, on the Settlement website, www.HartelSecuritiesSettlement.com.

9.     No later than fourteen (14) calendar days after the Notice Date, Lead Counsel and/or the Claims Administrator shall cause the Summary Notice to be published once in a national business newswire.

10.    No later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall provide the Court, and all parties to the Action, proof of the mailing the Postcard Notice and publication of the Summary Notice, by way of an affidavit or declaration.

11.    All opening briefs in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and expenses shall be filed no later than forty-two (42) calendar days prior to the Settlement Hearing, providing all documents in support thereof.

12.    Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, any release provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement

Class Members submit a Proof of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

13.    Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim no later than one hundred and twenty (120) calendar days after the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the final Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

14.    Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

15.    Any Settlement Class Member may, upon request, be excluded from or "opt out" of the Settlement Class.  To "opt out", the Settlement Class Member must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") no later than twenty-eight (28) calendar days prior to the Settlement Hearing.  A Request for Exclusion must state: (i) the name, address, and telephone number of the Person or Entity requesting exclusion; (ii) a list identifying the number of shares of GEO common stock owned during the Class Period, the date of each purchase or acquisition during the Class Period, the price paid for each share of GEO stock, the number of shares of GEO common stock sold during the Class Period, if any, the date of each

sale, and the price at which the shares were sold; and (iii) that the identified Person or Entity wishes to be excluded from the Settlement Class.

16.     Any Settlement Class Member who submits a valid and timely Request for Exclusion in the manner set forth in the Notice and herein shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or final Judgment, if entered. Unless otherwise ordered by the Court, any person or entity who purchased or otherwise acquired GEO common stock during the Class Period who fails to timely opt out of the Settlement Class shall be deemed to have waived his, her, or its right to exclusion, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

17.     Lead Counsel and/or the Claims Administrator shall provide copies of all Requests for Exclusion to Defendants no later than five (5) business days after their receipt by the Claims Administrator. Notwithstanding the foregoing, all Requests for Exclusion shall be provided to Defendants no later than twenty-one (21) calendar days before the Settlement Hearing. Any later-received Requests for Exclusion shall be provided to Defendants within one (1) business day of receipt. Lead Counsel shall also provide Defendants any written revocation of Requests for Exclusion promptly upon receipt and as expeditiously as possible.

18.     Any Settlement Class Member may file a written objection to the preliminarily approved Settlement and show cause why the Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why final Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why Lead Counsel's application for attorneys' fees and expenses should or should not be approved, or why expenses or Plaintiffs' PSLRA Award should or should not be awarded to Plaintiffs. Any Settlement Class

Member or other Person who wishes to contest the Settlement must deliver by hand or send via First-Class Mail, to all Parties to the Action, written objections and copies of any papers and briefs, such that they are received, not simply post-marked, and be filed with the Clerk of the United States District Court for the Southern District of Florida, no later than twenty-eight (28) calendar days prior to the Settlement Hearing.

19.    Any written objections, filings, and/or other submissions must include: (i) the name, address, and telephone number of the Person or Entity objecting and must be signed by the objector; (ii) a statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) documents sufficient to prove membership in the Settlement Class, including the objector's purchases or acquisitions, and sales, if any, of GEO common stock during the Class Period, the dates of each transaction, the number of shares purchased, acquired, or sold, and the price paid or received for each share purchased, acquired, or sold.

20.    Any Settlement Class Member or other Person who timely and validly objects may attend the Settlement Hearing but is not required to do so. Persons who wish to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Counsel or expenses or awards to Plaintiffs are required to indicate their intention to appear at the Settlement Hearing in their written objection. Persons who intend to appear and present evidence at the Settlement Hearing must include in their written objections the identity of any witness they may call to testify and exhibits they intend to introduce into evidence.

21.     Any Settlement Class Member who does not make his, her, or its objection in the manner provided in the Notice and herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or expenses or awards to Plaintiffs, unless otherwise ordered by the Court.

22.     The deadline to file any replies to any objections shall be fourteen (14) calendar days prior to the Settlement Hearing.

23.     None of the Defendants, their counsel, or any Released Persons shall have any responsibility for: (i) the Plan of Allocation; (ii) any application for attorneys' fees or expenses submitted by Lead Counsel; or (iii) expenses or awards to Plaintiffs. Such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and the Settlement of the Action.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     The Court shall hold a Settlement Hearing on _____, 2023, at ____ ___.m., a date that is at least one hundred (100) calendar days from the entry of this Order, to determine: (a) whether the Settlement of the Action, in accordance with the Stipulation, is fair, reasonable, and adequate and warrants final approval; (b) whether a Judgment should be entered; (c) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of

fees and expenses to be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate.

26.    The Court reserves the right to adjourn the date of the Settlement Hearing, or hold the Settlement Hearing by video or telephonically, without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

27.    If the Settlement is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. In such event, this Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of December 16, 2022.

28.    Unless otherwise ordered by the Court, all proceedings in the Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final approval of the proposed Settlement, neither Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED: _____, 2023        _____

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:20-81063-CIV-SMITH

STEVE HARTEL, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiff,

      v.

THE GEO GROUP, INC., et al.,

                Defendants.

### NOTICE OF PENDENCY AND PROPOSED
### SETTLEMENT OF CLASS ACTION

*A United States Court authorized this Notice.  This is not a solicitation from a lawyer.*

**TO:**   **ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE GEO GROUP, INC. COMMON STOCK FROM NOVEMBER 9, 2018 TO AUGUST 5, 2020, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS").[1]**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION. IF YOU ARE A SETTLEMENT CLASS MEMBER, AS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO A PORTION OF THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE. PLEASE NOTE THAT TO RECEIVE YOUR PORTION OF THE PROPOSED SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____.**

*Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of GEO currently and during the Class Period; (iii) Immediate Family Members of any such excluded persons; (iv) the legal representatives, heirs, successors, or assigns of any such excluded persons or entities; and (v) any entity in which any such excluded party has, or had during the Class Period, a controlling interest.*

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated May 1, 2023 (the "Stipulation").  The Stipulation is available at www.HartelSecuritiesSettlement.com.

