**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case File No. 9:20-cv-81063-RS

STEVE HARTEL, individually and on behalf
of all others similarly situated,

     Plaintiff,

vs.

THE GEO GROUP, INC., *et al.*,

     Defendants.

            /

**[PROPOSED] FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, an action is pending before this Court entitled *Hartel v. The GEO Group, Inc. et al.,* Case No. 9:20-cv-81063-RS (S.D. Fla.) (the "Action");[1]

WHEREAS, pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice (the "Notice Order"), dated July 7, 2023, Lead Counsel disseminated due and adequate notice to the Settlement Class; and

WHEREAS, pursuant to the Notice Order and Federal Rule of Civil Procedure ("Rule") 23(e), the Parties seek final approval of the Settlement, in accordance with the Stipulation, and for dismissal with prejudice upon the terms and conditions set forth therein.

AND NOW THIS ____ day of _____ 2023, the Court having considered the pleadings and other filings herein, and such other written and oral arguments requested or permitted by the Court, and otherwise being fully informed on the premises and good cause

---

[1] Unless otherwise noted, capitalized terms used herein have the same meaning ascribed to them as in the Stipulation and Agreement of Settlement dated May 1, 2023 (the "Stipulation").

appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Court has jurisdiction over the subject matter of the Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation, and over all parties to the Action, including all Settlement Class Members.

2.      Pursuant to Rule 23, the Court certifies, solely for purposes of effectuating the Settlement, a Settlement Class consisting of all Persons or entities who purchased or otherwise acquired GEO common stock during the Class Period (i.e., the period commencing on November 9, 2018 and ending on August 5, 2020, both dates inclusive), and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of GEO currently and during the Class Period; (iii) Immediate Family Members of any such excluded persons; (iv) the legal representatives, heirs, successors, or assigns of any such excluded persons or entities; and (v) any entity in which any such excluded party has, or had during the Class Period, a controlling interest.  Also excluded from the Settlement Class are any Persons or entities who or which validly and timely requested exclusion in accordance with the requirements set by the Court in its Notice Order.

3.      Solely for the purposes of the Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 has been met: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the other members of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately protect the interests of the Settlement Class Members in connection with the Settlement; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; (f) resolution of the claims in this

Action by way of the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

4.      Pursuant to Rule 23(e)(2), the Court approves the Settlement and finds that: (i) the Settlement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties; (ii) the Settlement is fair, reasonable, adequate; and (iii) the Settlement treats Settlement Class Members equitably relative to each other and is in the best interest of the Settlement Class.

5.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, in addition to the terms and provisions herein, except as to any individual claim of those Persons or entities who have validly and timely requested exclusion from the Settlement Class.

6.      The Action is **DISMISSED WITH PREJUDICE** in its entirety.

7.      In accordance with the Stipulation, the term "Defendants" means The GEO Group, Inc. and George C. Zoley.

8.      In accordance with the Stipulation, the term "Released Persons" means Defendants and Brian R. Evans, J. David Donahue, and Ann M. Schlarb, and, whether or not identified in any complaint filed in the Action, each past and current defendants' respective past and current parents, associates, affiliates, subsidiaries, officers, directors, agents, representatives, successors, predecessors, assigns, assignees, partnerships, partners, principals, employees, trustees, trusts, heirs, executors, administrators, Immediate Family Members, insurers, reinsurers, underwriters, professional advisors, law firms and attorneys affiliated with such law firms, in their capacities as such.

9.      In accordance with the Stipulation, the term "Releasing Plaintiffs" means each and every past and current plaintiff, all other Settlement Class Members, Plaintiffs' Counsel, and each of their respective current and former trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, representatives, affiliates, joint ventures, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Family Members, representatives and heirs of any Releasing Plaintiffs (who is an individual), as well as any trust of which any Releasing Plaintiffs is the settlor or which is for the benefit of any of their Immediate Family Members.  Releasing Plaintiffs do not include any Person who would otherwise be a Settlement Class Member but who validly and timely requested exclusion from the Settlement Class.

10.      In accordance with the Stipulation, "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule or regulation, including without limitation, claims for negligence, gross negligence, breach of contract, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, or breach of fiduciary duty, that relate to the purchase or otherwise acquisition of GEO common stock during the Class Period, and that the Plaintiffs or the Settlement Class Members, or any of them, or the successors or assigns of any of them, whether directly, indirectly, representatively or in any other capacity, against any of the Released Persons (i) asserted in the Complaint or (ii) could have asserted in any forum that arise out of, are based upon, or relate in any way, directly or indirectly, to (a) the allegations,

4

transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, or referred to in the Complaint; (b) Defendants' statements, including public filings, and (c) the purchase, sale, holding, or acquisition of GEO stock by any Settlement Class Member during the Class Period. "Released Plaintiffs' Claims" does not include: (i) claims to enforce the Settlement; (ii) claims asserted derivatively on behalf of GEO in the Derivative Actions; or (iii) the claims of any person or entity that submits a request for exclusion from the Settlement Class that is accepted by the Court.

