**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case File No. 9:20-cv-81063-RS

STEVE HARTEL, individually and on behalf
of all others similarly situated,

                      Plaintiff,

    vs.

THE GEO GROUP, INC., *et al.*,

                      Defendants.

_____      /

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND
<u>AWARDS TO PLAINTIFFS AND INCORPORATED MEMORANDUM OF LAW</u>**

**TABLE OF CONTENTS**

I.     INTRODUCTION.........................................................................................................1

II.    ARGUMENT ...............................................................................................3

    A.    In the Eleventh Circuit, a Reasonable Percentage of the Recovery is the Appropriate Method for Awarding Attorneys' Fees................................................. 3

    B.    The *Johnson* Factors Support the Fee Request ........................................................ 4

    C.    Lead Counsel's Expense Reimbursement Is Fair and Reasonable ......................... 14

    D.    Lead Plaintiffs' Reimbursement Awards Are Fair and Reasonable ....................... 15

III.    CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Behrens v. Wometco Enterprises, Inc.*,
  118 F.R.D. 534 (S.D. Fla. 1988)...................................................................................... 9, 10

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) .................................................................................................................. 3

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
  946 F.2d 768 (11th Cir. 1991) ................................................................................ 3, 4, 8, 12

*Carpenters Health & Welfare Fund v. Coca-Cola Co.*,
  587 F. Supp. 2d 1266 (N.D. Ga. 2008) .......................................................................... 14

*City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*,
  2014 WL 12621611 (M.D. Fla. Mar. 4, 2014) .......................................................... 11

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
  2008 WL 11234103 (N.D. Ga. Mar. 4, 2008)................................................... 6, 8, 10

*David v. Am. Suzuki Motor Corp.*,
  2010 WL 1628362 (S.D. Fla. Apr. 15, 2010) ............................................................... 8

*Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  2017 WL 7798110 (S.D. Fla. Dec. 18, 2017) ............................................................ 12

*George v. Academy Mortg. Corp. (UT)*,
  369 F. Supp. 3d 1356 (N.D. Ga. 2019) .......................................................................... 7

*Goldstein v. Juris Publ'g, Inc.*,
  2007 WL 9702141 (S.D. Fla. May 29, 2007) ............................................................... 4

*Guevoura Fund Ltd. v. Sillerman*,
  2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) .......................................................... 2, 7

*Hanley v. Tampa Bay Sports & Entm't LLC*,
  2020 WL 2517766 (M.D. Fla. Apr. 23, 2020) .......................................................... 12

*In re Abrams & Abrams, P.A.*,
  605 F.3d 238 (4th Cir. 2010) ............................................................................................. 4

*In re Carter's, Inc. Sec. Litig.*,
  2012 WL 12877943 (N.D. Ga. May 31, 2012) ....................................................... 11

*In re Checking Account Overdraft Litig.*,
  830 F. Supp. 2d 1330 (S.D. Fla. 2011) ...................................................................... 10

*In re Flowers Foods, Inc. Sec. Litig.*,
  2019 WL 6771749 (M.D. Ga. Dec. 11, 2019)........................................................... 12

*In re Friedman's Inc. Sec. Litig.*,
  2009 WL 1456698 (N.D. Ga. May 22, 2009)........................................................... 5, 9

*In re NetBank, Inc. Sec. Litig.*,
  2011 WL 13353222 (N.D. Ga. Nov. 9, 2011)............................................................ 2, 5, 7, 14

*In re Rayonier Inc. Sec. Litig.*,
  2017 WL 4542852 (M.D. Fla. Oct. 5, 2017)................................................................... 3, 14

*In re Sunbeam Sec. Litig.*,
  176 F. Supp. 2d 1323 (S.D. Fla. 2001)................................................................................ 8

*In re Walter Energy, Inc. Sec. Litig.*,
  2016 WL 7230505 (N.D. Ala. May 3, 2016)...................................................................... 12

*In re: Equifax Inc. Customer Data Sec. Breach Litig.*,
  2020 WL 256132 (N.D. Ga. Mar. 17, 2020)................................................................... 3, 14

*Johnson v. Ga. Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974).............................................................................................. 4

*Jones v. Diamond*,
  636 F.2d 1364 (5th Cir. 1981) ........................................................................................... 9

*Pinto v. Princess Cruise Lines, Ltd.*,
  513 F. Supp. 2d 1334 (S.D. Fla. 2007) ............................................................................. 9

