**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:20-81063-CIV-SMITH**

STEVE HARTEL, Individually and on Behalf
of All Others Similarly Situated,

      Plaintiff,

          v.

THE GEO GROUP, INC. and GEORGE C.
ZOLEY,

      Defendants.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTIONS FOR (I) FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION
AND (II) AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

Lead Plaintiffs James Michael DeLoach ("DeLoach") and Edward Oketola ("Oketola") (together, "Plaintiffs"), respectfully submit this reply in further support of their (i) Motion for Final Approval of Class Action Settlement and Plan of Allocation (D.E. 96); and (ii) Motion for Attorneys' Fees and Litigation Expenses (D.E. 97).[1]

## I.      INTRODUCTION

Plaintiffs are pleased to report that after completion of the Court-approved Notice program that reached over 5,000 potential Settlement Class Members and the passage of the October 17, 2023 deadline for filing objections and submissions for requests for exclusion, not a single Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, Lead Counsel's fee and expense request, or Plaintiffs' request for reimbursement under the PSLRA, and only one class member has asked to be excluded from the Settlement.

The absence of any objections further supports Plaintiffs' conclusion that the proposed Settlement represents an excellent outcome for the Settlement Class. The positive reaction of the Settlement Class—a significant factor in evaluating a proposed settlement—is particularly meaningful here given that diverse record of stockholders, including institutional investors such as pension funds, who possess the resources, financial motivation, and professional acumen to carefully evaluate the proposed Settlement and fee request, and who would have objected if warranted. Accordingly, Plaintiffs respectfully request that the Court grant their pending motions in their entirety. Updated proposed orders granting the requested relief are filed herewith.[2]

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings as in the Stipulation and Agreement of Settlement, dated May 1, 2023 and filed on May 8, 2023 (D.E. 86).

[2] Attached to this motion as Exhibits A, B, and C, respectively are: (i) Judgment Approving Class Action Settlement and Order of Dismissal With Prejudice; (ii) Order Approving Plan of Allocation of Net Settlement Fund; and (iii) Order Awarding Attorneys' Fees and Litigation Expenses.

## II.     ARGUMENT

### A.     Plaintiffs Completed the Court-Approved Notice Program.

Plaintiffs fully complied with all aspects of the Court-approved Notice program set forth in the Court's Preliminary Approval Order, pursuant to which the Claims Administrator (i) mailed Notice Packets to potential Settlement Class members; (ii) published the Summary Notice over *Business Wire* on August 14, 2023; and (iii) maintained a toll-free telephone hotline and a dedicated website for the Settlement. *See* D.E. 96-8. As of September 29, 2023, a total of 5,483 Notice Packets were sent to potential Settlement Class Members or their nominees. The Notice informed Settlement Class Members of their right to opt-out or object to any aspect of the Settlement, Plan of Allocation, or Lead Counsel's fee request, and that the deadline for doing so was October 17, 2023.

### B.     The Unanimous Positive Reaction of the Settlement Class to the Settlement, the Plan of Allocation, the Fee Request, and Plaintiffs' Reimbursement Requests Support Final Approval.

Courts in the Eleventh Circuit and nationwide recognize that the reaction from the settlement class is a significant factor in evaluating whether a proposed settlement and attorneys' fee request is fair, adequate and reasonable. *See Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) (the positive reaction of class members, and the absence of substantial objections, "is strong evidence of the propriety and acceptability of that request."); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our [] inquiry.").

Here, not a single Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's fee and expense request, further evidencing that the

Settlement is fair, reasonable, and adequate. *See, e.g., Jairam v. Colourpop Cosmetics, LLC*, 2020 WL 5848620, at *7 (S.D. Fla. Oct. 1, 2020) ("Here, there were no objections filed to the Settlement. This lack of opposition weighs strongly in favor of the Court's approval . . ."); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *4 (S.D. Fla. Oct. 17, 2016) ("The overwhelmingly positive reaction of class members to a proposed settlement is a significant factor, and the absence of objections 'is excellent evidence of the settlement's fairness and adequacy.'"); *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, 2011 WL 13173025, at *11 (S.D. Fla. July 12, 2011) ("A lack of objections 'militates strongly in favor of the Court finding that the proposed settlement should be approved.'").

