UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81063-CIV-SMITH

STEVE HARTEL, individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

THE GEO GROUP, INC., *et al.*,

      Defendants.

_____/

**ORDER GRANTING MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

This matter is before the Court on Plaintiff's Motion for Distribution of Class Settlement

Funds [DE 107].  Upon consideration, it is

**ORDERED** that:

1.      Plaintiffs' Motion for Distribution of Class Settlement Funds [DE 107] is

**GRANTED**.

2.      The Court finds that the administration of the Settlement and proposed

distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of

Allocation and that all persons involved in the review, verification, calculation, tabulation, or any

other aspect of the processing of the claims submitted herein, or otherwise involved in the

administration or taxation of the Settlement Fund, Net Settlement Fund, or Escrow Accounts, are

released and discharged from any and all claims arising out of such involvement.  All Settlement

Class Members are barred from making any further claims against the Settlement Fund or the

Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to

this Order.

3.　　The Claims Administrator shall be paid the sum of $250,438.83 from the Settlement Fund for the balance of its fees and expenses for disseminating notice to the Settlement Class, preparing tax returns for the Settlement Fund, processing Proofs of Claim, communicating with Class Members, and administering and distributing the balance of the Net Settlement Fund.

4.　　Distribution of the Net Settlement Fund shall commence no later than thirty (30) calendar days after entry of this Order. After the payment to the Claims Administrator requested herein, the balance of the Net Settlement Fund shall be distributed on a *pro-rata* basis to the Authorized Claimants identified in the Declaration of Morgan Kimball concerning the results of the Claims Administration Process ("Kimball Declaration"), at the direction of Plaintiffs' Counsel, pursuant to the Stipulation and the Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action (DE 86, Ex. A-1) distributed to Settlement Class Members pursuant to this Court's order.

5.　　No claim or documentation supporting rejected claims received after may be accepted for any reason whatsoever.

6.　　Claim No. 220 is rejected.

7.　　The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE."  The Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  Plaintiffs' Counsel and the Claims Administrator are authorized to contact any Authorized Claimant who has not cashed his, her, or its check within said time.

8.　　If any funds remain in the Net Settlement Fund six (6) months after the initial distribution, by reason of uncashed checks or otherwise, then any balance remaining in the Net

Settlement Fund shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Class Members; (ii) second, to pay any additional notice and administration costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Class Members who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

9.      If such second distribution is not undertaken, or if any funds remain in the Net Settlement Fund six (6) months after such second distribution and after the Claims Administrator has made reasonable and diligent efforts to have Class Members cash their checks, then any funds remaining in the Net Settlement Fund shall be contributed to Investor Protection Trust, a non-sectarian, not-for-profit organization.

10.      This Court retains jurisdiction over this action until the balance of the Net Settlement Fund has been distributed.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of November, 2024.

_____

**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3