**Shares and Time Period:** The GEO Group, Inc. (GEO) ("GEO") common stock purchased or otherwise acquired from November 9, 2018 to August 5, 2020, both dates inclusive (the "Class Period").

**Settlement Fund:** $3,000,000.00 in cash. Your recovery will depend on the number of shares purchased or acquired, the timing of your purchases or acquisitions, and any sales of the included shares. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, Lead Plaintiffs estimate the average cash recovery per share of common stock will be approximately $0.055 per share (assuming claims representing all damaged shares are filed) before deduction of court-approved fees, expenses, and awards.

**Reasons for Settlement:** Lead Plaintiffs believe that the proposed settlement is fair, reasonable, adequate to, and in the best interest of the Settlement Class. Lead Plaintiffs, and their counsel, reached this conclusion after investigating and considering, among other things, the strengths and weakness of Lead Plaintiffs' claims against Defendants, including Defendants' contentions that the claims are entirely without merit, the uncertainties of complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the settlement to the Settlement Class Members. The proposed settlement agreement was entered into after extended mediation proceedings. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants are nevertheless willing to settle to avoid the continuing burden, expense, inconvenience, and distraction of this Action, and to avoid the ongoing risk of litigation. Likewise, Lead Plaintiffs and the Settlement Class also avoid the costs and risks associated with continued litigation, including the danger of no recovery for Settlement Class Members.

**Potential Outcome of the Case if not Settled:**  The parties vigorously disagree on both liability and damages. Continuing with the case could have resulted in dismissal or loss at trial. Further, the two sides do not agree on the amount of money that could have been won if Lead Plaintiffs prevailed at trial. The issues on which the parties disagree include, but are not limited to: (1) the method for determining whether the price of GEO common stock was artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various statements and/or omissions alleged by Lead Plaintiffs were materially false or misleading; (4) the extent that various statements and/or omissions alleged by Lead Plaintiffs influenced the trading price of GEO common stock during the Class Period; and (5) whether the statements and/or omissions alleged were material, false, misleading, or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Lead Plaintiffs are represented by Lead Counsel.  Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation, or negotiating the proposed settlement on behalf of Lead Plaintiffs and the Settlement Class, nor have they been reimbursed for its out-of-pocket expenditures. If the settlement is approved by the Court, Lead Counsel will ask the Court for an award of attorneys' fees not to exceed 33% of the Settlement Fund, and reimbursement of out-of-pocket litigation expenses not to exceed $40,000 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.018.  In addition, a Plaintiffs' PSLRA Award for the time and expenses incurred by the Lead Plaintiffs will be requested, not to exceed $5,000.

**Your Legal Rights and Options in this Proposed Class Action Settlement:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. |

**Deadlines to Exercise Your Legal Rights and Options:**

Submit Claim:          _____, 2023
Request Exclusion:     _____, 2023
File Objection:         _____, 2023

**Court Hearing on Fairness of Settlement:**  _____, 2023

**Distribution of Settlement Funds:** The Court overseeing this Action must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

**For More Information:** For more information regarding the Action or this Notice, please visit www.HartelSecuritiesSettlement.com, or direct requests for information may be sent to:

 **Claims Administrator:**

Hartel Securities Settlement
c/o Epiq
P.O. Box 3729
Portland, OR 97208-3729

**Lead Counsel:**

LEVI & KORSINSKY, LLP
Nicholas I. Porritt, Esq.
Adam M. Apton, Esq.
55 Broadway, 4th Floor
New York, New York 10006
nporritt@zlk.com
aapton@zlk.com

FREEDMAN NORMAND FRIEDLAND LLP
Velvel (Devin) Freedman, Esq.
Ivy T. Ngo, Esq.
Constantine P. Economides, Esq.
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
vel@fnf.law
ingo@fnf.law
ceconomides@fnf.law

*The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.*

## BASIC INFORMATION

**1.      Why Did I Get This Notice Package?**

You or someone in your family may have purchased or acquired the publicly traded shares of GEO common stock listed above between November 9, 2018 and August 5, 2020.

Pursuant to an order issued by the Court overseeing this Action, you received this Notice because you have a right to know about the proposed settlement and about your rights and options as a potential member of the Settlement Class before the Court decides whether to approve the settlement. If the Court approves the proposed settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will distribute all payments allowed under the settlement.

This package explains the lawsuit, the proposed settlement, including, what benefits are available, who is eligible for them, and how to get them, and your legal rights and options.

**2.      What is this Lawsuit About?**

The Court in charge of the case is the United States District Court for the Southern District of Florida, and the case is known as *Hartel v. The GEO Group, Inc. et al.*, Case No. 9:20-cv-

81063-RS. The person who files a lawsuit is called the plaintiff or plaintiffs, and the company and/or individuals sued are called Defendants.

Lead Plaintiffs brought this lawsuit, which the Court subsequently narrowed.  The only remaining allegations are that Defendants acted with scienter when making false and materially misleading statements and/or omissions about GEO's pending lawsuits, including but not limited to: (1) the Company did not expect any pending claims or lawsuits to have a material adverse effect on its financial condition, results of operations, or cash flows;  (2) at all relevant times, the Company had not recorded an accrual relating to these matters; and (3) the Company did not expect the outcome of any pending claims or legal proceedings to have a material adverse effect on its financial condition, results of operations or cash flows.  Plaintiffs allege that the alleged false and materially misleading statements and/or omissions induced Plaintiff and other similarly situated shareholders to purchase shares of GEO common stock at artificially inflated prices. Lead Plaintiffs further allege that when the truth concerning GEO's pending lawsuits was revealed, the value of GEO common stock declined and, as a result, Lead Plaintiffs and other members of the Settlement Class suffered damages.