11.     In accordance with the Stipulation, "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, against Plaintiffs, Plaintiffs' Counsel or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

12.     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each and every Releasing Plaintiffs (including each and all of the Settlement Class Members) shall be deemed to have, and by operation of law and of this final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed, and discharged each and every Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Persons, regardless of whether or not such Settlement Class

Members execute and deliver a Proof of Claim and Release, and whether or not such Settlement Class Members share in the Settlement Fund.

13. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, all Releasing Plaintiff Parties (including each and all of the Settlement Class Members) and anyone claiming through or on behalf of any of them, shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Plaintiffs' Claims against any of the Released Persons, regardless of whether or not such Settlement Class Members execute and deliver a Proof of Claim and Release, and whether or not such Settlement Class Members share in the Settlement Fund. To the fullest extent provided by Section 21D(f)(7) of the Exchange Act, 15 U.S.C. 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, all claims, including, but not limited to, claims for contribution, indemnification or equitable indemnification against any party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Action shall be barred. For the avoidance of doubt, this bar order does not bar or impair (i) any claims asserted derivatively on behalf of GEO in the Derivative Actions; (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims by Defendants against their insurers.

14. Upon the Effective Date, and as provided in the Stipulation, each of the Defendants shall be deemed to have, and by operation of law and of the Final Judgment and Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

dismissed, and discharged each and every Released Defendants' Claims against Plaintiffs, each and all of the Settlement Class Members and Plaintiffs' Counsel, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any or all of the Released Defendants' Claims against Plaintiffs, any of the Settlement Class Members or Plaintiffs' Counsel. This release shall not apply to any Person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

15. Pursuant to the requirements of Rule 23(e), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice) was reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of the Action and the definition of the Settlement Class, provided an explanation of the proposed Settlement, as set forth in the Stipulation, afforded them an opportunity to present their objections, if any, and advised them of their right to opt out of the Settlement Class or be bound by this Judgment. Indeed, the nature and method of the Notice provided direct notice to all the Settlement Class Members who could be identified through reasonable effort. Thus, no Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. Settlement Class Members were provided full opportunity to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness

Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

16. Any Plan of Allocation submitted by Lead Counsel or Order entered by this Court regarding Lead Counsel's application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17. Neither this Judgment, the Settlement, the Stipulation, including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation and Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered or received against any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b. shall be offered or received against or to the prejudice of any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written

document approved or made by any Defendant, or against Plaintiffs or any Member of the Settlement Class, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

c. shall be offered or received against or to the prejudice of any Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of Parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, the Released Persons may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; or

d. shall be construed against the Released Persons, Plaintiffs or the Settlement Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all Parties herein for the purpose of construing, enforcing, and administering the Settlement.

19.     Any orders regarding the Plan of Allocation, attorneys' fees and expenses, or any award to Plaintiffs, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

20.     No Settlement Class Member shall have any claim against any Defendant, Defendants' Counsel, or any of the Released Persons with respect to: (a) any act, omission, or determination of Plaintiffs' Counsel, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund and/or the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of claims asserted against the Settlement Fund and/or the Net Settlement Fund; (e) the administration of the escrow account; (f) any application for, or award of, attorneys' fees and expenses to Plaintiffs' counsel or the allocation or distribution thereof as between them; (g) any losses suffered by, or fluctuations in value of, the Settlement Fund and/or the Net Settlement Fund; or (h) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns.

21.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment (including its certification of the Settlement Class) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent

provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Action as of December 16, 2022, as provided in the Stipulation.

23. The Parties are hereby authorized, without further order of the Court, to agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of the Stipulation, are not materially inconsistent with this final Judgment and do not materially limit the rights of Settlement Class Members or the Releasees under the Stipulation.

24. There is no just reason to delay the entry of this Judgment in the Action. Accordingly, the Court directs immediate entry of this Final Judgment by the Clerk of the Court dismissing this Action against all Defendants with prejudice, without cost to any party, except as provided for in the Stipulation and herein.

**IT IS SO ORDERED.**

DATED: _____, 2023          _____

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**