*Pritchard v. APYX Med. Corp.*,
  2020 WL 6937821 (M.D. Fla. Nov. 18, 2020) ................................................................ 15

*Ressler v. Jacobson*,
  149 F.R.D. 651 (M.D. Fla. 1992)................................................................................... 7, 9

*Reyes v. AT&T Mobility Servs., LLC*,
  2013 WL 12219252 (S.D. Fla. June 21, 2013) ............................................................... 12

*Seaman v. Duke Univ.*,
  2019 WL 4674758 (M.D.N.C. Sept. 25, 2019)................................................................. 4

*Smith v. Floor and Decour Outlets of Am., Inc.*,
  2017 WL 11495273 (N.D. Ga. Jan. 10, 2017) ................................................................. 6

*Thorpe v. Walter Inv. Mgmt. Corp.*,
  2016 WL 10518902 (S.D. Fla. Oct. 17, 2016)................................................................. 5

*Waters v. Int'l Precious Metals Corp.*,
  190 F.3d 1291 (11th Cir. 1999).......................................................................................... 6

**Statutes**

15 U.S.C. § 78u-4(a) ........................................................................................................... 15

**Other Authorities**

Theodore Eisenberg, Geoffrey Miller & Roy Germano, *Attorneys' Fees in Class Actions: 2009-
  2013*, 92 N.Y.U. L. Rev. 937 (Oct. 2017)...................................................................... 12

Lead Plaintiffs James Michael DeLoach ("DeLoach") and Edward Oketola ("Oketola") (together, "Plaintiffs"), respectfully request that the Court grant their motion for an award of (i) attorneys' fees in the amount of 32% of the Settlement Fund, or $960,000, plus interest; (ii) reimbursement of $39,727.87 in litigation expenses that Plaintiffs' Counsel reasonably and necessarily incurred in prosecuting and resolving the Action; and (iii) $5,000 in total time and expenses incurred by Plaintiffs, directly related to their representation of the Settlement Class, as authorized by the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]

## I.   INTRODUCTION

The proposed $3,000,000 Settlement resolves all claims in the Action and, under any measure, represents a strong outcome for the Settlement Class and fully supports Plaintiffs' fee request. Indeed, the proposed Settlement secures a substantial recovery representing 8.9% of estimated damages in this action. Moreover, if the Court or a jury embraced any of Defendants' anticipated challenges to Plaintiffs' claims, provable damages in the Action would have been materially impacted, perhaps to zero. Against the real risk of a diminished or no recovery, Plaintiffs obtained a meaningful and immediate benefit to the Settlement Class, all while avoiding the substantial expense, delay, and uncertainty inherent in continued litigation.

In support of the requested fee award, Plaintiffs respectfully submit declarations from their attorneys attesting to the amount of time they invested in litigating this Action. Plaintiffs' Counsel

---

[1] Plaintiffs respectfully refer the Court to the Joint Declaration of Adam M. Apton and Ivy T. Ngo dated May 5, 2023 (ECF No. 87-1) (the "Joint Decl.") and the accompanying Supplemental Joint Declaration of Adam M. Apton and Ivy T. Ngo (the "Supp. Joint Decl."), filed herewith, for a detailed description of the case and the Settlement. Unless otherwise indicated, all capitalized terms have the same meanings as in the Stipulation and Agreement of Settlement dated May 1, 2023 (ECF No. 86). Unless otherwise indicated, all emphasis has been added, and all internal citations and quotation marks have been omitted.

expended over 1,678 hours litigating this Action, which included: (1) conducting an extensive investigation of all potential claims that could be asserted against GEO and its executives or others, (2) filing an amended and second amended complaint based on the results of that investigation, (3) prevailed in part against Defendants' second and third motions to dismiss, (4) conducted fact discovery, (5) retained experts and consultants, and (6) participated in lengthy, mediator-assisted settlement negotiations, and (8) drafted appropriate documentation of the Settlement, including the Stipulation and the Notices to be issued to potential Class Members. *See* Joint Decl. at ¶¶11-27.