Defendants' shareholder base consists of a broad array of investors, including both retail and institutional investors. Institutional investors, such as pension funds, typically possess the resources, financial motivation and professional acumen to effectively analyze the merits of a proposed class action settlement and object if they deem the settlement or the attorneys' fee request inadequate, unreasonable, or unfair in any respect. The complete absence of any objection from these sophisticated investors is compelling evidence supporting final approval. *See, e.g., In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable"); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (the lack of objections from institutional investors "who presumably had the means, the motive, and the sophistication to raise objections" weighs in favor of approval).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g., In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Finally, the unanimous, positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and reimbursement of expenses as well as Plaintiffs' request for reimbursement awards under the PSLRA. The Eleventh Circuit has held that "whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel" is a factor that should be considered in determining the award of attorneys' fees. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991). The lack of any objections is evidence that the requested fee award and expense reimbursements are fair and reasonable. *See In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that both the settlement agreement and Application [for attorneys' fees and expenses] are reasonable and fair."); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair."); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizeable class did not give rise to a single objection on the fees request further justifies the full award."); *Strube v. Am. Equity Inv. Life Ins. Co.*, 2006 WL 1232816, at *4

4

(M.D. Fla. May 5, 2006) ("The lack of objections to a proposed fee award is itself important evidence that the fee arrangement is reasonable.").

The single request for exclusion does not change the outcome on any of the above points. The request for exclusion came from a retail investor who purchased approximately 700 shares during the Class Period. *See* Supplemental Declaration of morgan Kimball dated October 31, 2023, filed herewith, ¶¶3-4 & Exhibit A. Such a small number of requests to be excluded from the Settlement likewise supports Plaintiffs' request for final approval. *See Mitchell v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:21-CV-347-TFM-B, 2023 WL 5004064, at *5 (S.D. Ala. Aug. 3, 2023) ("relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement" where plaintiffs received 10 requests for exclusion); *Desue v. 20/20 Eye Care Network, Inc.*, No. 21-CIV-61275-RAR, 2023 WL 4420348, at *9 (S.D. Fla. July 8, 2023) (same where plaintiffs received 15 requests for exclusion).

## III.    CONCLUSION

In sum, the overwhelming support of the Settlement Class weighs heavily in favor of granting Plaintiffs' pending motions. The $3 million Settlement is an exceptional recovery for the Settlement Class under any measure, and the absence of any objections or requests for exclusion by Settlement Class members provides strong evidence supporting final approval of the proposed Settlement, Plan of Allocation and requests for fees and reimbursement of expenses. Accordingly, Plaintiffs respectfully request that the Court (i) grant final approval of the Settlement as fair, adequate and reasonable; (ii) grant final approval of the proposed Plan of Allocation; and (iii) approve Lead Counsel's request for attorneys' fees of one-third of the Settlement Fund, reimbursement of Litigation Expenses, and Lead Plaintiffs' request for PSLRA reimbursements.

Dated: October 31, 2023          Respectfully submitted,

**CULLIN O'BRIEN LAW, P.A.**

 /s/ Cullin O'Brien
Cullin O'Brien (FL# 0597341)
6541 NE 21st Way
Fort Lauderdale, Florida 33308
(T): (561) 676-6370
(F): (561) 320-0285
cullin@cullinobrienlaw.com

*Liaison Counsel for Lead Plaintiff James Michael
DeLoach and the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, New York 10004
(T): (212) 363-7500
(F): (212) 363-7171
aapton@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**FREEDMAN NORMAND FRIEDLAND LLP**
Velvel (Devin) Freedman (FL# 99762)
Ivy T. Ngo
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
(T): (786) 924-2900
vel@fnf.law
ingo@fnf.law
ceconomides@fnf.law

*Lead Counsel for Plaintiffs and the Class*

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
(T): (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Edward Oketola*

6