Defendants deny each of the claims and all allegations of wrongdoing made by Plaintiffs in this lawsuit. Defendants further deny that Lead Plaintiffs and the Settlement Class were entitled to recover anything in this lawsuit.  The Court has not decided who is right.

### 3.    Why Is This a Class Action?

In a class action, one or more people or entities called class representatives sue on behalf of people who have similar claims. This collective group of people is referred to as the class and each individual person with similar claims is considered a class member. One court is designated

to resolve the claims for all class members, except for those who exclude themselves from the class. The Honorable Judge Rodney Smith is overseeing this lawsuit.

### 4.    Why Is There a Settlement?

Lead Counsel and counsel for Defendants participated in an out of court process known as mediation. Mediation is alternative method to resolving legal disputes rather than waiting for the court to decide. The Court has yet to decide whether Lead Plaintiffs or Defendants are right in this case.

During mediation, the parties discussed, among other things, the claims and potential defenses, the parties' positions on damages, the evidence to be presented at trial, the risks of continuing litigation, and other important factual and legal issues. Following these negotiations, the parties agreed to settle all claims of the Settlement Class against the Defendants. By entering into the agreement to settle, Defendants do not concede the truth of any of the claims against them.

Lead Plaintiffs believe that the claims asserted in this Action have merit and that the evidence presented to date supports their allegations. However, Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings, trial, and possible appeals, and have considered the uncertain outcome and the risk of any litigation, especially complex actions such as this lawsuit. They are also mindful of the inherent problems of proof under the federal securities laws asserted in this case, and the potential defenses available to Defendants.

The proposed settlement allows the Settlement Class to avoid the costs and risks associated with continued litigation, and eligible Settlement Class Members who make valid claims will receive meaningful compensation from the Settlement Fund. Lead Plaintiffs and Lead Counsel believe the proposed settlement is in the best interest of the Settlement Class.

## CLASS MEMBERS TO RECEIVE SETTLEMENT PROCEEDS

**5.      How Do I Know if I Am A Class Member?**

Settlement Class Members are eligible to receive a portion of the settlement proceeds. The Settlement Class includes all Persons and entities who purchased or otherwise acquired GEO common stock between November 9, 2018 and August 5, 2020, both dates inclusive, except those that are excluded, as described below.

**6.      What Are the Exceptions to Being Included In The Class?**

You are not a Settlement Class Member if you are: (i) one of the Defendants named in the lawsuit; (ii) the Officers and directors of GEO currently and during the Class Period; (iii) Immediate Family Members of any such excluded persons; (iv) the legal representatives, heirs, successors, or assigns of any such excluded persons or entities; and (v) any entity in which any such excluded party has, or had during the Class Period, a controlling interest.

Further, if you only sold GEO common stock between November 9, 2018 and August 5, 2020, that alone does not make you a Settlement Class Member. In other words, in addition to any sales made during the Class Period, you needed to have made at least one purchase or acquisition of GEO common stock during the Class Period to be a Settlement Class Member.

**7.      What Do I Do If I Am Still Not Sure If I Am A Class Member?**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. You can contact the Claims Administrator toll-free at 877-589-2242, or you can fill out

and return the Proof of Claim and Release Form enclosed with this Notice package, to see if you qualify.

## BENEFITS PROVIDED BY THE SETTLEMENT

**8.      What Does the Settlement Provide?**

Defendants have agreed to a settlement total of $3,000,000.00 in cash. The Settlement Fund, less taxes, approved costs, fees, and expenses (the "Net Settlement Fund"), will be divided amongst all eligible Settlement Class Members who submit a valid Proof of Claim and Release Form, known as Authorized Claimants.

**9.      How Much Will My Payment Be?**

Your portion of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members submit timely and valid Proof of Claim and Release Forms, the total recognized losses represented by the valid Proof of Claim and Release Forms submitted, the total number of shares of GEO common stock you purchased or acquired during the Class Period, how much you paid for your shares, when you purchased or acquired your shares, and if you sold your shares and for how much.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. An Authorized Claimant's Recognized Loss depends upon the number of shares of GEO common stock held at certain points in time during the Class Period. The Plan of Allocation also takes into consideration the limitation on damages set by governing federal law, the advice of experts, and the principles of economic loss articulated by the U.S. Supreme Court. For this settlement, the following table provides an average per-share amount of potential damages for purposes of calculating an Authorized Claimant's Recognized Loss:

CALCULATION OF RECOGNIZED LOSS

| | | Date Shares Sold | | |
|---|---|---|---|---|
| | | 11/09/2018-07/16/2019 | 07/17/2019-08/05/2020 | 08/06/2020-Present |
| Date Shares Purchased | 11/09/2018-07/16/2019 | $0 | $1.48 | $2.25 |
| | 07/17/2019-08/05/2020 | N/A | $0 | $0.77 |

Please note that it is unlikely that you will receive all your Recognized Loss. After all Settlement Class Members have submitted their Proof of Claim and Release Forms, the payment you receive will be a portion of the Net Settlement Fund equal to your Recognized Loss divided by the total of all Authorized Claimant's Recognized Losses. Likewise, this formula is not intended to be an estimate of a Settlement Class Member's actual losses or what might have been recoverable after a trial.