Given the substantial recovery Lead Counsel obtained for the Settlement Class in the face of the significant risks posed by this litigation, as well as the complexity and amount of work involved, and Lead Counsel's skill and expertise in completing that work, Lead Counsel's fee request of 32% of the Settlement Amount is fair and reasonable. Indeed, courts in this District have awarded percentage fees of 30% or higher in comparable securities class actions, and the reasonableness of Lead Counsel's fee request is also supported by the lodestar crosscheck, which yields a negative multiplier of 0.83x. *See In re NetBank, Inc. Sec. Litig.,* 2011 WL 13353222, at *3 (N.D. Ga. Nov. 9, 2011) (negative multiplier confirms that 34% fee award was proper); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *18 (S.D.N.Y. Dec. 18, 2019) ("Courts have repeatedly recognized that the reasonableness of the fee request" is reinforced where "'the percentage fee would represent a negative multiplier of the lodestar.'").

Lead Counsel also seeks an award of litigation expenses of $39,727.87 and an award of $5,000 total to Plaintiffs to reimburse them for the time they spent representing the Settlement Class in this Action. The expenses incurred by Lead Counsel are reasonable and well in-line with what is typically expended in similar cases. *See, e.g., In re Rayonier Inc. Sec. Litig.*, 2017 WL

4542852, at *3 (M.D. Fla. Oct. 5, 2017) (approving award of $616,806.40 in expenses at similar stage of litigation). Further, the requested awards to Plaintiffs relate directly to their representation of the Class and seeks to compensate them for the hours they spent overseeing the Action, reviewing pleadings and briefs, collecting documents, and supervising Lead Counsel, among other things.

For these reasons and as more fully set forth below, Plaintiffs respectfully request that the Court grant their motion in its entirety.

## II.    ARGUMENT

In undertaking this difficult and costly litigation on a fully contingent basis, Lead Counsel faced numerous challenges to proving both liability and damages that raised serious risks of a significantly lesser recovery than $3 million—or even no recovery at all. As discussed in greater detail below, Lead Counsel's requested award of 32% of the Settlement Fund is fair, adequate, and reasonable when judged against the relevant Eleventh Circuit factors courts consider in evaluating requests for attorneys' fees in complex class actions.

### A.    In the Eleventh Circuit, a Reasonable Percentage of the Recovery is the Appropriate Method for Awarding Attorneys' Fees

Courts have long recognized that attorneys who represent a class and achieve a benefit for class members are entitled to be compensated for their services, and that attorneys who obtain a recovery for a class in the form of a common fund are entitled to an award of fees and expenses from that fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Indeed, the Eleventh Circuit has held that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("*Camden*"); *see also In re: Equifax Inc. Customer Data Sec. Breach Litig.*, 2020 WL 256132, at *31 (N.D. Ga. Mar. 17, 2020) (*Camden*,

3

the "controlling authority in the Eleventh Circuit . . . holds that fees in common fund cases must

be  calculated using the percentage approach.").[2]

### B.       The Johnson Factors Support the Fee Request

The Eleventh Circuit has explained that, in determining whether a requested percentage fee

award is reasonable, district courts consider, *inter alia*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions
> involved; (3) the skill requisite to perform the legal service properly; (4) the
> preclusion of other employment by the attorney due to acceptance of the case; (5)
> the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations
> imposed by the client or the circumstances; (8) the amount involved and the results
> obtained; (9) the experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and the length of the professional
> relationship with the client; and (12) awards in similar cases.

*Camden*, 946 F.2d at 772 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19

(5th Cir. 1974)). *Camden* also recognized that in awarding a percentage fee award, a court may

also properly consider "the time required to reach a settlement, whether there are any substantial

objections by class members or other parties to the settlement terms or the fees requested by

counsel . . . and the economics involved in prosecuting a class action." *Id*. at 775.

### 1.       The Amount Involved and Results Achieved Support the Requested Fee

Courts have repeatedly recognized that the level of success achieved in a class action

settlement is "the most critical factor in determining the reasonableness of a fee award." *Seaman v.*

*Duke Univ.*, 2019 WL 4674758, at *3 (M.D.N.C. Sept. 25, 2019) (quoting *In re Abrams & Abrams,*

*P.A.*, 605 F.3d 238, 247 (4th Cir. 2010) ("excellent result obtained" was "the most critical factor"

---

[2] Courts in this Circuit have emphasized that the percentage approach is "consistent with, and is
intended to mirror, practice in the private marketplace where attorneys typically negotiate
percentage fee arrangements with their clients." *Goldstein v. Juris Publ'g, Inc.*, 2007 WL 9702141,
at *3 (S.D. Fla. May 29, 2007).

in approving one-third fee award in $54.5 million class action settlement.); *see also NetBank*, 2011 WL 13353222, at *3 (awarding 34% fee, and noting that it is "well-settled that one of the primary determinants of the quality of the work performed is the result obtained"); *In re Friedman's Inc. Sec. Litig.*, 2009 WL 1456698, at *3 (N.D. Ga. May 22, 2009) (same).