The Plan of Allocation also includes the following provisions:

1)   An Authorized Claimant will only have a Recognized Loss in connection with damaged shares;

2)   There shall be no Recognized Loss attributed to any GEO securities other than common stock or to any shares of common stock purchased on a foreign exchange;

3)   The date of a purchase or sale is the "trade" date and not the "settlement" date;

4)   The last-in, first-out basis ("LIFO") will be applied to both purchases and sales when applicable;

5)   Shares purchased as a result of covering a short position will not result in a Recognized Loss;

6)   Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Your purchase or sale price will be the exercise price for the option, unless otherwise stated herein;

7)   No cash payment will be made on a claim where the potential distribution amount is less than $10. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the

10

Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Releasees;

8) No person shall have any claim against Lead Counsel, or the Claims Administrator or other agent designated by Lead Counsel, based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court. In addition, Defendants and Defendants' Counsel have no responsibility or liability whatsoever for the Plan of Allocation, the administration of the settlement, or the distribution to Settlement Class Members, and no person shall have any claim against Defendants or Defendants' Counsel based on the Plan of Allocation, the administration of the settlement, or the distribution to the Settlement Class Members; and

9) Settlement Class Members who do not submit a valid Proof of Claim will not share in the settlement proceeds. Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing the Action.

## <u>SUBMITTING A PROOF OF CLAIM FORM</u>

**10.    How Do I Receive A Portion Of The Settlement Proceeds?**

To qualify for payment, you must be an eligible Settlement Class Member and you must submit a valid Proof of Claim and Release Form before the deadline. A Proof of Claim and Release Form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all required documents identified in the form, sign it, and mail it in the enclosed envelope postmarked no later than _____.    You can also submit a claim online at www.HartelSecuritiesSettlement.com.

**11.    When Will I Get My Payment?**

The Court will hold a hearing on _____, 2023, to decide whether to approve the settlement. If Judge Smith approves the proposed settlement, there is the possibility of appeals and/or objections. It is always uncertain whether these appeals and/or objections can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a Proof of Claim

11

and Release Form will be informed of the determination with respect to their claim. Please be patient.

**12.      What Am I Giving Up To Collect A Settlement Payment?**

In return for payment pursuant to the settlement, the Court's approval order will apply to you and legally bind you and will release, discharge, and dismiss with prejudice all claims asserted in the lawsuit against each and all Defendants, without costs to any party except as explained in this Notice. This means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants alleging the same legal issues in this case. The terms of the release are included in the enclosed Proof of Claim and Release Form.

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

**13.      How Do I Exclude Myself from the Class?**

If you are an eligible Settlement Class Member and do not want to receive payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants on your own, regarding the same legal issues in this case, then you must take steps to exclude yourself from the Settlement Class, also referred to as opting out of the Settlement Class.

To exclude yourself from the Settlement Class, you must send a written letter by first class mail stating that you want to be excluded from the Settlement Class as defined in *Hartel v. GEO Group, Inc., et al.*, Case No. 9:20-cv-81063-RS. Your written request for exclusion must include your name, address, telephone number, signature, and the number of shares of GEO common stock you purchased or acquired between November 9, 2018 and August 5, 2020, the number of shares of GEO common stock you sold during this time period, if any, and the dates, quantities, and prices of such purchases and/or sales.  You must mail your exclusion request postmarked no later than _____ to:

12

Hartel Securities Settlement
c/o Epiq
P.O. Box 3729
Portland, OR 97208-3729

**_You cannot exclude yourself by telephone, email or fax._**

If you submit a written request for exclusion, you are not eligible to receive any settlement payment, and you cannot object to the proposed settlement. You will not be legally bound by any orders or judgments entered with respect to this proposed settlement.

**14.   If I Do Not Exclude Myself, Can I Sue Defendants for the Same Thing Later?**

No. Settlement Class Members who do not exclude themselves from the Settlement Class and who fail to submit a valid and timely Proof of Claim and Release Form will nevertheless be bound by the settlement if approved, and all orders and judgments entered by the Court in connection therewith. Therefore, if you do not submit a written request for exclusion, you give up any right to sue Defendants for the claims resolved by the settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember the exclusion deadline is _____.

**15.   If I Exclude Myself, Can I Still Receive A Settlement Payment?**

No.  If you submit a written and timely request for exclusion, you are not entitled to receive any benefits provided by the settlement in the event it is approved by the Court. If you submit a request for exclusion, please do not submit a Proof of Claim and Release Form. But you may sue, continue to sue, or be part of a different lawsuit against any of the Defendants as you will no longer be bound by any orders or judgments entered in respect to this settlement.

## **THE LAWYERS REPRESENTING YOU**

**16.     Do I Have a Lawyer in This Case?**

The Court certified the law firms of Levi & Korsinsky, LLP and Freedman, Normand, Friedland LLP to represent you and the other Settlement Class Members. These lawyers are called Lead Counsel. You will not be charged for the services performed by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How Will the Lawyers Be Paid?**

Plaintiffs' Counsel will ask the Court for attorneys' fees of one-third of the Settlement Fund ($3,000,000) and for reimbursement of their out-of-pocket litigation expenses up to $40,000 that were advanced in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis. To date, Plaintiffs' Counsel has not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and the Settlement Class, nor has Plaintiffs' Counsel received reimbursement for their out-of-pocket expenses. The fees requested will compensate Plaintiffs' Counsel for their work in achieving this settlement and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type. However, it is within the Court's discretion to award less than the requested amount.

Lead Counsel will also request an award in an amount not to exceed $5,000 for the Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 for their reasonable

costs and expenses, including lost wages, serving as the class representatives in this Action. All amounts, including expenses incurred by the Claims Administrator for disseminating notice of this settlement, will be requested before distribution of the Net Settlement Fund to Settlement Class Members. Again, such sums, as may be approved by the Court, will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

**18.    How Do I Tell The Court That I Do Not Like The Settlement?**

If you are a Settlement Class Member and you do not agree with the proposed settlement or some part of it, you can file an objection with the Court. When objecting, you can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Court saying that you object to the proposed settlement in *Hartel v. GEO Group, Inc., et al.*, Case No. 9:20-cv-81063-RS. Be sure to include your name, address, telephone number, signature, the GEO common stock purchased and sold between November 9, 2018 and August 5, 2020, along with the dates, quantities, and prices, and the reasons you object to the proposed settlement. All objections must be filed with the Court no later than _____.