The $3 million cash Settlement achieved here is considerable. Cornerstone Research, a leading economics consulting firm, publishes a report each year analyzing securities class action settlements. Based on the remaining allegations in this Action, Plaintiffs' experts calculated class-wide damages to be approximately $33.8 million, meaning the recovery under the proposed Settlement equals 8.9% of the total recoverable damages. Compared to the median settlement percentage of 7.4% (*see* Joint Decl. at ¶31), the $3 million Settlement is an excellent result that weighs heavily in favor of the requested fee award. *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *3 (S.D. Fla. Oct. 17, 2016) (settlement worth 5.5% of maximum damages was "an excellent recovery" warranting one-third fee).

### 2. The Time and Labor Required Support the Requested Fee

A review of the efforts and time expended by Plaintiffs' Counsel confirms that the requested fee is fully justified. Plaintiffs' Counsel expended 1678.80 hours in this litigation with a resulting lodestar of $1,159,570.50. *See* Supp. Joint. Decl. at ¶82. The time and labor expended by Plaintiffs' Counsel amply support the requested fee. *Thorpe,* 2016 WL 10518902, at *8 (the "significant time and labor that Class Counsel expended on behalf of the Class with no assurance of ultimately being paid" supported a 33.3% fee request). The Supplemental Declaration details the time, labor and skill that Lead Counsel devoted to the successful prosecution of the Action, which included: preparing a detailed amended and second amended complaint based on an extensive investigation; prevailing in part against Defendants' second and third motions to dismiss,

which challenged the fundamental elements of Plaintiffs' claims; conducting fact discovery; retaining experts and consultants; and engaging in extensive settlement negotiations, including a full-day formal mediation session and weeks of follow-up negotiations. *See* Supp. Joint. Decl. at ¶¶21-35.

While not required in the Eleventh Circuit, an analysis of the requested fee under the "lodestar/multiplier" approach further supports the reasonableness of a 32% fee award. *See, e.g., Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999) ("while we have decided in this circuit that a lodestar calculation is not proper in common fund cases, we may refer to that figure for comparison"). Here, based on the $3 million Settlement Fund, the requested 32% fee award, or $960,000 before interest, represents a negative multiplier of 0.83x on Plaintiffs' Counsel's total lodestar.[3] The multiplier requested here falls significantly below the "2.26 to 4.5" range of multipliers frequently awarded in similar class action settlements within the Eleventh Circuit. *See, e.g., Thorpe*, 2016 WL 10518902, at *7 (finding 3.58 lodestar multiplier—and 33.3% fee—reasonable, and citing authority for multipliers ranging from 2.26 to 4.5); *Smith v. Floor and Decour Outlets of Am., Inc.*, 2017 WL 11495273, at *4 (N.D. Ga. Jan. 10, 2017) (2.5 multiplier was "well within the accepted range" and supported one-third fee award); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at *5 (N.D. Ga. Oct. 26, 2012) (one-third fee of $75 million fund "would represent a multiplier of approximately four times lodestar, which is well within the range of approved fees.").[4] Courts have regularly recognized that the reasonableness of a fee request is reinforced where "the percentage fee would represent a negative multiplier of

---

[3] The multiplier is calculated by dividing the requested fee ($960,000) by Plaintiffs' Counsel's lodestar ($1,159,570.50).

[4] Moreover, Lead Counsel will incur substantial additional hours and resources overseeing the Settlement claims administration process.

the lodestar," supporting "an award at the higher end of the spectrum." *See, e.g., Guevoura Fund Ltd.*, 2019 WL 6889901, at \*18. Accordingly, the considerable time and labor expended by Lead Counsel in this Action fully supports the requested fee here.

### 3. The Novelty and Difficulty of the Issues Supports the Requested Fee

As courts have recognized, "multi-faceted and complex" issues are "endemic" to cases based on alleged violations of federal securities law. *Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992); *see also NetBank*, 2011 WL 13353222, at \*3 (awarding 34% fee and noting "the complexity of securities class action litigation is notably difficult and notoriously uncertain.").