**19.    What Is The Difference Between Objecting And Opting Out?**

Objecting to the proposed settlement is simply telling the Court that you do not like something about the terms of the settlement. You can object **only if** you stay in the Settlement Class. Excluding yourself, or opting out, is telling the Court that you do not want to be part of the Settlement Class, and do not want to receive any benefits under the proposed settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ a.m., on _____, 2023, in Courtroom 202B at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301. At this hearing the Court will consider whether the proposed settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them at this time. Judge Smith will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Plaintiffs' Counsel and whether an award to the Lead Plaintiffs is appropriate. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.    Do I Have to Come to the Final Approval Hearing?**

No.  Lead Counsel will answer any questions Judge Smith may have, but you are welcome to come at your own expense. If you choose to attend, you may speak, but you do not have to. If you send an objection, you do not have to come to Court to talk about it. If you timely mailed your written objection, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Final Approval Hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Hartel v. GEO Group, Inc., et al.*, Case No. 9:20-cv-81063-RS. Be sure to include your name, address, telephone number, signature, and the number of shares of GEO common stock purchased or acquired between

November 9, 2018 and August 5, 2020, along with the dates, quantities, and prices. However, you cannot speak at the Final Approval Hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING IN RESPONSE TO THIS NOTICE

### 23.    What Happens if I Do Nothing In Response To This Notice?

If you do not submit a valid and timely Proof of Claim and Release Form, you will not receive any money from the settlement, once approved by the Court. And unless you exclude yourself from the settlement, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants relating to the same legal issues in this case.

## MORE INFORMATION ABOUT THE SETTLEMENT

### 24.    Where Can I Find More Details About The Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation and Agreement of Settlement dated May 1, 2023. You can get a copy of the Stipulation or more information about the Settlement by visiting www.HartelSecuritiesSettlement.com.

You can also contact the Claims Administrator or Lead Counsel:

**Claims Administrator:**

Hartel Securities Settlement
c/o Epiq
P.O. Box 3729
Portland, OR 97208-3729

**Lead Counsel:**

LEVI & KORSINSKY, LLP
Nicholas I. Porritt, Esq.
Adam M. Apton, Esq.
55 Broadway, 4th Floor
New York, New York 10006
nporritt@zlk.com
aapton@zlk.com

FREEDMAN NORMAND FRIEDLAND LLP
Velvel (Devin) Freedman, Esq.
Ivy T. Ngo, Esq.
Constantine P. Economides, Esq.
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
vel@fnf.law
ingo@fnf.law
ceconomides@fnf.law

A copy of the Stipulation and other pleadings in the Action may also be obtained from the

Clerk's Office during regular business hours:

> Clerk of Court
> United States District Court for the Southern District of Florida
> U.S. Federal Building and Courthouse
> 299 East Broward Boulevard, #108
> Fort Lauderdale, Florida 33301

### *DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE*

### <u>SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES</u>

Brokerage firms, banks, financial institutions and other nominees ("Nominees") who,

during the Class Period, purchased, acquired, or sold GEO common stock in the name of the

Nominees on behalf of beneficial owners who may be Settlement Class Members, ***must*** within ten

(10) days after receipt of this Notice, either: (1) send a copy of this Notice by first class mail to all

such Persons; or (2) provide a list of names and addresses of such Persons to the Claims

Administrator:

> Hartel Securities Settlement
> c/o Epiq
> P.O. Box 3729
> Portland, OR 97208-3729

If you choose to mail the Notice yourself, you may obtain from the Claims Administrator

(without cost to you) as many additional copies of these documents as you will need to complete

the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the

mailing performed for you, you may seek reimbursement for or advancement of reasonable

administrative expenses actually incurred or expected to be incurred in connection with forwarding

the Notice and which would not have been incurred but for the obligation to forward the Notice,

18

not exceeding $0.15 per name and address, upon submission of appropriate documentation to the

Claims Administrator.

DATED: _____, 2023


_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:20-81063-CIV-SMITH

| |
|---|
| STEVE HARTEL, Individually and on Behalf of All Others Similarly Situated, |
| Plaintiff, |
| v. |
| THE GEO GROUP, INC., et al., |
| Defendants. |

### PROOF OF CLAIM AND RELEASE FORM

## I.   GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on the claims asserted in the action entitled *Hartel v. The GEO Group, Inc., et al.*, Case No. 9:20-cv-81063-RS (the "Action"), you must complete and, on pages _____ hereof, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release Form, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.[1]

2.      Submission of this Proof of Claim and Release Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2023, ADDRESSED AS FOLLOWS:

---

[1] Unless otherwise stated, all capitalized terms used, but not defined, shall have the meanings ascribed to them in the Stipulation of Settlement filed with the Court.