This Action was no exception. Lead Counsel faced numerous substantial hurdles in this Action, with Defendants raising significant challenges to Plaintiffs' theories of liability and actionable statements, in addition to vigorously arguing that Plaintiffs failed to demonstrate the alleged corrective disclosures were the proximate cause of the alleged loss. *See* Joint Decl. at ¶¶32-33. Had the litigation continued, Defendants would have contested these issues through summary judgment, trial, and appeals, which represented a substantial risk that the proposed Settlement Class would have seen its damages significantly reduced, if not eliminated entirely. *See Thorpe*, 2016 WL 10518902, at \*9 (noting risk of "successfully maintain[ing] class certification through trial, and prov[ing] damages, requiring additional complicated expert testimony").

Lastly, the fact that Lead Counsel "was able to achieve substantial results in the <u>most efficient manner possible</u> without requiring protracted and extended litigation further supports the [requested 32%] fee in this case under the *Camden I* analysis." *George v. Academy Mortg. Corp. (UT)*, 369 F. Supp. 3d 1356, 1383 (N.D. Ga. 2019) (awarding 33% fee, noting the "swift and successful conclusion supports an upward deviation from the benchmark."). Accordingly, Lead

Counsel achieved an excellent result for the Class, thus strongly supporting the requested fee award.

### 4. The Skill, Experience, and Ability of the Attorneys Supports the Requested Fee

In evaluating an attorney fee request, courts in this Circuit consider "the skill and acumen required to successfully investigate, file, litigate, and settle a complicated class action lawsuit such as this one," *David v. Am. Suzuki Motor Corp.*, 2010 WL 1628362, at *8 n. 15 (S.D. Fla. Apr. 15, 2010) and "the experience, reputation, and ability of the attorneys" involved. *Camden*, 946 F.2d at 772 n. 3; *see also Columbus Drywall*, 2012 WL 12540344, at *4 ("The appropriate fee should also reflect the degree of experience, competence, and effort required by the litigation.").

From the inception of the Action, Lead Counsel engaged in a skillful and concerted effort to obtain the maximum recovery for the Settlement Class. As noted above, this case required an in-depth investigation, a thorough understanding of complicated issues, and the skill to respond to a host of legal and factual issues raised by Defendants during the litigation. Moreover, as demonstrated by their firm resumé, Lead Counsel Levi & Korsinsky, LLP and Freedman Normand Friedland, LLP are highly qualified and experienced firms in litigating complex securities class actions such as this one. *See* Declaration of Adam M. Apton, Exhibit C (filed herewith); Declaration of Ivy T. Ngo, Exhibit C (filed herewith). Without question, Lead Counsel's skills and experience were a major factor in obtaining the excellent result achieved here.

Lastly, the "quality of the opposition the plaintiffs' attorneys faced" supports Lead Counsel's fee request. *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001). Here, Defendants were represented by King & Spalding LLP, prominent nationally-recognized law firm that vigorously contested this Action through a an amended and second amended complaint, prevailing in part on motions to dismiss. Lead Counsel's ability to obtain the Settlement

against this formidable opposition confirms the quality of the representation.

### 5.    The Customary and Contingent Nature of the Fee Supports the Requested Fee

The "customary fee" in class actions is a contingency fee, because "virtually no individual plaintiff has a large enough stake in the litigation to justify charging on an hourly basis." *See Ressler*, 149 F.R.D. at 654. The contingent nature of Plaintiffs' Counsel's fees should be given substantial weight in assessing the requested fee. Courts have consistently recognized that the risk that class counsel could receive little or no recovery is a major factor in determining a fee award:

> A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee . . . and the fact that the risks of failure and nonpayment in a class action are extremely high. Cases recognize that attorneys' risk is "perhaps the foremost' factor" in determining an appropriate fee award.

*Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007); *see also In re Friedman's Inc.*, 2009 WL 1456698, at *3 (contingent nature of fee "should be given substantial weight" in assessing award); *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd sub nom. Behrens v. Wometco Enterprises*, 899 F.2d 21 (11th Cir. 1990) ("A contingency fee arrangement often justifies an increase in the award of attorneys' fees."). "Lawyers who are to be compensated only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result." *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981), *overruled on other grounds*, 790 F.2d 1174 (5th Cir. 1986). This is so because of the risk that after investing hundreds of hours, Plaintiffs' Counsel may receive no compensation whatsoever—a risk that is particularly acute in the context of securities fraud class actions:

> In a securities fraud action, a contingency fee arrangement has added significance. The federal securities laws are remedial in nature and, in order to effectuate their statutory purpose of protecting investors and consumers, private lawsuits should be encouraged. . . . If the ultimate effectiveness of these remedies is to be preserved,

> the efficacy of class actions and of contingency fee arrangements—often the only means of legal representation available given the incredible expense associated with these actions—must be promoted.