1

Hartel Securities Settlement
c/o Epiq
P.O. Box 3729
Portland, OR 97208-3729

4.      If you are a Settlement Class Member, you are bound by the terms of any judgment

or order entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND

RELEASE FORM, unless you timely submit a valid request for exclusion from the Settlement

Class pursuant to the Notice.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired GEO common stock during the period between

November 9, 2018 and August 5, 2020, both dates inclusive, and held the certificate(s) in your

name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If,

however, the certificate(s) were registered in the name of a third party, such as a brokerage firm

or other nominees ("Nominees"), you are the beneficial purchaser, and the third party is considered

a record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser

of record (Nominee), if different from the beneficial purchaser of GEO common stock which form

the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH

PURCHASER OR PURCHASERS OF THE GEO COMMON STOCK UPON WHICH THIS

CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians,

conservators, and trustees must complete and sign this claim on behalf of Persons represented by

them; their authority must accompany this claim and their titles or capacities must be stated.  The

Social Security (or taxpayer identification) number and telephone number of the beneficial owner

2

may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

1.     Use Part II of this form entitled "Schedule of Transactions in GEO common stock" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets providing all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.     On the Schedule of Transactions in GEO common stock, provide all of the requested information with respect to **all** of your purchases or acquisitions and **all** of your sales of GEO common stock which took place at any time beginning November 9, 2018 through August 5, 2020, regardless of whether such transactions resulted in a profit or a loss.  You must also provide all requested information with respect to all of the shares of GEO common stock you held at the close of trading on November 8, 2018, July 17, 2019, and August 5, 2020.  Failure to report all such transactions may result in the rejection of your claim.

3.     List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.     Broker confirmations or other documentation of your transactions in GEO common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.     The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

*Hartel v. The GEO Group, Inc., et al.*

Case No. 9:20-cv-81063-RS

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than

_____, 2023

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                                   State or Province

_____        _____
Zip Code or Postal Code                                Country

_____        _____        Individual
Social Security Number or
Taxpayer Identification Number        _____        Corporation/Other

_____        _____
Area Code                                              Telephone Number (Work)

_____        _____
Area Code                                              Telephone Number (Home)

_____
Record Owner's Name (if different from beneficial owner listed above)

4

PART II:        SCHEDULE OF TRANSACTIONS IN GEO COMMON STOCK

A.        Number of shares of GEO common stock held at the close of trading on
November 8, 2018: _____

B.        Purchases or acquisitions of GEO common stock between November 9, 2018 and
August 5, 2020:

|   | Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

C.        Sales of GEO common stock between November 9, 2018 and August 5, 2020:

|   | Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

D.        Number of shares of GEO common stock held at the close of trading on July 17,
2019: _____

E.        Number of shares of GEO common stock held at the close of trading on August 5,
2020: _____

If you require additional space, attach extra schedules in the same format as
above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE ____.  FAILURE TO SIGN
THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE
REJECTION OF YOUR CLAIM.


**IV.      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation and

Agreement of Settlement, dated as of May 1, 2023 ("Stipulation") described in the Notice.  I (We)

also submit to the jurisdiction of the United States District Court for the Southern District of

Florida, with respect to my (our claim) as a Settlement Class Member (as defined in the Notice)

5

and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of GEO common stock during the Class Period and know of no other Person(s) having done so on my (our) behalf.

## V.   RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge all the Released Plaintiffs' Claims.

2.    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that relate to the purchase or otherwise acquisition of GEO common stock during the Class Period, and that the Plaintiffs or the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Persons (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of, are based upon, or relate in any way, directly or indirectly, to (a) the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings, and (c) the purchase, sale, holding, or acquisition of GEO stock by any Settlement Class Member during the Class Period. "Released

Plaintiffs' Claims" does not include: (i) claims to enforce the Settlement; (ii) claims asserted derivatively on behalf of GEO in the Derivative Actions; or (iii) the claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

3.      "Unknown Claims" means any Released Claims which Releasing Plaintiffs or Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its release of the Released Persons, or Releasing Plaintiffs, or might have affected his, her, or its decision(s) with respect to this Settlement.  Unknown Claims include those Released Claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive and relinquish, and each of the other Settlement Class Members shall be deemed to have waived and relinquished by operation of the Judgment, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

4.      This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in GEO common stock that occurred during the Class Period as well as the number and type of GEO shares held by me (us) on November 8, 2018, July 17, 2019, and August 5, 2020.

7.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied is true and correct.

Executed this _____ day of _____ in _____

(Month/Year)                    (City/State/Country)

_____          _____
(Sign your name here)                               (Sign your name here)

_____          _____
(Type or print your name here)                      (Type or print your name here)

_____          _____
(Capacity of signatory, *e.g.*, Beneficial          Capacity of signatory, *e.g.*, Beneficial
Purchaser, Executor or Administrator)            Purchaser, Executor or Administrator)

8

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. Do not send originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM FORM MUST BE MAILED NO LATER THAN _____ , 2023**

**ADDRESSED AS FOLLOWS:**

Hartel Securities Settlement
c/o Epiq
P.O. Box 3729
Portland, OR 97208-3729

EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:20-81063-CIV-SMITH

| |
|---|
| STEVE HARTEL, Individually and on Behalf of All Others Similarly Situated, |
| Plaintiff, |
| v. |
| THE GEO GROUP, INC., et al., |
| Defendants. |

### <u>SUMMARY OF NOTICE</u>

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE GEO GROUP, INC. COMMON STOCK BETWEEN NOVEMBER 9, 2018 AND AUGUST 5, 2020.**[1]

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held on _____, 2023, at ___:00 _.m., before the Honorable Rodney Smith, United States District Judge, in Courtroom 202B at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, for the purpose of determining, among other things, whether the following matters should be approved: (1) the proposed settlement of the Action for the sum of $3,000,000.00 in cash as fair, reasonable and adequate to the Settlement Class Members; (2) thereafter, dismissal with prejudice of the Action as set forth in the Stipulation; (3) the Plan of Allocation as fair, reasonable and adequate; and (4) the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with the Action and an award to the Lead Plaintiffs.

If you purchased or otherwise acquired GEO common stock between November 9, 2018 and August 5, 2020, both dates inclusive, your rights may be affected by the settlement of this Action. If you have not received the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: Hartel Securities Settlement, c/o Epiq, P.O. Box 3729, Portland, OR 97208-3729, or at the following website: www. HartelSecuritiesSettlement.com.