*Behrens,* 118 F.R.D. at 548. Moreover, the risk of obtaining no compensation would have persisted even after trial.[5] The contingency risk here justifies the requested fee.

### 6.  The "Undesirability" of the Action

Courts consider the "undesirability" of a case in awarding attorney fees in recognition that, given the "positive societal benefits to be gained from lawyers' willingness to undertake difficult and risky, yet important" cases, "such decisions must be properly incentivized." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1364 (S.D. Fla. 2011). This case was "undesirable" for purposes of supporting a fee award for several compelling reasons.

The case presented a number of complex and difficult issues—particularly in proving proximate cause. These issues were only heightened as a result of the Court's decision granting in part Defendants' motion to dismiss. These facts and obstacles further underscore the undesirability of this case from a risk perspective, which "warrant[s] a higher percentage of the fund" in awarded fees. *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2008 WL 11234103, at *4 (N.D. Ga. Mar. 4, 2008) (awarding 30% of common fund where "[t]he prospect of expending thousands of hours and millions of dollars with no assurance of payment to litigate a case against multiple, well-represented defendants would deter many lawyers from assuming a representation like this one."). Accordingly, this factor weighs heavily in support of the reasonableness of Lead Counsel's requested fee.

---

[5] *See*, *e.g.*, *Robbins v. Koger Props., Inc.*, 116 F.3d 1441 (11th Cir. 1997) (overturning jury verdict); *In re BankAtlantic Bancorp, Inc.,* 2011 WL 1585605, at *1 (S.D. Fla. Apr. 25, 2011), *aff'd on other grounds sub nom. Hubbard v. BankAtlantic Bancorp, Inc.*, 688 F.3d 713 (11th Cir. 2012) (same).

10

### 7.     The Preclusion of Other Employment Supports the Requested Fee

The considerable amount of time spent prosecuting this case was time that Plaintiffs' Counsel could not devote to other matters. Moreover, Plaintiffs' Counsel expended this time and effort without any assurance that they would ever be compensated for their hard work. Accordingly, this factor also supports the requested fee.

### 8.     The Positive Reaction of the Settlement Class Supports the Requested Fee

Plaintiffs support Lead Counsel's fee request. *See* Supplemental Declaration of James Michael DeLoach, ¶4; Supplemental Declaration of Edward Oketola, ¶4. The support and approval of court-appointed lead plaintiffs weighs heavily in favor of approval of a fee request. *See City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, 2014 WL 12621611, at *2 (M.D. Fla. Mar. 4, 2014) (approving fee request that was "reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the claims and who has a substantial interest in ensuring that any fees paid to Lead Plaintiff's Counsel are duly earned and not excessive"); *In re Carter's, Inc. Sec. Litig.*, 2012 WL 12877943, at *2 (N.D. Ga. May 31, 2012) (same).

In further confirmation of the reasonableness of the requested fee, to date, no Settlement Class member has filed an objection. The Notice advised Settlement Class Members that Lead Counsel would apply for fees not to exceed one-third of the Settlement Fund, and that the deadline for filing objections to the fee application is October 17, 2023. Should any objections be filed, Lead Counsel will address them in reply papers to be filed on October 31, 2023.

### 9.     The Requested Fee is Fair and Reasonable Compared to Similar Actions

The Eleventh Circuit has explained that "[t]here is no hard and fast rule mandating a certain

11

percentage of a common fund which may reasonably be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Camden*, 946 F.2d at 774-75. In recent years, Eleventh Circuit courts have noted that the "trend in this circuit" in complex class actions is toward fees of one-third of the settlement fund. *See, e.g., Reyes v. AT&T Mobility Servs., LLC*, 2013 WL 12219252, at *3 (S.D. Fla. June 21, 2013) (collecting cases and stating that "Class Counsel's request for one-third of the settlement fund is consistent with the trend in this Circuit.").