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them as in the Stipulation and Agreement of Settlement dated May 1, 2023 (the "Stipulation").

If you are a Settlement Class Member and wish to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form no later than _____, 2023 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim and Release Form, unless you exclude yourself from the Settlement Class, in accordance with the procedures set forth in the Notice, no later than _____, 2023.  Any objections to the Settlement, Plan of Allocation, attorneys' fees and expenses, or award to Lead Plaintiffs must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____, 2023.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Settlement Class:

| | |
|---|---|
| LEVI & KORSINSKY, LLP | FREEDMAN NORMAND FRIEDLAND LLP |
| Nicholas I. Porritt, Esq. | Velvel (Devin) Freedman, Esq. |
| Adam M. Apton, Esq. | Ivy T. Ngo, Esq. |
| 55 Broadway, 4th Floor | Constantine P. Economides, Esq. |
| New York, New York 10006 | 1 SE 3rd Avenue, Suite 1240 |
| nporritt@zlk.com | Miami, FL 33131 |
| aapton@zlk.com | vel@fnf.law |
| | ingo@fnf.law |
| | ceconomides@fnf.law |

**_INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL._**

If you have any questions about the settlement, you may contact Lead Counsel at the addresses listed above.

DATED: _____, 2023    _____

                                         **RODNEY SMITH**
                                         **UNITED STATES DISTRICT JUDGE**

**EXHIBIT A-4**

Hartel v. The GEO Group, Inc., et al.
c/o _____
[Insert]
[Insert]
[Insert]

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Hartel v. The GEO Group, Inc., et al.*,
Case No. 9:20-cv-81063-RS

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.HARTELSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.*

There has been a proposed settlement of claims against the GEO Group, Inc. ("GEO"), and George C. Zoley (collectively, the "Defendants"). The settlement would resolve a lawsuit in which Lead Plaintiffs allege Defendants disseminated materially false and misleading information to the investing public about GEO between November 9, 2018 and August 5, 2020 (the "Class Period") in violation of the federal securities laws. Defendants deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired GEO common stock during the Class Period.

Defendants have agreed to a settlement that includes payment in the amount of $3,000,000. The settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, award to Lead Plaintiffs, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Proof of Claim and Release Form, in exchange for the settlement of this case and the release of claims by Settlement Class Members. **For all details of the settlement, read the Stipulation and full Notice, available at www.HartelSecuritiesSettlement.com.**

Your share of the settlement proceeds will depend on the number of valid Proof of Claim and Release Forms submitted, and the number, size and timing of your transactions in GEO common stock. If every eligible Settlement Class Member submits a valid Proof of Claim form, the average recovery will be $0.055 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the settlement website.

**To qualify for payment, you must submit a valid and timely Proof of Claim and Release Form.** The Proof of Claim and Release Form can be found at www.HartelSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator (877-589-2242). **Proof of Claim and Release Forms must be submitted online or postmarked by _____.** If you do not want to be legally bound by the settlement, you must exclude yourself by _____, or you will not be able to sue Defendants for claims that are released in this settlement.  If you exclude yourself, you cannot share in the settlement proceeds. If you want to object to the settlement, you may file an objection by _____. The detailed Notice explains how to submit a Proof of Claim and Release Form, request exclusion from the Settlement Class, or file an objection.

The Court will hold a hearing in this Action on _____, to consider whether to approve the proposed settlement and the requests made by the lawyers representing Lead Plaintiffs and the Settlement Class for attorneys' fees up to 33% of the Settlement Fund, plus actual expenses up to $_____ associated with conducting this litigation and negotiating the settlement, and an award to Lead Plaintiffs. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-589-2242) or visit the website www.HartelSecuritiesSettlement.com and read the detailed Notice.

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case File No. 9:20-cv-81063-RS

STEVE HARTEL, individually and on behalf
of all others similarly situated,

        Plaintiff,

vs.

THE GEO GROUP, INC., *et al.*,

        Defendants.

_____/

## [PROPOSED] FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, an action is pending before this Court entitled *Hartel v. The GEO Group, Inc. et al.,* Case No. 9:20-cv-81063-RS (S.D. Fla.) (the "Action");[1]

WHEREAS, pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice (the "Notice Order"), dated _____, 2023, Lead Counsel disseminated due and adequate notice to the Settlement Class; and

WHEREAS, pursuant to the Notice Order and Federal Rule of Civil Procedure ("Rule") 23(e), the Parties seek final approval of the Settlement, in accordance with the Stipulation, and for dismissal with prejudice upon the terms and conditions set forth therein.

AND NOW THIS ____ day of _____ 2023, the Court having considered the pleadings and other filings herein, and such other written and oral arguments requested or permitted by the Court, and otherwise being fully informed on the premises and good cause

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them as in the Stipulation and Agreement of Settlement dated May 1, 2023 (the "Stipulation").

appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Court has jurisdiction over the subject matter of the Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation, and over all parties to the Action, including all Settlement Class Members.

2.      Pursuant to Rule 23, the Court certifies, solely for purposes of effectuating the Settlement, a Settlement Class consisting of all Persons or entities who purchased or otherwise acquired GEO common stock during the Class Period (i.e., the period commencing on November 9, 2018 and ending on August 5, 2020, both dates inclusive), and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of GEO currently and during the Class Period; (iii) Immediate Family Members of any such excluded persons; (iv) the legal representatives, heirs, successors, or assigns of any such excluded persons or entities; and (v) any entity in which any such excluded party has, or had during the Class Period, a controlling interest.  Also excluded from the Settlement Class are any Persons or entities who or which validly and timely requested exclusion in accordance with the requirements set by the Court in its Notice Order.