Indeed, recent empirical studies have shown that, in this Circuit, the median percentage fee award is currently 33%, which is not surprising as "courts within this Circuit have routinely awarded attorneys' fees of <u>33 percent or more</u> of the gross settlement fund." *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017) (collecting cases); Theodore Eisenberg, Geoffrey Miller & Roy Germano, *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. Rev. 937, 951 (Oct. 2017) (finding that, over a four year period, the mean fee award in the Eleventh Circuit was 30% and the median award was 33%); *Hanley v. Tampa Bay Sports & Entm't LLC*, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) ("district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund").

A 32% fee award is appropriate here because of the excellent result achieved—particularly in the face of the risks and challenges of the litigation, the substantial investment of time and resources, and the approval of Lead Plaintiffs. Such an award is in-line with recent awards in similar securities and complex class actions in this Circuit. *See, e.g., In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at *1-2 (M.D. Ga. Dec. 11, 2019) (awarding one-third of $21 million settlement as "consistent with awards in similar cases"); *In re Walter Energy, Inc. Sec. Litig.*, 2016 WL 7230505, at *1-2 (N.D. Ala. May 3, 2016) (awarding 33% of $25 million settlement as "consistent with awards in similar cases"); *Thorpe*, 2016 WL 10518902 at *11 (awarding 33.3% of $24 million

settlement).

Indeed, as the charts below demonstrate, a wide-ranging review of percentage fee awards in securities and other complex class actions both in this Circuit and nationwide confirms that a one-third fee award here is fair and reasonable:

| Comparable Class Cases Within the Eleventh Circuit | Settlement Amount | Fee Award |
| --- | --- | --- |
| *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2017 WL 7798110, at *3-4 (S.D. Fla. Dec. 18, 2017) | $25 million | 35% |
| *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-98 (11th Cir. 1999), cert. denied 530 U.S. 1223 (2000) | $40 million | 33.3% |
| *City Pension Fund for Firefighters & Police Officers in City of Miami Beach v. Aracruz Celulose S.A.*, 2013 WL 12489095 (S.D. Fla. July 17, 2013) | $37.5 million | 33.3% |
| *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *13 (S.D. Fla. Oct. 17, 2016) | $24 million | 33.3% |
| *In re Flowers Foods, Inc. Sec. Litig.*, 2019 WL 6771749, at *1 (M.D. Ga. Dec. 11, 2019) | $21 million | 33.3% |
| *In re Walter Energy, Inc. Sec. Litig.*, 2016 WL 7230505, at *1(N.D. Ala. May 3, 2016) | $25 million | 33% |
| *In re HD Supply Holdings, Inc. Securities Litig.*, No. 1:17-cv-02587-ELR, ECF No. 102 at 2 (N.D. Ga. July 21, 2020) | $50 million | 30% |
| *In re Rayonier Secs. Litig.*, 2017 WL 4542852 at *3 (M.D. Fla. Oct. 5, 2017) | $73 million | 30% |
| *Mosser v. TD Bank, N.A.* (*In re Checking Account Overdraft Litig.*, MDL No. 1:09-md-2036-JLK, ECF No. 3339 at 27 (S.D. Fla. Mar. 18, 2013) | $62 million | 30% |
| *In re BellSouth Corp. Sec. Litig.*, 2007 WL 9676400, at *2-3 (N.D. Ga. Apr. 9, 2007) | $35 million | 30% |
| *In re Cryolife, Inc. Sec. Litig.*, No. 1:02-cv-1868-BBM, ECF No. 276 at 9-10 (N.D. Ga. Nov. 9, 2005) | $23.25 million | 30% |

| Comparable Class Cases Nationwide | Settlement Amount | Fee Award |
| --- | --- | --- |
| *Tussey v. ABB, Inc.*, 2019 WL 3859763, at *6 (W.D. Mo. Aug. 16, 2019) | $55 million | 33.3% |
| *In re Wellbutrin SR Antitrust Litig.*, Nos. 04–5525, 05–396, ECF No. 413 at 14 (E.D. Pa. Nov. 21, 2011) | $49 million | 33.3% |