3.      Solely for the purposes of the Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 has been met: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the other members of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately protect the interests of the Settlement Class Members in connection with the Settlement; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) resolution of the claims in this

2

Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

4.      Pursuant to Rule 23(e)(2), the Court approves the Settlement and finds that: (i) the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties; (ii) the Settlement is fair, reasonable, adequate; and (iii) the Settlement treats Settlement Class Members equitably relative to each other and is in the best interest of the Settlement Class.

5.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, in addition to the terms and provisions herein, except as to any individual claim of those Persons or entities who have validly and timely requested exclusion from the Settlement Class.

6.      The Action is **DISMISSED WITH PREJUDICE** in its entirety.

7.      In accordance with the Stipulation, the term "Defendants" means The GEO Group, Inc. and George C. Zoley.

8.      In accordance with the Stipulation, the term "Released Persons" means Defendants and Brian R. Evans, J. David Donahue, and Ann M. Schlarb, and, whether or not identified in any complaint filed in the Action, each past and current defendants' respective past and current parents, associates, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, heirs, executors, administrators, Immediate Family Members, insurers, reinsurers, underwriters, professional advisors, law firms and attorneys affiliated with such law firms, in their capacities as such.

9.      In accordance with the Stipulation, the term "Releasing Plaintiffs" means each and every past and current plaintiff, all other Settlement Class Members, Plaintiffs' Counsel, and each of their respective current and former trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint ventures, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Family Members, representatives and heirs of any Releasing Plaintiffs (who is an individual), as well as any trust of which any Releasing Plaintiffs is the settlor or which is for the benefit of any of their Immediate Family Members.  Releasing Plaintiffs do not include any Person who would otherwise be a Settlement Class Member but who validly and timely requested exclusion from the Settlement Class.

10.      In accordance with the Stipulation, "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that relate to the purchase or otherwise acquisition of GEO common stock during the Class Period, and that the Plaintiffs or the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Persons (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of, are based upon, or relate in any way, directly or indirectly, to (a) the allegations,

4

transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings, and (c) the purchase, sale, holding, or acquisition of GEO stock by any Settlement Class Member during the Class Period. "Released Plaintiffs' Claims" does not include: (i) claims to enforce the Settlement; (ii) claims asserted derivatively on behalf of GEO in the Derivative Actions; or (iii) the claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

11.     In accordance with the Stipulation, "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

12.     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each and every Releasing Plaintiffs (including each and all of the Settlement Class Members) shall be deemed to have, and by operation of law and of this final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Persons, regardless of whether or not such Settlement Class

Members execute and deliver a Proof of Claim and Release, and whether or not such Settlement Class Members share in the Settlement Fund.

13.     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, all Releasing Plaintiff Parties (including each and all of the Settlement Class Members) and anyone claiming through or on behalf of any of them, shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Plaintiffs' Claims against any of the Released Persons, regardless of whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release, and whether or not such Settlement Class Members share in the Settlement Fund.  To the fullest extent provided by Section 21D(f)(7) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, all claims, including, but not limited to, claims for contribution, indemnification or equitable indemnification against any party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Action shall be barred.  For the avoidance of doubt, this bar order does not bar or impair (i) any claims asserted derivatively on behalf of GEO in the Derivative Actions; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims by Defendants against their insurers.

14.     Upon the Effective Date, and as provided in the Stipulation, each of the Defendants shall be deemed to have, and by operation of law and of the Final Judgment and Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

dismissed, and discharged each and every Released Defendants' Claims against Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Defendants' Claims against Plaintiffs, any of the Settlement Class Members or Plaintiffs' Counsel.  This release shall not apply to any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

15.     Pursuant to the requirements of Rule 23(e), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice) was reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of the Action and the definition of the Settlement Class, provided an explanation of the proposed Settlement, as set forth in the Stipulation, afforded them an opportunity to present their objections, if any, and advised them of their right to opt out of the Settlement Class or be bound by this Judgment. Indeed, the nature and method of the Notice provided direct notice to all the Settlement Class Members who could be identified through reasonable effort. Thus, no Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. Settlement Class Members were provided full opportunity to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness

Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

16.     Any Plan of Allocation submitted by Lead Counsel or Order entered by this Court regarding Lead Counsel's application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.     Neither this Judgment, the Settlement, the Stipulation, including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.     shall be offered or received against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b.     shall be offered or received against or to the prejudice of any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written

document approved or made by any Defendant, or against Plaintiffs or any Member of the Settlement Class, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

       c.     shall be offered or received against or to the prejudice of any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of Parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, the Released Persons may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; or

       d.     shall be construed against the Released Persons, Plaintiffs or the Settlement Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

     18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all Parties herein for the purpose of construing, enforcing, and administering the Settlement.

19.     Any orders regarding the Plan of Allocation, attorneys' fees and expenses, or any award to Plaintiffs, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

20.     No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to: (a) any act, omission, or determination of Plaintiffs' Counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) any application for, or award of, attorneys' fees and expenses to Plaintiffs' counsel or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

21.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent

provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Action as of December 16, 2022, as provided in the Stipulation.

23.     The Parties are hereby authorized, without further order of the Court, to agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of the Stipulation, are not materially inconsistent with this final Judgment and do not materially limit the rights of Settlement Class Members or the Releasees under the Stipulation.

24.     There is no just reason to delay the entry of this Judgment in the Action. Accordingly, the Court directs immediate entry of this Final Judgment by the Clerk of the Court dismissing this Action against all Defendants with prejudice, without cost to any party, except as provided for in the Stipulation and herein.

**IT IS SO ORDERED.**

DATED: _____, 2023         _____
                                      **RODNEY SMITH**
                                      **UNITED STATES DISTRICT JUDGE**