13

| *Schleicher v. Wendt*, No. 1:02-cv-1332, ECF No. 458 at 5-6 (S.D. Ind. Feb. 17, 2011) | $41.465 million | 33.3% |
|---|---|---|
| *Seaman v. Duke Univ.,* 2019 WL 4674758, at *3 (M.D.N.C. Sept. 25, 2019) | $54.5 million | 33.3% |
| *In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.,* No. 2:07-cv-02830, ECF No. 345 at 21 (W.D. Tenn. Aug. 5, 2013) | $62 million | 30% |
| *KBC Asset Mgmt. NV v. 3D Sys. Corp.,* 2018 WL 3105072, at *1 (D.S.C. June 25, 2018) | $50 million | 30% |
| *In re BHP Billiton Secs. Litig.,* 2019 WL 1577313, at *1 (S.D.N.Y. Apr. 10, 2019) | $50 million | 30% |
| *Medoff v. CVS Caremark Corp.,* 2016 WL 632238, at *4 (D.R.I. Feb. 17, 2016) | $48 million | 30% |
| *In re Groupon, Inc. Sec. Litig.,* 2016 WL 3896839, at *8 (N.D. Ill. July 13, 2016) | $45 million | 30% |

### C.     Lead Counsel's Expense Reimbursement Is Fair and Reasonable

Lead Counsel also request reimbursement of $39,727.87 in Litigation Expenses incurred by Plaintiffs' Counsel in prosecuting the Action. It is well-established that "class counsel's reasonable and necessary out-of-pocket expenses should be reimbursed." *Carpenters Health & Welfare Fund v. Coca-Cola Co*., 587 F. Supp. 2d 1266, 1272 (N.D. Ga. 2008); *see also NetBank*, 2011 WL 13353222, at *4 ("It has long been held that 'plaintiff's counsel is entitled to be reimbursed from the class fund for the reasonable expenses incurred in this action.'").

These expenses for which Plaintiffs' Counsel seek reimbursement were "reasonably and necessarily incurred" in obtaining the Settlement, and thus their reimbursement is warranted. *Smith*, 2017 WL 11495273, at *5. These expenses are of the type necessarily incurred in litigation and routinely charged to clients billed by the hour. The vast majority of these expenses were incurred for experts, mediation, and investigations—all costs that were "reasonable and [] necessarily incurred." *See*, *e.g*., *Equifax*, 2020 WL 256132, at *40 (approving similar expenses); *Rayonier,* 2017 WL 4542852, at *3 (approving award of $616,806.40 in expenses at similar stage

14

of litigation). To date, there have been no objections to the request for expenses.

**D.      Lead Plaintiffs' Reimbursement Awards Are Fair and Reasonable**

Lead Plaintiffs also seek reimbursement of the costs and expenses they incurred directly in their representation of the Class. The PSLRA specifically provides that an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4).

Here, Lead Plaintiffs James Michael Deloach and Edward Oketola seek an award of $5,000 total ($2,500 to each) for the reasonable time they dedicated to overseeing this Action. *See* Supplemental Declaration of James Michael DeLoach, ¶¶5-6. Numerous courts have approved similar awards to compensate lead plaintiffs for their efforts. *See, e.g., Thorpe*, 2016 WL 10518902, at *12 (awarding $15,000 to each class representative as "fair and reasonable"); *Pritchard v. APYX Med. Corp.*, 2020 WL 6937821, at *2 (M.D. Fla. Nov. 18, 2020) (awarding $7,500 to lead plaintiff "as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class").

**III.    CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully submit that their requested fee award meets all of the relevant factors under Eleventh Circuit precedent and is fully supported by the factual record in this Action. Accordingly, Plaintiffs and Lead Counsel respectfully request that the Court grant their motion in its entirety.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Counsel for Plaintiffs certifies that they have conferred with counsel for Defendants, and Defendants take no position with respect to the relief requested in the motion.

//

Dated:  October 3, 2023

Respectfully submitted,

**CULLIN O'BRIEN LAW, P.A.**

 _/s/ Cullin O'Brien_
Cullin O'Brien (FL# 0597341)
6541 NE 21st Way
Fort Lauderdale, Florida 33308
(T): (561) 676-6370
(F): (561) 320-0285
cullin@cullinobrienlaw.com

*Additional Counsel for Lead Plaintiff James
Michael DeLoach*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, New York 10004
(T): (212) 363-7500
(F): (212) 363-7171
aapton@zlk.com

**FREEDMAN NORMAND FRIEDLAND LLP**
Velvel (Devin) Freedman (FL# 99762)
Ivy T. Ngo
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
(T): (786) 924-2900
vel@fnf.law
ingo@fnf.law
ceconomides@fnf.law

*Lead Counsel for Plaintiffs and the Class*

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
(T): (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Edward Oketola*